ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants State of California by and through theCalifornia Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNE BRAFFORD; H.D.B.; and F.J.B., <br><br>Plaintiffs, <br><br>v. <br><br>STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; and DOES 1-10, inclusive, <br><br>Defendants. | Case No.: 2:24-CV-03405-DC-SCR <br><br>**DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br><br><br>Action Filed: September 13, 2024 |

## ANSWER

Defendant State of California by and through the California Highway Patrol (CHP), named as STATE OF CALIFORNIA (by and through California Highway Patrol) ("Defendant") in response to the Plaintiff's Complaint for damages on file herein, admit deny and allege as follows:

## INTRODUCTION

1. This answering Defendant admits that the complaint concerns the shooting of Travis Brafford, but denies the balance of the allegations in paragraph 1.

1

2. This answering Defendant admits the complaint concerns the death of Travis Brafford, but lack sufficient information or knowledge to allow it to answer the allegations of paragraph 2, and based on that ground deny each and every allegation of said paragraph.

3. This answering Defendant is unable to admit or deny paragraph 3 as Defendant lacks sufficient information to admit or deny the identity of any DOE defendants. Further, to the extent paragraph 3 contains legal conclusions, no admission or denial is required.

4. To the extent the allegations in paragraph 4 contain legal conclusions, no admission or denial is required.

## THE PARTIES

5. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and they are therefore denied.

6. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and they are therefore denied.

7. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and they are therefore denied.

8. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and they are therefore denied.

9. Defendant admits it can be sued. Without knowing what policies, procedures, practices, customs, agents or actions are referred to, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and they are therefore denied.

10. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and they are therefore denied.

11. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and they are therefore denied.

12. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and they are therefore denied.

13. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and they are therefore denied.

14. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and they are therefore denied.

15. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and they are therefore denied.

16. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and they are therefore denied.

17. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and they are therefore denied.

18. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and they are therefore denied.

19. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

## JURISDICTION AND VENUE

23. Defendant removed this case from the Superior Court of the State of California for the County of Placer pursuant to 28 U.S.C. section 1441(a). Jurisdiction is appropriate as two claims for relief in the complaint involve a federal question. This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. section 1367(a).

24. Venue is proper in this Court because it is the district embracing the Superior Court of California, County of Placer, in which the removed action was pending. 28 U.S.C. § 1441(a).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25. In responding to paragraph 25, this answering Defendant re-allege and incorporate herein by reference the responses to paragraph 1-25 above.

26. This answering Defendant admit that the alleged incident occurred on September 17, 2022. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and they are therefore denied.

27. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, and they are therefore denied.

28. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and they are therefore denied.

29. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and they are therefore denied.

30. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and they are therefore denied.

31. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and they are therefore denied.

32. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and they are therefore denied.

33. To the extent the allegations in paragraph 33 contain legal conclusions, no admission or denial is required.

34. To the extent the allegations in paragraph 34 contain legal conclusions, no admission or denial is required.

35. To the extent the allegations in paragraph 35 contain legal conclusions, no admission or denial is required.

36. To the extent the allegations in paragraph 36 contain legal conclusions, no admission or denial is required.

### FIRST CLAIM FOR RELIEF

37. In responding to paragraph 37, this answering Defendant re-allege and incorporate herein by reference the responses to paragraphs 1-36 above.

38. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and they are therefore denied.

39. Without knowing which officers the complaint is referring to, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and they are therefore denied.

40. To the extent the allegations in paragraph 40 contain legal conclusions, no admission or denial is required.

41. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and they are therefore denied.

42. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and they are therefore denied.

43. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and they are therefore denied.

44. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and they are therefore denied.

45. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and they are therefore denied.

46. To the extent the allegations in paragraph 46 contain legal conclusions, no admission or denial is required.

47. To the extent the allegations in paragraph 47 contain legal conclusions, no admission or denial is required.

## **SECOND CAUSE OF ACTION**

48. In responding to paragraph 48, this answering Defendant re-alleges and incorporates herein by reference the responses to paragraphs 1-48 above.

49. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a believe as to the truth of the allegations contained in paragraph 49, and they are therefore denied.

50. To the extent the allegations in paragraph 50 contain legal conclusions, no admission or denial are required.

51. To the extent the allegations in paragraph 51 contain legal conclusions, no admission

52. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and they are therefore denied.

53. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and they are therefore denied.

54. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and they are therefore denied.

55. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and they are therefore denied.

56. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and they are therefore denied.

57. To the extent the allegations in paragraph 57 contain legal conclusions, no admission or denial is required.

### **THIRD CLAIM FOR RELIEF**

58. In responding to paragraph 58, this answering Defendant re-alleges and incorporates herein by reference the responses to paragraphs 1-57 above.

59. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and they are therefore denied.

60. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and they are therefore denied.

61. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and they are therefore denied.

62. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and they are therefore denied.

63. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and they are therefore denied.

64. To the extent the allegations in paragraph 64 contain legal conclusions, no admission or denial is required.

### FOURTH CLAIM FOR RELIEF

65. In responding to paragraph 65, this answering Defendant re-allege and incorporate herein by reference the responses to paragraph 1-64 above.

66. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and they are therefore denied.

67. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and they are therefore denied.

68. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and they are therefore denied.

69. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and they are therefore denied.

70. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and they are therefore denied.

71. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and they are therefore denied.

Defendant's Answer to Complaint; Demand for Jury Trial (Case No.: 2:24-CV-03405-DC-SCR)

72. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and they are therefore denied.

73. To the extent the allegations in paragraph 73 contain legal conclusions, no admission or denial is required.

## FIFTH CLAIM FOR RELIEF

74. In responding to paragraph 74, this answering Defendant re-alleges and incorporates herein be reference the responses to paragraphs 1-73 above.

75. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and they are therefore denied.

76. To the extent the allegations in paragraph 76 contain legal conclusions, no admission or denial is required.

77. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and they are therefore denied.

78. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and they are therefore denied.

79. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and they are therefore denied.

80. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and they are therefore denied.

81. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph, and they are therefore denied.

82. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and they are therefore denied.

83. Without knowing the identity of the officers, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and they are therefore denied.

84. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and they are therefore denied.

85. To the extent the allegations in paragraph 85 contain legal conclusions, no admission or denial is required.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1:

The Complaint presents no actual controversy or justiciable question which is presently suitable for determination in this court.

### AFFIRMATIVE DEFENSE NO. 2:

The Complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

### AFFIRMATIVE DEFENSE NO. 3:

All happenings and events, damages and injuries, if any there were, referred to in the Complaint were proximately caused and contributed to by the negligence of Plaintiffs and the Decedent and others, each and all of whom failed to exercise ordinary care in their own behalf at all times and places alleged in the Complaint.

### AFFIRMATIVE DEFENSE NO. 4:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

**AFFIRMATIVE DEFENSE NO. 5:**

This action against a public entity is barred by the failure to precede the action with a claim as required by Government Code sections 905.2, 905.7, 911.2, 945.2 and 950.2.

**AFFIRMATIVE DEFENSE NO. 6:**

The damages alleged in the Complaint herein are subject to a set-off either partially or in full.

**AFFIRMATIVE DEFENSE NO. 7:**

The conduct of Decedent estops Plaintiffs from claiming the damages alleged in the Complaint.

**AFFIRMATIVE DEFENSE NO. 8:**

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

**AFFIRMATIVE DEFENSE NO. 9:**

At all relevant times, Plaintiffs failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 10:**

Decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, Defendants, whom Decedent knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonable implied assumption of the risk.

**AFFIRMATIVE DEFENSE NO. 11:**

The State of California is not amenable to suit in this court in this action by reason of the Eleventh Amendment of the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 12:**

Answering Defendant will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

**AFFIRMATIVE DEFENSE NO. 13:**

Neither the State of California nor any of its departments is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

**AFFIRMATIVE DEFENSE NO. 14:**

The Complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the Complaint was not without due process of law.

**AFFIRMATIVE DEFENSE NO. 15:**

Answering Defendant has not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

**AFFIRMATIVE DEFENSE NO. 16:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 17:**

There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 18:**

All acts of Defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

**AFFIRMATIVE DEFENSE NO. 19:**

To the extent that the Complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to Plaintiffs and others.

**AFFIRMATIVE DEFENSE NO. 20:**

Public entities are immune from suit when their employees are immune from suit. Gov. Code, §815.2.

**AFFIRMATIVE DEFENSE NO. 21:**

Pursuant to California Government Code sections 962, 965-965.9, and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum, and is subject to claims bill review, processing, and approval prior to any release of payments or any portion thereof.

Dated: December 10, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*
LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendant State of California by and through the California Highway Patrol*

SA2024305317
38601291.docx