ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants State of California by and
through the California Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **BRIANNE BRAFFORD; H.D.B.; and F.J.B.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; and DOES 1-10, inclusive,**<br><br>Defendants. | Case No.: 2:24-CV-03405-DC-SCR<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER**<br><br>**Action Filed:** **September 13, 2024** |

1.    A.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure

1

1    and use extends only to the limited information or items that are entitled to confidential treatment

2    under the applicable legal principles.  The parties further acknowledge, as set forth in paragraph

3    12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

4    information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and

5    the standards that will be applied when a party seeks permission from the court to file material

6    under seal.

7        The following Stipulated Protective Order shall govern the use and disclosure of the

8    documents and materials listed herein, and any other documents that are designated "confidential"

9    by the producing party.

10        B.        GOOD CAUSE STATEMENT

11        Pursuant to Federal Rule of Civil Procedure 26(c), the Court recognizes that pre-trial

12    discovery in this case is likely to include the production of information and/or documents that are

13    confidential and/or privileged including the production of information and/or documents which

14    the Court agrees includes: (1) Personal data, including social security numbers and similar

15    sensitive identifying information, marital status, family members, educational and employment

16    history, home addresses, or similar information; (2) Minor Plaintiffs' photographs and/or

17    identifying information; (3) Medical and/or mental health history; and (4) Autopsy Reports and

18    Photographs. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); *see also*

19    *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S.

20    394 (1976). Further, the Court recognizes that discovery may require the production of certain

21    law enforcement records, policies, and procedures not available to the public and the public

22    disclosure of which could comprise officer safety, raise security issues, and/or impede

23    investigations.

24        Public disclosure of such material may pose a substantial risk of embarrassment, oppression

25    and/or physical harm to the individuals whose Confidential Information is disclosed.

26    Accordingly, good cause exists for entry of this Protective Order to facilitate pre-trial disclosure

27    while assuring the safety of these sensitive disclosures. See Fed. R. Civ. Proc. 26(c).

28

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and for which public disclosure is likely to result in particularized harm, or is privileged under law, and/or violates privacy or official information interests recognized by law, or is otherwise entitled to protection.

Except by stipulation or court order, this information may not include records that would have to be disclosed pursuant to Cal. Penal Code Section 832.7(b)(1)(A)(ii).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3

1   2.10   Party: any party to this action, including all of its officers, directors, employees,

2   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3   2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

4   Material in this action.

5   2.12   Professional Vendors: persons or entities that provide litigation support services

6   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

7   organizing, storing, or retrieving data in any form or medium) and their employees and

8   subcontractors.

9   2.13   Protected Material: any Disclosure or Discovery Material that is designated as

10   "CONFIDENTIAL."

11   2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a

12   Producing Party.

13   3.   SCOPE

14   3.1   The protections conferred by this Stipulation and Order cover not only Confidential

15   material (as defined above), but also: (1) any information copied or extracted from Confidential

16   material; (2) all copies, excerpts, summaries, or compilations of Confidential material, including

17   that which reveals the source of the Confidential material or that reveals specific information

18   entitled to confidentiality as a matter of law; and (3) any testimony, conversations, or

19   presentations by Parties or their Counsel that might reveal Confidential material.  However, the

20   protections conferred by this Stipulation and Order do not cover the following information: (a)

21   any information that is in the public domain at the time of disclosure to a Receiving Party or

22   becomes part of the public domain after its disclosure to a Receiving Party as a result of

23   publication not involving a violation of this Order, including becoming part of the public record

24   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

25   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

26   information lawfully and under no obligation of confidentiality to the Designating Party.  Any use

27   of Confidential material at trial shall be governed by a separate agreement or order.

28

1     3.2    The documents, materials, and their contents may be used by the parties and their

2     counsel only in this litigation and may not be used in separate proceedings or actions at this time

3     or in the future without first being obtained through proper discovery procedures or court orders

4     in those separate proceedings or actions.

5     4.    DURATION

6         Once a case proceeds to trial, all the information and documents used during trial that was

7     designated as confidential or maintained under this Order becomes public and will be

8     presumptively available to all members of the public, including the press, unless the trial judge

9     finds compelling reasons to proceed otherwise. *See Kamakana v. City & Cnty. of Honolulu*, 447

10    F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents

11    produced in discovery from "compelling reasons" needed for merits-related documents).

12    Accordingly, the terms of this Order do not extend beyond the beginning of trial.

13        Even after final disposition of this litigation, the confidentiality obligations imposed by this

14    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

15    otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims

16    and defenses in this action, with or without prejudice; and (2) final judgment herein after the

17    completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

18    including the time limits for filing any motions or applications for extension of time pursuant to

19    applicable law.

20    5.    DESIGNATING PROTECTED MATERIAL

21        5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

22    Non-Party that designates information or items for protection under this Order must take care to

23    limit any such designation to specific material that qualifies under the appropriate standards.  The

24    Designating Party must designate for protection only those parts of material, documents, items, or

25    oral or written communications that qualify – so that other portions of the material, documents,

26    items, or communications for which protection is not warranted are not swept unjustifiably within

27    the ambit of this Order.

28

5

1   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

2   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

3   unnecessarily encumber or retard the case development process or to impose unnecessary

4   expenses and burdens on other parties) may expose the Designating Party to sanctions.

5   If it comes to a Designating Party's attention that information or items that it designated for

6   protection do not qualify for protection, that Designating Party must promptly notify all other

7   Parties that it is withdrawing the mistaken designation.

8   5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order, or

9   as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10   under this Order must be clearly so designated before the material is disclosed or produced.

11   Designation in conformity with this Order requires:

12   (a)   for information in documentary form (e.g., paper or electronic documents, but

13   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

14   Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If

15   only a portion or portions of the material on a page qualifies for protection, the Producing

16   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

17   markings in the margins).  If only a portion or portions of the material on a page qualifies

18   for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

19   by making appropriate markings in the margins). A Party or Non-Party that makes original

20   documents or materials available for inspection need not designate them for protection until

21   after the inspecting Party has indicated which material it would like copied and produced.

22   During the inspection and before the designation, all of the material made available for

23   inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified

24   the documents it wants copied and produced, the Producing Party must determine which

25   documents, or portions thereof, qualify for protection under this Order. Then, before

26   producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

27   legend to each page that contains Protected Material. If only a portion or portions of the

28

6

1     material on a page qualifies for protection, the Producing Party also must clearly identify

2     the protected portion(s) (e.g., by making appropriate markings in the margins).

3          (b)     for testimony given in deposition or in other pretrial or trial proceedings, that

4     the Designating Party identify on the record, before the close of the deposition, hearing, or

5     other proceeding, all protected testimony.

6          (c)     for information produced in some form other than documentary and for any

7     other tangible items, that the Producing Party affix in a prominent place on the exterior of

8     the container or containers in which the information or item is stored the legend

9     "CONFIDENTIAL."  If only a portion or portions of the information or item warrant

10    protection, the Producing Party, to the extent practicable, shall identify the protected

11    portion(s).

12    5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

13    designate qualified information or items does not, standing alone, waive the Designating Party's

14    right to secure protection under this Order for such material.  Upon timely correction of a

15    designation, the Receiving Party must make reasonable efforts to assure that the material is

16    treated in accordance with the provisions of this Order.

17    6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

18    6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

19    confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

20    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

21    burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

22    challenge a confidentiality designation by electing not to mount a challenge promptly after the

23    original designation is disclosed.

24    6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

25    by providing written notice of each designation it is challenging and describing the basis for each

26    challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

27    recite that the challenge to confidentiality is being made in accordance with this specific

28    paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good

faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If disagreements remain regarding a designation, the parties shall file a Joint Discovery Dispute Statement under Eastern District Local Rule 230 and 251 (and in compliance with Eastern District Local Rules 141 and 141.1, if applicable).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the court rules on the challenge, all parties shall continue to treat the material in question as "CONFIDENTIAL."

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (RETURN OF CONFIDENTIAL MATERIAL).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

8

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
       LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

9

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
       LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

1         (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order

2    in this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested; and

4         (3)    make the information requested available for inspection by the Non-Party.

5        (c)    If the Non-Party fails to object or seek a protective order from this court within 14

6    days of receiving the notice and accompanying information, the Receiving Party may produce the

7    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

8    seeks a protective order, the Receiving Party shall not produce any information in its possession

9    or control that is subject to the confidentiality agreement with the Non-Party before a

10   determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

11   burden and expense of seeking protection in this court of its Protected Material.

12   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Stipulated Protective

15   Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the

16   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

17   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

18   made of all the terms of this Order, and (d) request such person or persons to execute the

19   "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

20   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

21       MATERIAL

22       When a Producing Party gives notice to Receiving Parties that certain inadvertently

23   produced material is subject to a claim of privilege or other protection, the obligations of the

24   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

25   provision is not intended to modify whatever procedure may be established in an e-discovery

26   order that provides for production without prior privilege review.  Pursuant to Federal Rule of

27   Evidence 502(d) and (e), privilege or protection is not waived by disclosures connected with the

28   litigation pending before the court, and not waived in any other federal or state proceedings.

12.    MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Confidential material.  Without written permission from the Designating Party or a court order, a Party may not file in the public record in this action any Confidential material. A Party that seeks to file under seal any Confidential material must comply with Civil Local Rule 141.  Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential material at issue.  If a Receiving Party's request to file Confidential material under seal pursuant to Civil Local Rule 141(b) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141(e)(1) unless otherwise instructed by the court.

13.    RETURN OF CONFIDENTIAL MATERIAL

Within 90 days after the final disposition of this action, as defined in Section 4, upon written notification served by Producing or Designating Party, each Receiving Party must return or destroy all Confidential material to the Producing Party or destroy such material.  As used in this subdivision, "all Confidential material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential material.  Whether the Confidential material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Confidential material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential material.  Notwithstanding this provision, Counsel is entitled to

12

1   retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts;

2   legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work

3   product; and consultant and expert work product even if such materials contain Protected

4   Material.  Any such archival copies that contain or constitute Protected Material remain subject to

5   this Order as set forth in Section 4 (DURATION).

6   14.   REMEDIES

7        Any party believing that this order is being violated may move for a court order of

8   enforcement.  The motion shall be subject to all local rules governing motions concerning

9   discovery disputes, including but not limited to meet and confer requirements.  Said motion may

10  be brought at any time up to final entry of judgment in this matter.

11  15.   LOCAL RULE 141.1 STATEMENT

12        In accordance with the provisions of Local Rule 141.1, the parties state as follows:

13        (1)   The information eligible for a protective order in this case is:

14             a.    personal data, including social security numbers and similar sensitive

15  identifying information, marital status, family members, and educational history, home addresses,

16  or similar information;

17             b.    employment records that would otherwise be privileged;

18             c.    minor Plaintiffs' photographs and/or identifying information;

19             d.    medical and/or mental health history;

20             e.    autopsy reports and photographs;

21             c.    law enforcement evaluative information; and

22             d.    confidential information concerning the privacy of parties and third

23             parties to this lawsuit.

24        (2)   A particularized need exists as to these categories as follows:

25             a.    These records contain confidential and personal information;

26             b.    These records contain information that may constitute official information

27             and could risk the safety and security of law enforcement officers if publicly

28             disseminated;

c.     These records contain information of third parties to this lawsuit that are confidential and personal in nature.

(3)     A court order is needed to ensure the privacy and confidentiality of this information is enforceable after the litigation has ended.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 7, 2025                          LAW OFFICES OF DALE K. GALIPO


                                                 By:     /s/ Dale K. Galipo
                                                 Dale K. Galipo
                                                 Marcel Sincich
                                                 *Attorneys for Plaintiffs*


Dated:  January 7, 2025                          ROB BONTA
                                                 Attorney General of California
                                                 CATHERINE WOODBRIDGE
                                                 Supervising Deputy Attorney General


                                                 */S/ LEEANN E. WHITMORE*

                                                 LEEANN E. WHITMORE
                                                 Deputy Attorney General
                                                 *Attorneys for Defendants*
                                                 *State of California by and through the*
                                                 *California Highway Patrol*

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: January 13, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

14

Stipulation and Protective Order (Case No: 2:24-CV-03405-DC-SCR)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____[date] in the case of *Barrett et al v.*

*State of California et al*, Case No. 2:24-CV-03405-DC-SCR. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Stipulation and Protective Order (Case No: 2:24-CV-03405-DC-SCR)