**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
 Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7515
 Fax:  (916) 322-8288
 E-mail:  LeeAnn.Whitmore@doj.ca.gov

*Attorneys for Defendants State of California by and through the California Highway Patrol*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNE BRAFFORD; H.D.B.; and F.J.B., | Case No.: **2:24-CV-03405-DC-SCR** |
| Plaintiffs, | [*Honorable Dena M. Coggins*]<br>Mag. Judge Hon. Sean C. Riordan |
| vs. | **JOINT RULE 26(f) REPORT** |
| STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; and DOES 1-10, inclusive, | <u>**Scheduling Conference**</u><br>TBD |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report, by and through their respective counsel of record.

**a.      Brief Summary of the Claims and Legal Theories:**

  **1.      Plaintiffs' Summary:**[1]

This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law including for in connection with the shooting death of decedent Travis Brafford by a defendant California Highway Patrol ("CHP") officer on September 17, 2022, at approximately 1:00 p.m. Decedent was suffering a serious mental health crisis, which was known or should have been known by the defendant officer. The officer was not responding to a serious or violent crime and had no information that the decedent had harmed any person nevertheless escalated the situation with decedent. The officer had space, time, availability for cover and less intrusive alternatives. Nevertheless, the officer failed to give decedent a verbal warning that deadly force was going to be used, then used excessive force by firing multiple shots at decedent, who was not an immediate threat of death or serious bodily injury at the time.

This case was originally filed on September 13, 2024, in the Superior Court of the State of California, County of Placer. (Doc. 1-1.) On December 6, 2024, the Defendant removed this matter to this federal court. (Doc. 1.) On December 11, 2024, the Defendant filed its answer. (Doc. 4.) Plaintiffs bring the following claims for relief against Defendant pursuant to 42 U.S.C. §1983: (1) Fourth Amendment Excessive Force; and (2) Fourteenth Amendment Denial of Familial Relationship. Plaintiffs bring the following claims for relief pursuant to state law: (3) Battery; (4) Negligence; and (5) Violation of the Bane Act (Cal. Civ. Code § 52.1).

---

[1] This statement is being made without the benefit of Defendants' disclosures or discovery that is currently in Defendants' possession and some of these facts (identified by the Complaint) are alleged on information and belief.

1        The key legal issue in this case as follows: (1) whether the defendant officer

2   used excessive force against decedent within the meaning of the Fourth

3   Amendment; (2) whether the defendant officer deprived Plaintiffs' of their familial

4   relationship with decedent; (3) whether the defendant officer committed battery

5   upon decedent and whether his employing agencies is vicariously liable; (4) whether

6   Defendants were negligence towards decedent and Plaintiffs and proximately caused

7   their injuries and whether the employing agencies are vicariously liable; (5) whether

8   Plaintiffs' and/or decedent's rights under California's Bane Act (Cal. Civ. Code

9   §52.1) were violated by Defendants; (6) whether any of the Defendants' acts or

10  omissions proximately caused decedent's injuries or damages, and to what extent, if

11  any; and (7) whether any individual defendant's conduct gives rise to punitive

12  damages.

13        **2.        Defendants' Summary:**

14        This action stems from the September 17, 2022 death of Travis Brafford after

15  he rear-ended a vehicle on Interstate 80 Eastbound near Auburn and fled the scene.

16  Witnesses followed Mr. Brafford's vehicle to a shopping center on Bell Road and

17  called 911 reporting the vehicle. A responding officer located Mr. Brafford near his

18  vehicle which had front end damage. He requested Mr. Brafford provide

19  identification. Mr. Brafford went to his vehicle pulled out a knife and began

20  advancing toward the officer with the knife in his hand. The officer gave multiple

21  commands for Mr. Brafford to drop the knife. Mr. Brafford had an odor of alcohol

22  and appeared intoxicated. Mr. Brafford did not follow the officer's commands and

23  instead continued to approach the officer, placing the officer and members of the

24  public in the shopping center parking lot at risk. The officer gave additional

25  commands to "drop the knife" and "I don't want to shoot you."  A bystander also

26  told Mr. Brafford to "drop the knife."  Mr. Brafford continued to advance toward the

27  officer with the knife in his hand. Fearing for his life and the life of members of the

28  public, the officer fired two shots at Mr. Brafford. Mr. Brafford fell to the ground

1  and dropped the knife. Medical aid was immediately requested and the officer

2  immediately began to render aid to Mr. Brafford.

3       Defendants contend the force used was reasonable and deny the allegations of

4  the complaint.

5  **b.    Status of Service:**

6       Defendant State of California, by and through California Highway Patrol, was

7  served on was served on November 6, 2024.  The parties have agreed to file a

8  stipulation requesting leave of Plaintiff to file a First Amended Complaint to name

9  the officer involved in place of DOE 1.  Counsel for Defendant State/CHP cannot

10 accept service on behalf of the individual officer at this time, however, has provided

11 Plaintiff the name of the officer involved and with the appropriate information to

12 effectuate service after the amended complaint is filed.

13 **c.    Possible Joinder of Additional Parties:**

14      As stated above, the parties have agreed to a First Amended Complaint that

15 names Defendant DOE 1 as the officer involved.  Per Plaintiffs, after review of the

16 discovery material, which has not yet been provided, Plaintiffs will be able to

17 determine whether there were any other officers who used excessive or

18 unreasonable force against decedent, and/or otherwise violated the rights of

19 Decedent and/or Plaintiffs.  Depending on that review, Plaintiffs anticipates

20 amending the pleadings to include any additional allegations if the documents

21 produced during discovery by Defendants reveal that other officers, official, and/or

22 individual were integral participants in, failed to intervene in, or were somehow

23 otherwise responsible for the violation of Decedent and/or Plaintiffs' constitutional

24 and state law rights.

25 **d.    Contemplated Amendments:**

26      At this time, besides what is indicated in Section C. above, Plaintiff does not

27 anticipate amending the pleadings.  Review of Defendants' disclosures will reveal

28 whether an amendment to simplify or clarify issues is necessary.

**e.     Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**f.     Anticipated Discovery and Scheduling:**

**1.     Changes to Rule 26:**

The parties do not anticipate any changes to the timing, form, or requirement for disclosure under Rule 26(a), to include a statement of when disclosures under Rule 26(a)(1) will be made.

At this time, the parties do not believe it is necessary for a further discovery conference to be held.

The parties do not anticipate any issues regarding disclosure, discovery, and preservation of electronically stored information.

The parties will serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), on February 18, 2025.

**2.     Subjects on which Discovery may be Needed:**

The parties will conduct discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiffs' claims as set forth above, including regarding the facts and circumstances of the officer involved shooting.

Plaintiffs will conduct discovery regarding the Defendant officer's background and training, and the Defendants' policies and training related to officer involved shootings and the investigation thereof.  The parties will also conduct discovery related to Plaintiffs' alleged damages, and punitive damages.  The parties

1  intend to serve written discovery including Interrogatories, Demands for Production

2  of Documents and Requests for Admissions.  The parties intend to conduct

3  depositions of party and non-party witnesses.

4          The key documents at issues include: relevant portions of any audio or video

5  recording of the incident, including transcripts thereof; relevant portions of

6  audio/video recordings and transcripts of involved officer/official statements to

7  investigators related to the incident; relevant portions of audio/video recordings and

8  transcripts of percipient witness statements to investigators related to the incident;

9  relevant portions of reports, diagrams, evidence collected, and analysis thereof,

10  related to the incident; relevant photographs of the scene, involved officers,

11  evidence collected, medical records and injuries suffered by decedent or Plaintiffs

12  caused by Defendants; Defendants' policies, procedures, and training documents.

13  Plaintiffs will also seek Defendant Officers' training and personnel records.

14          The parties have discussed discovery in this matter and propose that discovery

15  be conducted in two phases: (1) non-expert fact discovery and (2) expert discovery.

16          **3.    No Changes on the Limitations on Discovery:**

17          The parties believe that there should be no changes on the limitations on

18  discovery imposed under the Federal Rules of Civil Procedure, Federal Rules of

19  Evidence, or by Local Rules.

20          **4.    Timing of Expert Disclosures:**

21          The parties have met and conferred on the timing of expert disclosures and

22  propose the following dates for disclosure of Expert Witnesses in accordance with

23  Federal Rule of Civil Procedure 26(a)(2):

24      Initial Expert Disclosure Due                    January 30, 2026

25      Rebuttal Expert Disclosure Due                   February 20, 2026

26      Expert Discovery C/O                             March 13, 2026

27          **5.    Proposed Discovery Cut-Off:**

28          The parties propose a fact discovery cut-off date of January 16, 2026.

1 **g.     Dispositive Motions and Other Motions:**

2         The parties propose that the deadline to file a non-discovery and/or a

3 Dispositive Motion be set for April 3, 2026.

4 **h.     Methods to Avoid Unnecessary Proof and Cumulative Evidence:**

5         Should the parties be unable to reach and agreement on certain matters,

6 Plaintiffs anticipate filing motions *in limine*.

7 **i.     Proposed Final Pretrial Conference:**

8         The parties propose July 27, 2026 for the Final Pretrial Conference.

9 **j.     Proposed Jury Trial:**

10        The parties propose August 17, 2026 for trial.

11        The parties have discussed trial and trial preparation, and parties estimate that

12 this jury trial will realistically take 5-7 days, including *voir dire*, opening statements,

13 closing arguments, and time reasonably anticipated that will be spent on discussions

14 regarding jury instructions and verdict forms outside the presence of the jury.

15        The parties demand trial by jury.

16

17 **k.     Special Procedures:**

18        The parties do not believe this is a case in which the Court should consider

19 appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific

20 expert.

21        The parties do not consent to a magistrate judge pursuant to 28 U.S.C. §

22 636(c) at this time.

23 **l.     Proposed Modification of Standard Pretrial Procedures:**

24        The parties do not propose any modification to the standard pretrial

25 procedures at this time.

26 **m.     Related Case:**

27        This matter is not related to any other case pending in this district.

28

**n.    Settlement Conference / Voluntary Dispute Resolution (VDR):**

The parties have discussed their respective procedures for settlement or resolution.  Formal settlement negotiations have not occurred.  The parties have agreed to private mediation with a mutually agreed upon mediator.  The parties believe the optimal time for a settlement conference will be within one (1) month of the Court's ruling on a motion for summary judgment.

The parties do not currently seek a court-convened settlement conference.

The parties do not currently consent to the trial judge acting as a settlement judge.

Plaintiffs are willing to engage in early mediation pursuant to Local Rule 271(d).

Defendants are not willing to engage in early mediation. Defendants anticipate filing a motion for summary judgment and does not believe mediation will be productive until after the motion for summary judgment is decided.

**o.    Other Matters:**

Plaintiffs believe that a realistic range for damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the severe pre-death pain and suffering endured by Decedent and the extreme loss of a husband and father as a direct result of the defendant officer shooting and killing decedent, Plaintiffs contend that a reasonable jury could award Plaintiffs in excess of $10 million.

Defendant State (CHP) is a self-insured public entity.

The parties do not believe this case requires utilization of the Manual for Complex Litigation.

The parties do not believe there are any unusually complicated or technical issues at this time.

The parties have submitted a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

**p.     Appearance at the Initial Scheduling Conference:**

Given the parties agreement on the issues stated herein, the parties do not believe it is necessary, and would prefer not to, appear at an initial scheduling conference in person.  The parties are satisfied to have the Court issue a scheduling order based upon review of this Joint Status Report.

**Respectfully submitted,**

DATED:  January 31, 2025                    **LAW OFFICES OF DALE K. GALIPO**


By: */s/        Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq. [2]
*Attorneys for Plaintiffs*


DATED:  January 31, 2025                    ROB BONTA Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


By: */s/        LeeAnn E. Whitmore*
LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendants State of California by and through the California Highway Patrol*

---

[2] I, Marcel F. Sincich, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Joint Scheduling Conference Report and have authorized its filing.