# Exhibit A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNE BRAFFORD; H.D.B.; and F.J.B., | Case No.: **2:24-CV-03405-DC-SCR** |
| Plaintiffs, | [*Honorable Dena M. Coggins*] Mag. Judge Hon. Sean C. Riordan |
| v. | **PLAINTIFFS' [PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES** |
| STATE OF CALIFORNIA (by and through California Highway Patrol); MICHAEL BOLAN; and DOES 2-10, inclusive, | 1. 42 U.S.C. § 1983 Fourth Amendment – Excessive Force 2. 42 U.S.C. § 1983 Fourteenth Amendment – Denial of Familial Relationship |
| Defendants. | 3. Battery 4. Negligence 5. Violation of Cal. Civil Code § 52.1 |
| | **DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs BRIANNE BRAFFORD; and minors H.D.B. and F.J.B., by and through their guardian *ad litem*, Brianne Brafford; each individually and as successors in interest to Decedent TRAVIS BRAFFORD for their Complaint against STATE OF CALIFORNIA (by and through California Highway Patrol); MICHAEL BOLAN; and DOES 2-10, inclusive and hereby alleges as follows:

## INTRODUCTION

1.    This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the shooting of Decedent, TRAVIS BRAFFORD ("BRAFFORD"), on September 17, 2022. The Defendants are liable under state law pursuant to Gov't Code §§ 815.2(a) and 820(a), and Cal. Civil Code § 52.1. The Defendants are liable under the Constitution of the United States pursuant to the Fourth and Fourteenth Amendments brought under 42 U.S.C. §1983.

2.    Defendant MICHAEL BOLAN and DOES 2-10, inclusive ("DOE OFFICERS") caused Plaintiffs' and BRAFFORD'S various injuries when they used excessive and unreasonable force and killed BRAFFORD and by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

3.    Defendants STATE OF CALIFORNIA ("STATE") (by and through California Highway Patrol ("CHP")) is vicariously liable as the employer of Defendant MICHAEL BOLAN and DOES 2-10, inclusive.

4.    This action is in the public interest as Plaintiffs seek by means of this civil rights action to hold accountable those responsible for the shooting of BRAFFORD by Defendants.

## **THE PARTIES**

5.     At all relevant times, Decedent, TRAVIS BRAFFORD ("BRAFFORD"), was an individual residing in the County of Placer, California.

6.     At all relevant times, Plaintiff BRIANNE BRAFFORD was and is the wife of BRAFFORD. BRIANNE BRAFFORD brings this action both in her individual capacity for wrongful death damages as the wife of BRAFFORD and in a representative capacity as BRAFFORD'S successor in interest pursuant to California Code of Civil Procedure § 377.60. BRIANNE BRAFFORD seeks both survival and wrongful death damages under federal and state law.

7.     At all relevant times, Plaintiff H.D.B. was an individual residing in the County of Placer, California and is the natural minor child of Decedent BRAFFORD and sues in his individual capacity for wrongful death and representative capacity for survival damages, and punitive damages under state and federal law. Plaintiff H.D.B. is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

8.     At all relevant times, Plaintiff F.J.B. was an individual residing in the County of Placer, California and is the natural minor child of Decedent BRAFFORD and sues in his individual capacity for wrongful death and representative capacity for survival damages, and punitive damages under state and federal law. Plaintiff F.J.B. is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

9.     At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") has the capacity to be sued. STATE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the CHP and its agents and employees. At all relevant

2

times, Defendant STATE was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CHP and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, STATE was the employer of Defendant DOES 1-10, inclusive. Defendant STATE and CHP are not being sued individually or directly by this action but are parties to this action under the theory of respondeat superior as Defendant STATE is vicariously liable for the actions of its CHP officers.

10.   At all relevant times, Defendant Officer MICHAEL BOLAN ("Defendant BOLAN"), was an officer working for the CHP. The Defendant BOLAN was acting under color of law and within the course and scope of his duties as an officer for the CHP. Defendant BOLAN was acting with complete authority of his principal, Defendant STATE. On information and belief, Defendant BOLAN was a resident of the County of Placer.

11.   At all relevant times, Defendant Officers DOES 2-10, inclusive ("DOE OFFICERS"), were officers working for the CHP. Defendant DOE OFFICERS were acting under color of law and within the course and scope of their duties as officers for the CHP. Defendant DOE OFFICERS were acting with complete authority and ratification of their principal, Defendant STATE. On information and belief, Defendant DOES 2-10, inclusive, were residents of the County of Placer.

12.   In doing the acts and failing and omitting to act as hereinafter described, Defendants BOLAN and DOES 2-10, inclusive, were acting on the implied and actual permission and consent of Defendants STATE, including CHP and CHP supervisors.

13.   In doing the acts and failing and omitting to act as hereinafter described, Defendants BOLAN and DOES 2-10, inclusive, were acting on the implied and actual permission and consent of the STATE.

3

14.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants BOLAN and DOES 2-10, inclusive, are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

16.    All the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents approved all the acts complained of herein.

17.    All Defendants who are natural persons, including BOLAN and DOES 2-10, inclusive, are sued individually and/or in his/her capacity as officers, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the STATE and CHP.

18.    BRAFFORD suffered serious bodily injury and death as a direct and proximate result of the actions and inactions of Defendants STATE, BOLAN and DOES 2-10, inclusive. Defendants BOLAN and DOE OFFICERS are directly liable for BRAFFORD'S injuries under federal law pursuant to 42 U.S.C. §1983 and state law. Defendant STATE is vicariously liable for the actions and inactions of Defendants BOLAN and DOE

4

OFFICERS.

19.    Plaintiff BRIANNE BRAFFORD suffered the loss of her husband as a direct and proximate result of the actions and inactions of Defendants. Defendants are directly liable for BRIANNE BRAFFORD'S injuries under federal and state law.

20.    Plaintiffs H.D.B. and F.J.B., by and through their guardian *ad litem*, Brianne Brafford, suffered the loss of their father as a direct and proximate result of the actions and inactions of Defendants. Defendants are directly liable for H.D.B.'s and F.J.B.'s injuries under federal and state law.

21.    Plaintiffs timely served their claims for damages with the STATE pursuant to applicable sections of the California Government Code.

22.    Defendant STATE failed to respond to Plaintiffs' claims and therefore rejected Plaintiffs' claims as a matter of law.

## JURISDICTION AND VENUE

23.    This Court has jurisdiction over the present matter because, as delineated herein, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

24.    Venue in proper in this Court under Section 395(a) of the California Code of Civil Procedure because Defendants reside in the County of Placer and all incidents, events, and occurrences giving rise to this action occurred in the County of Placer, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.    On September 17, 2022, at approximately 1:00 p.m., CHP

Officer(s) encountered BRAFFORD in a parking lot. The CHP Officers were not responding to a serious or violent crime.

27.    The CHP Officers knew or should have known that BRAFFORD was not armed with a firearm and was suffering from a mental illness crisis.

28.    Nevertheless, Defendant BOLAN emerged from his patrol vehicle, drew his weapon and pointed it at BRAFFORD.

29.    Defendant BOLAN then escalated the situation by shouting commands at BRAFFORD, who was disoriented and suffering from a mental health crisis, which Defendant BOLAN knew or should have known of. BRAFFORD was several yards away from Defendant BOLAN, there was cover available to Defendant BOLAN, such that Defendant BOLAN had distance, space, cover, and time.

30.    Defendant BOLAN failed to give adequate commands to BRAFFORD and failed to give BRAFFORD an opportunity to comply with commands prior to their use of excessive and unreasonable force.

31.    Defendant BOLAN failed to give BRAFFORD a verbal warning that deadly force would be used prior to the use of deadly force and failed to give BRAFFORD an opportunity to heed any warning prior to their use of excessive and unreasonable force.

32.    Defendant BOLAN failed to de-escalate the situation, utilize, consider, and/or exhaust several reasonable less-intrusive alternatives available, safe, and feasible to Defendant BOLAN prior to the use of deadly force.

33.    Defendant BOLAN used excessive force by firing multiple shots from his firearm at BRAFFORD. The use of force against BRAFFORD was excessive and objectively unreasonable under the circumstances, especially because BRAFFORD was not running toward any officers, was mentally ill, and some distance from Defendant BOLAN, who had time, space, and

opportunity for cover. BRAFFORD did not pose an immediate threat of death or serious bodily injury to anyone at any time immediately prior to or during the use of force. Further, Defendant BOLAN discharged his firearm with a purpose to harm and a specific intent to violate BRAFFORD'S constitutional rights, evidenced by his deliberate indifference and reckless disregard for BRAFFORD'S constitutional rights.

34.    As a direct and proximate result of Defendant BOLAN'S use of excessive and unreasonable force, BRAFFORD suffered multiple gunshot wounds, suffered serious bodily injury, including pain and suffering, disfigurement, loss of life, loss of opportunity of life, and loss of enjoyment of life.

35.    Plaintiffs bring this action as successor-in-interest to BRAFFORD as defined in Section 377.11 of the California Code of Civil Procedure as the wife and natural children of BRAFFORD, respectively.

36.    As a direct and proximate result of the wrongful death of BRAFFORD, Plaintiffs have suffered the loss of BRAFFORD'S love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Plaintiffs against Defendants BOLAN and DOES 2-10)

37.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.    This claim for relief arose in BRAFFORD'S favor, and BRAFFORD would have been the plaintiff with respect to this cause of action had he lived.

7

39.    Defendant BOLAN and DOE OFFICERS acted within the course and scope of their employment as police officers for the Defendant STATE and CHP and acted under color of state law.

40.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

41.    Defendant BOLAN and DOE OFFICERS failed to employ tactics to de-escalate the situation, failed to give BRAFFORD the time and space to understand the situation, failed to give BRAFFORD proper commands and the time to comply with those commands, failed to give BRAFFORD the opportunity to cooperate with law enforcement instructions, and failed to give BRAFFORD a verbal warning prior to the use of deadly force even though it was feasible to do so.

42.    Defendant BOLAN and DOE OFFICERS used excessive force against BRAFFORD when the Defendant BOLAN and DOE OFFICER used force, including deadly force against him. Defendants' unjustified use of force deprived BRAFFORD of his right to be secure in his person against unreasonable searches and seizures as guaranteed to BRAFFORD under the Fourth Amendment to the United States and applied to state actors by the Fourteenth Amendment.

43.    As a result of the foregoing, BRAFFORD suffered great physical and mental injury, fear, pain, and emotional distress up to the time of his death, disfigurement, loss of enjoyment of life, loss of opportunity of life, loss of life, and loss of earning capacity.

44.    The conduct of Defendant BOLAN and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of BRAFFORD, and therefore warrants the imposition of exemplary and punitive damages as to Defendants was willful, wanton,

malicious, and done with reckless disregard for the rights and safety of BRAFFORD, and therefore warrants the imposition of exemplary and punitive damages as to Defendant BOLAN and DOE OFFICERS.

45.    The use of force was excessive and unreasonable, especially because BRAFFORD posed no immediate threat of death or serious bodily injury at the time of the officers' use of force or at any time immediately prior to the officers' use of force. BRAFFORD was not attempting to evade or resist by flight and no warning was given prior to the use of deadly force. The Defendants were not responding to a serious or violent crime, and there were several less intrusive alternatives available to Defendant BOLAN and DOE OFFICERS. Further, Defendant BOLAN and DOE OFFICERS use of force violated their training and standard police officer training.

46.    As a result of their misconduct, Defendant BOLAN and DOE OFFICERS are liable for BRAFFORD'S injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

47.    Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, loss of opportunity of life, and loss of enjoyment of life, under this claim. Plaintiffs also seek attorneys' fees and costs under this claim.

**SECOND CAUSE OF ACTION**

**Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. § 1983)**

(Plaintiffs against Defendant BOLAN and DOE OFFICERS)

48.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 47, inclusive, as if fully set forth herein.

49.    Defendant BOLAN and DOE OFFICERS acted within the course and scope of their employment as police officers for the Defendant STATE

1  and CHP and acted under color of state law.

2      50.    Plaintiffs have a cognizable interest under the Due Process

3  Clause of the Fourteenth Amendment of the United States Constitution to be

4  free from state actions that deprive her of life, liberty, or property in such a

5  manner as to shock the conscience, including but not limited to unwarranted

6  state interference in Plaintiffs' familial relationship with their husband and

7  father, BRAFFORD, respectfully.

8      51.    BRAFFORD had a cognizable interest under the Due Process

9  Clause of Fourteenth Amendment of the United States Constitution to be free

10  from state actions that deprive him of life, liberty, or property in such a

11  manner as to shock the conscience.

12      52.    The aforementioned actions of Defendant BOLAN and DOE

13  OFFICERS, along with other undiscovered conduct, shock the conscience, in

14  that they acted with deliberate indifference to the constitutional rights of

15  BRAFFORD and Plaintiffs, and with purpose to harm unrelated to any

16  legitimate law enforcement objective.

17      53.    As a direct and proximate result of these actions, BRAFFORD

18  experienced pain and suffering and eventually died. Defendant BOLAN and

19  DOE OFFICERS thus violated the substantive due process rights of

20  Plaintiffs to be free from unwarranted interference with their familial

21  relationship with BRAFFORD.

22      54.    As a direct and proximate cause of the acts of Defendant

23  BOLAN and DOE OFFICERS, Plaintiffs have also been deprived of the life-

24  long love, companionship, comfort, support, society, care, and sustenance of

25  BRAFFORD, and will continue to be so deprived for the remainder of their

26  natural lives.

27      55.    As a result of their misconduct, Defendants are liable for

28  Plaintiffs, either because they were integral participants in the wrongful

detention and arrest, or because they failed to intervene to prevent these violations.

56.    The conduct of Defendant BOLAN and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of BRAFFORD and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

57.    Plaintiffs bring this claim individually and as successors-in-interest to BRAFFORD and seek both survival and wrongful death damages for the violation of their rights. Plaintiffs also seek attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death/Survival Action)

(Plaintiffs against Defendants BOLAN and DOE OFFICERS directly and STATE vicariously)

58.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 57, inclusive, as if fully set forth herein.

59.    Defendant BOLAN and DOE OFFICERS acted within the course and scope of their employment as police officers for the Defendant STATE and CHP and acted under color of state law.

60.    Defendant BOLAN and DOE OFFICERS intentionally shot BRAFFORD multiple times. As a result of the actions of Defendant BOLAN and DOE OFFICERS, BRAFFORD was seriously injured and died. Defendant BOLAN and DOE OFFICERS had no legal justification for using force, including deadly force, against BRAFFORD, and Defendant BOLAN and DOE OFFICERS' use of force while carrying out their duties as officers was unreasonable under the circumstances.

61.    At all relevant times, BRAFFORD was not an immediate threat of death or serious bodily injury to anyone, including Defendant BOLAN and DOE OFFICERS no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to Defendant BOLAN and DOE OFFICERS.

62.    Defendants STATE is vicariously liable for the wrongful acts of Defendant BOLAN and DOE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment is the employees' acts would subject them to liability.

63.    The conduct of Defendant BOLAN and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of BRAFFORD, entitling Plaintiffs to an award of exemplary and punitive damages.

64.    Plaintiffs seek survival, wrongful death, and punitive damages under this claim.

## FOURTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death/Survival Action)

(Plaintiffs against Defendants BOLAN and DOE OFFICERS directly and STATE vicariously)

65.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 64, inclusive, as if fully set forth herein.

66.    Defendant BOLAN and DOE OFFICERS acted within the course and scope of their employment as police officers for the Defendant STATE and CHP and acted under color of state law.

67.    Police officers, including Defendant BOLAN and DOE

12

OFFICERS have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, use of de-escalation techniques, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort, and providing timely medical care for a person the Defendant BOLAN and DOE OFFICERS intentionally harmed. These duties also include the Defendant BOLAN and DOE OFFICERS responsibility to follow their training and policies, responsibility to ensure they are properly trained and equipped to perform their duties in accordance with the department policies, and properly investigate and report on their use of force incidents.

68.    Defendant BOLAN and DOE OFFICERS breached their duty of care. Upon information and belief, the actions and inactions of Defendant BOLAN and DOE OFFICERS were negligent and reckless, including but not limited to:

   (a)    the failure to properly and adequately assess the need to use force against BRAFFORD.

   (b)    the negligent tactics and handling of the situation with BRAFFORD, including pre-shooting negligence and failure to utilize de-escalation techniques.

   (c)    the failure to intervene on other officers' use of excessive and unreasonable force.

69.    As a direct and proximate result of Defendant BOLAN and DOE OFFICERS conduct as alleged above, and other undiscovered negligent conduct, BRAFFORD was caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, and loss of life.

70.    At all relevant times, BRAFFORD was not an immediate threat of death or serious bodily injury to anyone, no warning was given that

13

deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to Defendant BOLAN and DOE OFFICERS.

71.    Defendants STATE is vicariously liable for the wrongful acts of Defendant BOLAN and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

72.    Defendant BOLAN and DOE OFFICERS negligently caused physical injury to BRAFFORD when the Defendant BOLAN and DOE OFFICERS discharged their firearms at BRAFFORD, striking him multiple times. The use of force, including deadly force, by the Defendant BOLAN and DOE OFFICERS was excessive, unreasonable, and the Defendant BOLAN and DOE OFFICERS were negligent when they discharged their firearms at BRAFFORD, including pre-shooting negligent conduct, actions, inactions, and tactics, and their post-shooting negligent conduct, actions and inactions.

73.    Plaintiffs bring this claim as successors-in-interest to BRAFFORD and seek wrongful death and punitive damages under this claim.

**FIFTH CLAIM FOR RELIEF**

**Violation of Cal. Civ. Code § 52.1 and California Common Law)**

(Plaintiffs against Defendants BOLAN and DOE OFFICERS directly and STATE vicariously)

74.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

14

75.    Defendant BOLAN and DOE OFFICERS acted within the course and scope of their employment as police officers for the Defendant STATE and CHP and acted under color of state law.

76.    The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

77.    On information and belief, Defendant BOLAN and DOE OFFICERS while working for the STATE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against BRAFFORD, including by using excessive force against him without justification or excuse, by integrally participating and failing to intervene in the above violence.

78.    When Defendants unnecessarily shot BRAFFORD they interfered with his civil rights to be free from unreasonable searches and seizures to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

79.    On information and belief, Defendant BOLAN and DOE OFFICERS intentionally and spitefully committed the above acts to discourage BRAFFORD from exercising his civil rights, to retaliate against

him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

80.    On information and belief, BRAFFORD reasonably believed and understood that the violent acts committed by Defendants were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

81.    Defendants successfully interfered with the above civil rights of BRAFFORD and Plaintiffs.

82.    BRAFFORD was caused to suffer severe pain and suffering, loss of enjoyment of life and loss of life. The conduct of Defendants was a substantial factor in causing the harm, losses, injuries, and damages of BRAFFORD.

83.    Defendant STATE are vicariously liable for the wrongful acts of Defendant BOLAN and DOE OFFICERS under California law and the doctrine of *repondeat superior* and Defendant STATE is vicariously liable for the wrongful acts of Defendant BOLAN and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

84.    The conduct of the individual Defendant BOLAN and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and BRAFFORD in that Plaintiffs' and BRAFFORD'S constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for constitutional rights of Plaintiffs and BRAFFORD. As such, the aforementioned conduct entitles Plaintiffs and BRAFFORD to an award of exemplary and punitive

16

1    damages.

2        85.    Plaintiffs also seek survival damages, costs and attorneys' fees

3    under this claim.

1

## **PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiffs BRIANNE BRAFFORD; and minors H.D.B. and

3   F.J.B., by and through their guardian *ad litem*, Brianne Brafford; each individually

4   and as successors in interest to Decedent TRAVIS BRAFFORD request entry of

5   judgment in their favor against Defendants STATE OF CALIFORNIA (by and

6   through California Highway Patrol); MICHAEL BOLAN; and DOES 2-10,

7   inclusive, as follows:

8       1.    For compensatory damages according to proof at trial, including both

9             survival damages and wrongful death damages under federal and

10            state law;

11      2.    For funeral and burial expenses, and loss of financial support;

12      3.    For loss of consortium;

13      4.    For punitive and exemplary damages against the individual

14            defendants in an amount to be proven at trial;

15      5.    For statutory damages;

16      6.    For reasonable attorneys' fees including litigation expenses;

17      7.    For costs of suit and interest incurred herein; and

18      8.    For such other and further relief as the Court may deem just, proper,

19            and appropriate.

20

21   DATED: January 31, 2025          **LAW OFFICES OF DALE K. GALIPO**

22

23                                   By:  */s/    Marcel F. Sincich*
                                          _____
24                                        Dale K. Galipo, Esq.
                                          Marcel F. Sincich, Esq.
25                                        *Attorneys for Plaintiffs*

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: January 31, 2025          **LAW OFFICES OF DALE K. GALIPO**


                                 By:   */s/*    *Marcel F. Sincich*
                                       Dale K. Galipo, Esq.
                                       Marcel F. Sincich, Esq.
                                       *Attorneys for Plaintiffs*

19