1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIANNE BRAFFORD, et al.              No. 2:24-cv-03405-DC-SCR

12              Plaintiffs,

13        v.                              ORDER DENYING WITHOUT PREJUDICE
                                          APPLICATIONS OF BRIANN BRAFFORD
14   STATE OF CALIFORNIA,                 FOR APPOINTMENT AS GUARDIAN *AD
                                          LITEM* FOR MINOR PLAINTIFFS
15              Defendant.
                                          (Doc. Nos. 7–8)
16

17

18        This matter is before the court on Plaintiff Brianne Brafford's applications for

19   appointment as guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 7–8.)[1] No

20   opposition to the pending applications has been filed. For the reasons explained below, the court

21   will deny without prejudice Plaintiff Brianne Brafford's applications.

22        Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent

23   person who does not have a duly appointed representative may sue by a next friend or by a

24   guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate

25   order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ.

26   ─────────────────────
     [1] In Plaintiffs' applications, the documents refer to Plaintiff Brianne Brafford as "Briann
27   Brafford." (Doc. Nos. 7–8.) As Plaintiffs do not indicate that the spelling of Plaintiff Brianne
     Brafford's name is erroneous the court will adhere to the spelling of Plaintiff's name in the
28   operative complaint. (Doc. No. 1-1.)

                                          1

P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person.  Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San*

1    *Diego*, 147 Cal. App. 4th 36, 50 (2007)).

2         The proposed guardian *ad litem*, Plaintiff Brianne Brafford, is the mother of minor

3    Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 7 at ¶ 3; 8 at ¶ 3.) Plaintiff Brianne Brafford consents to

4    act as a guardian *ad litem* and asserts there is no conflict of interest between her and her

5    children's claims. (Doc. Nos. 7 at ¶ 5; 7-1; 8 at ¶ 5; 8-1.) Based on the representations in Plaintiff

6    Brianne Brafford's applications, and a review of the operative complaint, the court finds Brianne

7    Brafford has no conflict of interest with minor Plaintiffs H.D.B. and F.J.B. *See J.M. v. Liberty*

8    *Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sep. 16, 2024)

9    ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has

10   the same interests as the child there is no inherent conflict of interest."). The court finds Plaintiff

11   Brianne Brafford to be an appropriate guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B.,

12   and the requirements of Local Rule 202(a) have been satisfied. However, Plaintiffs' counsel has

13   not provided the disclosure of attorney's interest as required by Local Rule 202(c). For this

14   reason, the court will deny Plaintiff Brianne Brafford's applications for appointment as guardian

15   *ad litem* without prejudice to her re-filing a revised motion or notice that complies with the

16   requirements of Local Rule 202(c).

17        Accordingly:

18   1.    Plaintiff Brianne Brafford's applications for appointment as guardian *ad litem* for

19         minor Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 7–8) are denied, without prejudice,

20         due to noncompliance with the requirements of Local Rule 202(c); and

21   2.    Plaintiff Brianne Brafford shall file a renewed application that complies with Local

22         Rule 202(c) within fourteen (14) days from the date of entry of this order.

23

24        IT IS SO ORDERED.

25   Dated:   **February 5, 2025**

          Dena Coggins
26        United States District Judge

27

28

3