1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-7515
6    Fax: (916) 322-8288
     E-mail: LeeAnn.Whitmore@doj.ca.gov
7  *Attorneys for Defendant State of California by and*
   *through the California Highway Patrol*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| 13 | **BRIANNE BRAFFORD; H.D.B.; and F.J.B.,** | Case No.: 2:24-cv-03405-DC-SCB |
|---|---|---|
| 14 | Plaintiffs, | **DEFENDANT STATE OF CALIFORNIA BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL'S ANSWER TO THE FIRST AMENDED COMPLAINT** |
| 15 | | |
| 16 | v. | |
| 17 | **STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; and DOES 1-10, inclusive,** | |
| 18 | | |
| 19 | Defendants. | Action Filed:  September 13, 2024 |

20

21                          **ANSWER**

22      Defendant State of California by and through the California Highway Patrol (CHP), named

23  as STATE OF CALIFORNIA (by and through California Highway Patrol) ("Defendant") in

24  response to the Plaintiffs' Complaint for damages on file herein, admit deny and allege as

25  follows:

26                       **INTRODUCTION**

27      1. This answering Defendant admits that the complaint concerns the shooting of Travis

28  Brafford but denies the balance of the allegations in paragraph 1.

                              1

1      2.  This answering Defendant admits that Michael Bolan was required to use deadly force

2  against Mr. Brafford but denies the remainder of the allegations in the paragraph 2 as to Mr.

3  Bolan. Defendant lacks information as to admit or deny the identity of the DOE defendants.

4  Further, to the extent paragraph 2 contains legal conclusions, no admission or denial is required.

5      3.  Defendant admits that CHP was the employer of Officer Bolan.  To the extent the

6  allegations in paragraph 3 contain legal conclusions, no admission or denial is required.

7      4.  To the extent the allegations in paragraph 4 contain legal conclusions, no admission or

8  denial is required.

9                        **THE PARTIES**

10      5.  Defendant denies the allegations of paragraph 5.

11      6.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

12  truth of the allegations contained in paragraph 6, and they are therefore denied.

13      7.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

14  truth of the allegations contained in paragraph 7, and they are therefore denied.

15      8. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in paragraph 8, and they are therefore denied.

17      9.  Defendant admits it can be sued under a respondeat superior theory. Without knowing

18  what policies, procedures, practices, customs, agents or actions are referred to, Defendant is

19  without knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained in paragraph 9, and they are therefore denied.

21      10.  Defendant admits the allegations of paragraph 10.

22      11.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to

23  the truth of the allegations contained in paragraph 11, and they are therefore denied.

24      12.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to

25  the truth of the allegations contained in paragraph 12, and they are therefore denied.

26      13. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

27  truth of the allegations contained in paragraph 13, and they are therefore denied.

28

14. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and they are therefore denied.

15. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and they are therefore denied. To the extent the allegations contain legal conclusions, no admission or denial is required.

16. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and they are therefore denied.

17. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and they are therefore denied.

18. Defendant denies that Mr. Brafford's injury or death were caused by actions or inactions of the CHP. Defendant admits that Officer Bolan shot Mr. Brafford and Mr. Brafford died but denies the remainder of the allegations in paragraph 18. To the extent the allegations contain legal conclusions, no admission or denial is required.

19. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

### JURISDICTION AND VENUE

23. In response to paragraph 23, Defendant admits it removed this case from the Superior Court of the State of California for the County of Placer pursuant to 28 U.S.C. section 1441(a). Jurisdiction is appropriate as two claims for relief in the complaint involve a federal question. This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. section 1367(a).

24. In response to paragraph 24, Defendant admits venue is proper in this Court because it is the district embracing the Superior Court of California, County of Placer, in which the removed

3

1    action was pending. 28 U.S.C. § 1441(a). Defendant admits all events giving rise to this action

2    occurred in Placer County. Defendant denies that all defendants reside in Placer County.

3    <center>**FACTS COMMON TO ALL CLAIMS FOR RELIEF**</center>

4        25.  In responding to paragraph 25, this answering Defendant re-allege and incorporate

5    herein by reference the responses to paragraph 1-24 above.

6        26.  This answering Defendant admit that the alleged incident occurred on September 17,

7    2022. Defendant denies the remainder of the allegations in paragraph 26.

8        27.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to

9    the truth of the remaining allegations contained in paragraph 27, and they are therefore denied.

10       28.  Defendant denies the allegations of paragraph 28.

11       29.  Defendant denies the allegations of paragraph 29.

12       30.  Defendant denies the allegations of paragraph 30.

13       31.  Defendant denies the allegations of paragraph 31.

14       32.  Defendant denies the allegations of paragraph 32.

15       33. Defendant denies the allegations of paragraph 33. Further, To the extent the allegations

16   contain legal conclusions, no admission or denial is required.

17       34.  To the extent the allegations in paragraph 34 contain legal conclusions, no admission or

18   denial is required.

19       35.  To the extent the allegations in paragraph 35 contain legal conclusions, no admission or

20   denial is required.

21       36. To the extent the allegations in paragraph 36 contain legal conclusions, no admission or

22   denial is required.

23   <center>**FIRST CLAIM FOR RELIEF**</center>

24       37. In responding to paragraph 37, this answering Defendant re-allege and incorporate

25   herein by reference the responses to paragraphs 1-36 above.

26       38.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to

27   the truth of the allegations contained in paragraph 38 and they are therefore denied.

28

<center>4</center>

1       39. Defendant admits Officer Bolan acted within the course of his employment for CHP

2   and acted under color of state law. Without knowing which other officers the complaint is

3   referring to, Defendant lacks sufficient knowledge or information sufficient to form a belief as to

4   the truth of the allegations contained in paragraph 39, and they are therefore denied.

5       40. To the extent the allegations in paragraph 40 contain legal conclusions, no admission or

6   denial is required.

7       41. Defendant denies the allegations of paragraph 41 as to Officer Bolan. Without knowing

8   which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

9   information sufficient to form a belief as to the truth of the allegations contained in paragraph 41,

10  and they are therefore denied.

11      42. Defendant denies the allegations of paragraph 42 as to Officer Bolan. Without knowing

12  which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

13  information sufficient to form a belief as to the truth of the allegations contained in paragraph 42,

14  and they are therefore denied.

15      43. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in paragraph 43, and they are therefore denied.

17      44. Defendant denies the allegations of paragraph 44 as to CHP and Officer Bolan. Without

18  knowing which other officers the complaint is referring to, Defendant lacks sufficient knowledge

19  or information sufficient to form a belief as to the truth of the allegations contained in paragraph

20  44, and they are therefore denied.

21      45. Defendant denies the allegations of paragraph 45 as to Officer Bolan. Without knowing

22  which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

23  information sufficient to form a belief as to the truth of the allegations contained in paragraph 45,

24  and they are therefore denied.

25      46. Defendant denies the allegations of paragraph 46 as to Officer Bolan. Without knowing

26  which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

27  information to form a belief as to the truth of the allegations contained paragraph 46, and they are

28  therefore denied.

1    47. To the extent the allegations in paragraph 47 contain legal conclusions, no admission or

2    denial is required.

3                              **SECOND CLAIM FOR RELIEF**

4    48. In responding to paragraph 48, this answering Defendant re-alleges and incorporates

5    herein by reference the responses to paragraphs 1-47 above.

6    49. Defendant admits that Officer Bolan acted within the course and scope of his

7    employment with CHP and under color of state law. Without knowing which other officers the

8    complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

9    to the truth of the allegations contained paragraph 49, and they are therefore denied.

10    50. To the extent the allegations in paragraph 50 contain legal conclusions, no admission or

11    denial is required.

12    51. To the extent the allegations in paragraph 51 contain legal conclusions, no admission or

13    is required.

14    52. To the extent the allegations in paragraph 52 contain legal conclusions, no admission or

15    is required.

16    53. Defendant admits that Mr. Brafford died. Defendant lacks sufficient knowledge or

17    information to a form a belief as to the remainder of the allegations in paragraph 53, and they are

18    therefore denied.

19    54. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

20    truth of the allegations contained in paragraph 54, and they are therefore denied.

21    55. Defendant lacks sufficient knowledge or information sufficient to form a belief as to

22    the truth of the allegations contained in paragraph 55, and they are therefore denied.

23    56. Defendant lacks sufficient knowledge or information sufficient to form a belief as to

24    the truth of the allegations contained in paragraph 56, and they are therefore denied.

25    57. To the extent the allegations in paragraph 57 contain legal conclusions, no admission or

26    denial is required.

27    ///

28    ///

6

1

**THIRD CLAIM FOR RELIEF**

2    58. In responding to paragraph 58, this answering Defendant re-alleges and incorporates

3    herein by reference the responses to paragraphs 1-57 above.

4        59.    Defendant admits that Officer Bolan acted within the course and scope of his

5    employment with CHP and under color of state law. Without knowing which other officers the

6    complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

7    to the truth of the allegations contained paragraph 59, and they are therefore denied.

8        60. Defendant admits that Officer Bolan intentionally shot Mr. Brafford multiple times and

9    Mr. Brafford died.  Defendant denies the remainder of the allegations of paragraph 60.

10        61. Defendant denies the allegations of paragraph 61.

11        62. To the extent the allegations in paragraph 62 contain legal conclusions, no admission

12    or denial is required.

13        63. Defendant denies the allegations as to Officer Bolan. Without knowing which other

14    officers the complaint is referring to, Defendant lacks sufficient knowledge or information to

15    form a belief as to the truth of the allegations contained paragraph 63, and they are therefore

16    denied.

17        64. To the extent the allegations in paragraph 64 contain legal conclusions, no admission or

18    denial is required.

19

**FOURTH CLAIM FOR RELIEF**

20        65. In responding to paragraph 65, this answering Defendant re-allege and incorporate

21    herein by reference the responses to paragraph 1-64 above.

22        66. Defendant admits that Officer Bolan acted within the course and scope of his

23    employment with CHP and under color of state law. Without knowing which other officers the

24    complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

25    to the truth of the allegations contained paragraph 66, and they are therefore denied.

26        67. Paragraph 67 contains conclusions of law which do not require an answer.

27        68.    Defendant denies each and every allegation of paragraph 68 and any inferences

28    therefrom.

7

1    69. Defendant denies each and every allegation of paragraph 69 and any inferences

2    therefrom.

3    70. Defendant denies each and every allegation of paragraph 70 and any inferences

4    therefrom.

5    71. Paragraph 71 contains conclusions of law which do not require an answer.

6    72. Defendant denies each and every allegation of paragraph 71 and any inferences

7    therefrom.

8    73. Paragraph 73 contains conclusions of law which do not require answer.

9                                **FIFTH CLAIM FOR RELIEF**

10    74. In responding to paragraph 74, this answering Defendant re-alleges and incorporates

11    herein by reference the responses to paragraphs 1-73 above.

12    75. Defendant admits that Officer Bolan acted within the course and scope of his

13    employment with CHP and under color of state law. Without knowing which other officers the

14    complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

15    to the truth of the allegations contained paragraph 75, and they are therefore denied.

16    76. Paragraph 76 contains conclusions of law which do not require an answer.

17    77. Defendant denies each and every allegation of paragraph 77 and any inferences

18    therefrom.

19    78. Defendant denies each and every allegation of paragraph 78 and any inferences

20    therefrom.

21    79. Defendant denies each and every allegation of paragraph 79 and any inferences

22    therefrom.

23    80. Defendant lacks sufficient knowledge or information to form of a belief as to the truth

24    of the allegation sin paragraph 80, and they are therefore denied.

25    81. Defendants denies each and every allegation of paragraph 81 and any inferences

26    therefrom.

27    82. Defendant denies each and every allegation of paragraph 82 and any inferences

28    therefrom.

8

1     83. Paragraph 83 contains conclusions of law which do not require an answer.

2     84. Defendant denies each and every allegation of paragraph 84 and any inferences

3  therefrom.

4     85. Paragraph 85 seeks conclusions of law which do not require an answer.

5

6                       **AFFIRMATIVE DEFENSES**

7  **AFFIRMATIVE DEFENSE NO. 1:**

8     The Complaint presents no actual controversy or justiciable question which is presently

9  suitable for determination in this court.

10  **AFFIRMATIVE DEFENSE NO. 2:**

11     The Complaint and each cause of action therein fail to allege facts sufficient to constitute a

12  cause of action.

13  **AFFIRMATIVE DEFENSE NO. 3:**

14     All happenings and events, damages and injuries, if any there were, referred to in the

15  Complaint were proximately caused and contributed to by the negligence of Plaintiffs and the

16  Decedent and others, each and all of whom failed to exercise ordinary care in their own behalf at

17  all times and places alleged in the Complaint.

18  **AFFIRMATIVE DEFENSE NO. 4:**

19     Pursuant to Government Code section 985, any judgment entered herein may be reduced for

20  collateral source payments paid or obligated to be paid for services or benefits that were provided

21  prior to commencement of trial.

22  **AFFIRMATIVE DEFENSE NO. 5:**

23     This action against a public entity is barred by the failure to precede the action with a

24  claim as required by Government Code sections 905.2, 905.7, 911.2, 945.2 and 950.2.

25  **AFFIRMATIVE DEFENSE NO. 6:**

26     The damages alleged in the Complaint herein are subject to a set-off either partially or in

27  full.

28

1    **AFFIRMATIVE DEFENSE NO. 7:**

2        The conduct of Decedent estops Plaintiffs from claiming the damages alleged in the

3    Complaint.

4    **AFFIRMATIVE DEFENSE NO. 8:**

5        Pursuant to Government Code sections 962 and 984, any judgment entered herein may be

6    paid by periodic payments rather than in a lump sum.

7    **AFFIRMATIVE DEFENSE NO. 9:**

8        At all relevant times, Plaintiffs failed to mitigate injury and damages.

9    **AFFIRMATIVE DEFENSE NO. 10:**

10       Decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation

11   with, and being in proximity to a confrontation with, Defendants, whom Decedent knew or

12   reasonably should have known to be peace officers, and thereby assumed each, every and all the

13   risks and hazards implicated by the events alleged in the complaint.  Such conduct is a reasonable

14   implied assumption of the risk.

15   **AFFIRMATIVE DEFENSE NO. 11:**

16       The State of California is not amenable to suit in this court in this action by reason of the

17   Eleventh Amendment of the United States Constitution.

18   **AFFIRMATIVE DEFENSE NO. 12:**

19       Answering Defendant will be entitled to reasonable attorney fees and costs of suit upon

20   prevailing within the meaning of 42 United States Code section 1988.

21   **AFFIRMATIVE DEFENSE NO. 13:**

22       Neither the State of California nor any of its departments is a "person" within the meaning

23   of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

24   **AFFIRMATIVE DEFENSE NO. 14:**

25       The Complaint fails to state a cause of action for violation of civil rights, as any deprivation

26   of civil rights alleged in the Complaint was not without due process of law.

27

28

**AFFIRMATIVE DEFENSE NO. 15:**

Answering Defendant has not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

**AFFIRMATIVE DEFENSE NO. 16:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 17:**

There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 18:**

All acts of Defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

**AFFIRMATIVE DEFENSE NO. 19:**

To the extent that the Complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to Plaintiffs and others.

**AFFIRMATIVE DEFENSE NO. 20:**

Public entities are immune from suit when their employees are immune from suit. Gov. Code, §815.2.

**AFFIRMATIVE DEFENSE NO. 21:**

Pursuant to California Government Code sections 962, 965-965.9, and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum, and is subject to claims bill review, processing, and approval prior to any release of payments or any portion thereof.

11

1    **AFFIRMATIVE DEFENSE NO. 22:**

2        Defendant is immune as Officer Bolan is entitled to qualified immunity.

3

4    Dated:  February 27, 2025                              Respectfully submitted,

5                                                           ROB BONTA
                                                            Attorney General of California
6                                                           CATHERINE WOODBRIDGE
                                                            Supervising Deputy Attorney General
7

8                                                           /s/ *LeeAnn E. Whitmore*
9

10                                                          LEEANN E. WHITMORE
                                                            Deputy Attorney General
11                                                          *Attorneys for Defendant State of California*
                                                            *by and through the California Highway*
12                                                          *Patrol*

13    SA2024305317

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           12