1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
   Deputy Attorney General
4   1300 I Street, Suite 125
   P.O. Box 944255
5  Sacramento, CA 94244-2550
   Telephone: (916) 210-7515
6  Fax: (916) 322-8288
   E-mail: LeeAnn.Whitmore@doj.ca.gov
7  *Attorneys for Defendants State of California by and*
   *through the California Highway Patrol and Michael*
8  *Bolan*

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| 13  **BRIANNE BRAFFORD; H.D.B.; and** | Case No.: 2:24-cv-03405-DC-SCB |
| 14  **F.J.B.,** | **DEFENDANT MICHAEL BOLAN'S** |
| 15              Plaintiffs, | **ANSWER TO THE FIRST AMENDED** **COMPLAINT** |
| 16        **v.** | |
| 17  **STATE OF CALIFORNIA, by and through,** **CALIFORNIA HIGHWAY PATROL; and** | |
| 18  **DOES 1-10, inclusive,** | |
| 19              Defendants. | Action Filed:  September 13, 2024 |

20

21                          **ANSWER**

22       Defendant Michael Bolan (Officer Bolan) in response to the Plaintiffs' First Amended

23  Complaint for damages on file herein, admit deny and allege as follows:

24                       **INTRODUCTION**

25       1.  This answering Defendant admits that the complaint concerns the shooting of Travis

26  Brafford but denies the balance of the allegations in paragraph 1.

27

28

                                    1

1    2.  This answering Defendant admits that he was required to use deadly force against Mr.

2  Brafford but denies the remainder of the allegations in the paragraph 2 as to himself. Defendant

3  lacks information as to admit or deny the identity of the DOE defendants. Further, to the extent

4  paragraph 2 contains legal conclusions, no admission or denial is required.

5    3.  Defendant admits that CHP was the employer of Officer Bolan.  To the extent the

6  allegations in paragraph 3 contain legal conclusions, no admission or denial is required.

7    4.  To the extent the allegations in paragraph 4 contain legal conclusions, no admission or

8  denial is required.

9                              **THE PARTIES**

10    5.  Defendant denies the allegations of paragraph 5.

11    6.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

12  truth of the allegations contained in paragraph 6, and they are therefore denied.

13    7.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

14  truth of the allegations contained in paragraph 7, and they are therefore denied.

15    8.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in paragraph 8, and they are therefore denied.

17    9.  Defendant admits it can be sued under a respondeat superior theory. Without knowing

18  what policies, procedures, practices, customs, agents or actions are referred to, Defendant is

19  without knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained in paragraph 9, and they are therefore denied.

21    10.  Defendant admits the allegations of paragraph 10.

22    11.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to

23  the truth of the allegations contained in paragraph 11, and they are therefore denied.

24    12.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to

25  the truth of the allegations contained in paragraph 12, and they are therefore denied.

26    13.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

27  truth of the allegations contained in paragraph 13, and they are therefore denied.

28

14. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and they are therefore denied.

15. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and they are therefore denied. To the extent the allegations contain legal conclusions, no admission or denial is required.

16. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and they are therefore denied.

17. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and they are therefore denied.

18. Defendant admits that he shot Mr. Brafford and Mr. Brafford died but denies the remainder of the allegations in paragraph 18. To the extent the allegations contain legal conclusions, no admission or denial is required.

19. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

### JURISDICTION AND VENUE

23. In response to paragraph 23, Defendant admits CHP removed this case from the Superior Court of the State of California for the County of Placer pursuant to 28 U.S.C. section 1441(a). Jurisdiction is appropriate as two claims for relief in the complaint involve a federal question. This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. section 1367(a).

24. In response to paragraph 24, Defendant admits venue is proper in this Court because it is the district embracing the Superior Court of California, County of Placer, in which the removed action was pending. 28 U.S.C. § 1441(a). Defendant admits all events giving rise to this action occurred in Placer County. Defendant denies that all defendants reside in Placer County.

3

1

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

2      25. In responding to paragraph 25, this answering Defendant re-allege and incorporate

3   herein by reference the responses to paragraph 1-24 above.

4      26. This answering Defendant admit that the alleged incident occurred on September 17,

5   2022. Defendant denies the remainder of the allegations in paragraph 26.

6      27. Defendant denies the allegations of paragraph 27.

7      28. Defendant denies the allegations of paragraph 28.

8      29. Defendant denies the allegations of paragraph 29.

9      30. Defendant denies the allegations of paragraph 30.

10     31. Defendant denies the allegations of paragraph 31.

11     32. Defendant denies the allegations of paragraph 32.

12     33. Defendant denies the allegations of paragraph 33. Further, To the extent the allegations

13  contain legal conclusions, no admission or denial is required.

14     34. To the extent the allegations in paragraph 34 contain legal conclusions, no admission or

15  denial is required.

16     35. To the extent the allegations in paragraph 35 contain legal conclusions, no admission or

17  denial is required.

18     36. To the extent the allegations in paragraph 36 contain legal conclusions, no admission or

19  denial is required.

20

### FIRST CLAIM FOR RELIEF

21     37. In responding to paragraph 37, this answering Defendant re-allege and incorporate

22  herein by reference the responses to paragraphs 1-36 above.

23     38. Defendant lacks sufficient knowledge or information sufficient to form a belief as to

24  the truth of the allegations contained in paragraph 38 and they are therefore denied.

25     39. Defendant admits he acted within the course of his employment for CHP and acted

26  under color of state law. Without knowing which other officers the complaint is referring to,

27  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of

28  the allegations contained in paragraph 39, and they are therefore denied.

4

1      40. To the extent the allegations in paragraph 40 contain legal conclusions, no admission or

2   denial is required.

3      41. Defendant denies the allegations of paragraph 41 as to Officer Bolan. Without knowing

4   which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

5   information sufficient to form a belief as to the truth of the allegations contained in paragraph 41,

6   and they are therefore denied.

7      42. Defendant denies the allegations of paragraph 42 as to Officer Bolan. Without knowing

8   which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

9   information sufficient to form a belief as to the truth of the allegations contained in paragraph 42,

10   and they are therefore denied.

11      43. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

12   truth of the allegations contained in paragraph 43, and they are therefore denied.

13      44. Defendant denies the allegations of paragraph 44 as to Officer Bolan. Without knowing

14   which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

15   information sufficient to form a belief as to the truth of the allegations contained in paragraph 44,

16   and they are therefore denied.

17      45. Defendant denies the allegations of paragraph 45 as to Officer Bolan. Without knowing

18   which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

19   information sufficient to form a belief as to the truth of the allegations contained in paragraph 45,

20   and they are therefore denied.

21      46. Defendant denies the allegations of paragraph 46 as to Officer Bolan. Without knowing

22   which other officers the complaint is referring to, Defendant lacks sufficient knowledge or

23   information to form a belief as to the truth of the allegations contained paragraph 46, and they are

24   therefore denied.

25      47. To the extent the allegations in paragraph 47 contain legal conclusions, no admission or

26   denial is required.

27

28

**SECOND CLAIM FOR RELIEF**

48. In responding to paragraph 48, this answering Defendant re-alleges and incorporates herein by reference the responses to paragraphs 1-47 above.

49. Defendant admits that Officer Bolan acted within the course and scope of his employment with CHP and under color of state law. Without knowing which other officers the complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained paragraph 49, and they are therefore denied.

50. To the extent the allegations in paragraph 50 contain legal conclusions, no admission or denial is required.

51. To the extent the allegations in paragraph 51 contain legal conclusions, no admission or is required.

52. To the extent the allegations in paragraph 52 contain legal conclusions, no admission or is required.

53. Defendant admits that Mr. Brafford died. Defendant lacks sufficient knowledge or information to a form a belief as to the remainder of the allegations in paragraph 53, and they are therefore denied.

54. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and they are therefore denied.

55. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and they are therefore denied.

56. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and they are therefore denied.

57. To the extent the allegations in paragraph 57 contain legal conclusions, no admission or denial is required.

///

///

///

///

6

1    **THIRD CLAIM FOR RELIEF**

2    58. In responding to paragraph 58, this answering Defendant re-alleges and incorporates

3    herein by reference the responses to paragraphs 1-57 above.

4    59.    Defendant admits that Officer Bolan acted within the course and scope of his

5    employment with CHP and under color of state law. Without knowing which other officers the

6    complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

7    to the truth of the allegations contained paragraph 59, and they are therefore denied.

8    60. Defendant admits that Officer Bolan intentionally shot Mr. Brafford twice and Mr.

9    Brafford died. Defendant denies the remainder of the allegations of paragraph 60.

10    61. Defendant denies the allegations of paragraph 61.

11    62. To the extent the allegations in paragraph 62 contain legal conclusions, no admission

12    or denial is required.

13    63. Defendant denies the allegations as to Officer Bolan. Without knowing which other

14    officers the complaint is referring to, Defendant lacks sufficient knowledge or information to

15    form a belief as to the truth of the allegations contained paragraph 63, and they are therefore

16    denied.

17    64. To the extent the allegations in paragraph 64 contain legal conclusions, no admission or

18    denial is required.

19    **FOURTH CLAIM FOR RELIEF**

20    65. In responding to paragraph 65, this answering Defendant re-allege and incorporate

21    herein by reference the responses to paragraph 1-64 above.

22    66. Defendant admits that Officer Bolan acted within the course and scope of his

23    employment with CHP and under color of state law. Without knowing which other officers the

24    complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

25    to the truth of the allegations contained paragraph 66, and they are therefore denied.

26    67. Paragraph 67 contains conclusions of law which do not require an answer.

27    68.    Defendant denies each and every allegation of paragraph 68 and any inferences

28    therefrom.

7

1      69. Defendant denies each and every allegation of paragraph 69 and any inferences

2      therefrom.

3      70. Defendant denies each and every allegation of paragraph 70 and any inferences

4      therefrom.

5      71. Paragraph 71 contains conclusions of law which do not require an answer.

6      72. Defendant denies each and every allegation of paragraph 71 and any inferences

7      therefrom.

8      73. Paragraph 73 contains conclusions of law which do not require answer.

9      **<u>FIFTH CLAIM FOR RELIEF</u>**

10      74. In responding to paragraph 74, this answering Defendant re-alleges and incorporates

11      herein by reference the responses to paragraphs 1-73 above.

12      75. Defendant admits that Officer Bolan acted within the course and scope of his

13      employment with CHP and under color of state law. Without knowing which other officers the

14      complaint is referring to, Defendant lacks sufficient knowledge or information to form a belief as

15      to the truth of the allegations contained paragraph 75, and they are therefore denied.

16      76. Paragraph 76 contains conclusions of law which do not require an answer.

17      77. Defendant denies each and every allegation of paragraph 77 and any inferences

18      therefrom.

19      78. Defendant denies each and every allegation of paragraph 78 and any inferences

20      therefrom.

21      79. Defendant denies each and every allegation of paragraph 79 and any inferences

22      therefrom.

23      80. Defendant lacks sufficient knowledge or information to form of a belief as to the truth

24      of the allegation sin paragraph 80, and they are therefore denied.

25      81. Defendants denies each and every allegation of paragraph 81 and any inferences

26      therefrom.

27      82. Defendant denies each and every allegation of paragraph 82 and any inferences

28      therefrom.

1    83. Paragraph 83 contains conclusions of law which do not require an answer.

2    84. Defendant denies each and every allegation of paragraph 84 and any inferences

3    therefrom.

4    85. Paragraph 85 seeks conclusions of law which do not require an answer.

5                                    **PRAYER FOR RELIEF**

6        Defendant denies that he violated the Brafford's civil rights or that he committed any

7    wrongful act or omission which caused Plaintiffs any injury or damage whatsoever and deny that

8    Plaintiffs are entitled to any relief.

9        **AFFIRMATIVE DEFENSE NO. 1:**

10       Defendant alleges that the Complaint fails to state a claim for relief for violation of the

11   Civil Rights, Act 42 U.S.C. §1983, the Bane Civil Rights Act or any other claim asserted by

12   Plaintiff.

13       **AFFIRMATIVE DEFENSE NO. 2:**

14       Defendant Michael Bolan at all times alleged in the First Amended Complaint, acted in a

15   good faith belief that their actions were reasonable under the circumstances, did not violate

16   Plaintiff's constitutional rights, and therefore, Defendant is entitled to absolute or qualified

17   immunity. There is no liability pursuant to the Federal Civil Rights Act where one acts in good

18   faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-

19   established law. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

20       **AFFIRMATIVE DEFENSE NO. 3:**

21       Defendant alleges that Plaintiff, by his own conduct, induced and negligently and/or

22   intentionally cause and brought about the conduct of which he complains.

23       **AFFIRMATIVE DEFENSE NO. 4:**

24       Any and all alleged happenings and events, damages and injuries, if any there were, were

25   proximately caused and contributed to by the negligence of Plaintiff and others, each and all of

26   whom failed to exercise ordinary care at the times and places alleged in the First Amended

27   Complaint. Should any plaintiff recover damages, the amount thereof should be abated,

28

9

1  apportioned, and reduced to the extent that the negligence of any other person or entity caused or

2  contributed to damages, if any there were.

3  **AFFIRMATIVE DEFENSE NO. 5:**

4  Defendant alleges that the Complaint fails to state a claim for relief for punitive damages.

5  (Gov. Code, § 818; Civ. Code, § 3294.)

6  **AFFIRMATIVE DEFENSE NO. 6:**

7  Defendants alleges that Plaintiff assumed the risk of his conduct and is therefore barred

8  from pursuing this Complaint.

9  **AFFIRMATIVE DEFENSE NO. 7:**

10  The Complaint and each cause of action therein is barred by the applicable statute of

11  limitations.

12  **AFFIRMATIVE DEFENSE NO. 8:**

13  The Complaint for Violation of Civil Rights fails to state a claim against Defendant under

14  42 U.S.C. § 1983, including but not limited to Fourth and Fourteenth Amendment violations.

15  **AFFIRMATIVE DEFENSE NO. 9:**

16  Answering Defendant assert that in order to prevent further injury to them and/or others

17  and/or the escape of the Plaintiff and under the general circumstances of the situation, Officer

18  Bolan used reasonable force to control Plaintiff pursuant to Penal Code section 835 and

19  Government Code section 820.2.

20  **AFFIRMATIVE DEFENSE NO. 11:**

21  Officer Bolan used reasonable force on plaintiff who presented a serious and imminent

22  threat by advancing toward Officer Bolan with a knife.

23  **AFFIRMATIVE DEFENSE NO. 12:**

24  To the extent that Defendant used force in the incident alleged in the Complaint for

25  Violation of Civil Rights, such use of force was in the exercise of the right of self-defense. The

26  acts of Defendant were in the exercise of the right of self-defense or the right to defend others.

27  Civ. Code, §§ 43, 50; Pen. Code, §§ 197, 198.5, 417, 692, 835a, 836.5, subd. (b).

28

10

Def. Michael Bolan's Ans.to First Amended Complaint (2:24-cv-03405-DC-SCB)

1    **AFFIRMATIVE DEFENSE NO. 13:**

2    Defendant allege he acted appropriately in a sudden emergency situation.

3    **AFFIRMATIVE DEFENSE NO. 14:**

4    The conduct of Plaintiff estops him from claiming the damages alleged in the First

5    Amended Complaint.

6    **AFFIRMATIVE DEFENSE NO. 15:**

7    Defendant did not engage in any interference, or attempts to interfere, by threats,

8    intimidation, violence or coercion with Plaintiff's exercise or enjoyment of their constitutional

9    rights.

10    **AFFIRMATIVE DEFENSE NO. 16:**

11    The Complaint for Violation of Civil Rights herein fails to state facts sufficient to constitute

12    a cause of action in that simple negligence is not a federal civil rights violation. *Daniels v.*

13    *Williams,* 474 U.S. 327 (1986).

14    **AFFIRMATIVE DEFENSE NO. 17:**

15    Pursuant to Government Code sections 962 and 984, any judgment entered herein may be

16    paid by periodic payments rather than in a lump sum.

17    **AFFIRMATIVE DEFENSE NO. 18:**

18    Answering Defendant will be entitled to reasonable attorney fees and costs of suit upon

19    prevailing within the meaning of 42 U.S.C. § 1988.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

11

1    **AFFIRMATIVE DEFENSE NO. 19:**

2         Because the First Amended Complaint is couched in conclusory terms, these answering

3    Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter.

4    Accordingly, they reserve the right to assert additional, separate affirmative defenses as may

5    become appropriate in the future due to the discovery of additional facts or information.

6

7    Dated:  March 6, 2025                                        Respectfully submitted,

8                                                                        ROB BONTA
                                                                          Attorney General of California
9                                                                        CATHERINE WOODBRIDGE
                                                                          Supervising Deputy Attorney General
10

11                                                                      /s/ *LeeAnn E. Whitmore*

12                                                                      LEEANN E. WHITMORE
                                                                          Deputy Attorney General
13                                                                      *Attorneys for Defendants State of California*
                                                                          *by and through the California Highway*
14                                                                      *Patrol and Michael Bolan*

15    SA2024305317
      38832993.docx
16

17

18

19

20

21

22

23

24

25

26

27

28

12