UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNE BRAFFORD, et al.<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:24-cv-03405-DC-SCR<br><br>ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT CORRINE KISTLER AS GUARDIAN *AD LITEM* FOR MINOR PLAINTIFFS<br><br>(Doc. Nos. 17–18) |

On January 10, 2025, Plaintiff Brianne Brafford filed applications for her appointment as guardian *ad litem* for the minor plaintiffs. (Doc. Nos. 7–8.) On February 6, 2025, the court denied Plaintiff Brianne Brafford's applications without prejudice finding that while the requirements of Local Rule 202(a) had been satisfied, Plaintiff's counsel had not provided the disclosure of attorney's interest as required by Local Rule 202(c). (Doc. No. 14.) The court ordered Plaintiff Brianne Brafford to file a renewed application that complied with Local Rule 202(c). (*Id*. at 3.)

On February 27, 2025, Plaintiffs Brianne Brafford, H.D.B. and F.J.B.'s (collectively "Plaintiffs") filed motions for Corrine Kistler's appointment as guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 17–18.)[1] For the same reasons stated in the court's

---

[1] In Plaintiffs' motions, the documents refer to Plaintiff Brianne Brafford as "Briann Brafford." (Doc. Nos. 17–18.) As Plaintiffs do not indicate that the spelling of Plaintiff Brianne Brafford's name is erroneous, the court will adhere to the spelling of Plaintiff's name in the operative complaint. (Doc. No. 13.)

1

January 10, 2025 order, the court will deny without prejudice Plaintiffs' motions.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

Local Rule 202 requires disclosure of the attorney's interest, specifically requiring:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

Plaintiffs have not complied with Local Rule 202(c), as they have not disclosed their attorney's interest as required by Local Rule 202(c). For this reason, the court will deny Plaintiffs' motions without prejudice.

Accordingly:

1. Plaintiffs' motions for Corrine Kistler's appointment as guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B (Doc. Nos. 17–18) are denied, without prejudice, due to noncompliance with the requirements of Local Rule 202(c); and

2. Plaintiffs shall file renewed motions that comply with Local Rule 202(c) within three (3) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **March 30, 2025**

Dena Coggins
United States District Judge

2