UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNE BRAFFORD, et al.[1]<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.<br><br>Defendants. | No. 2:24-cv-03405-DC-SCR<br><br>ORDER GRANTING AMENDED APPLICATIONS OF CORRINE KISTLER FOR APPOINTMENT AS GUARDIAN *AD LITEM* FOR MINOR PLAINTIFFS F.J.B. AND H.D.B.<br><br>(Doc. Nos. 23, 24) |

On February 17, 2025, minor Plaintiffs H.D.B. and F.J.B. filed motions requesting the court appoint nonparty Corrine Kistler as their guardian *ad litem*. (Doc. Nos. 17–18.) The court denied those motions without prejudice on March 31, 2025, because the motion did not comply with the requirements of Local Rule 202(c). (Doc. No. 22.) On April 2, 2025, Corrine Kistler filed amended applications for appointment as guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 23–24.) No opposition to the pending applications have been filed. For the reason explained below, the court will grant the applications and appoint Corrine Kistler as guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent

---

[1] In Corrine Kistler's applications, the documents refer to Plaintiff Brianne Brafford as "Briann Brafford." (Doc. Nos. 23–24.) As the applications do not indicate that the spelling of Plaintiff Brianne Brafford's name is erroneous, the court will adhere to the spelling of Plaintiff's name in the operative complaint. (Doc. No. 13.)

1

person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

/////

     The proposed guardian *ad litem*, Corrine Kistler, is the grandmother of minor Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 23-1; 24-1.) In the pending applications, Corrine Kistler states she is "a responsible adult and fully competent to understand and protect the rights" of minor Plaintiffs H.D.B. and F.J.B., she has no interest potentially adverse to the minor Plaintiffs, and she consents to the appointment. (Doc. Nos. 23–24.) Based on those representations, the court finds Corrine Kistler to be an appropriate guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B. and the requirements of Local Rule 202(a) have been satisfied.

     The pending applications also meet the requirements of Local Rule 202(c). Specifically, Plaintiffs' counsel, Dale K. Galipo, states that his law firm, the Law Offices of Dale K. Galipo, were employed by Plaintiff Brianne Brafford, the minor Plaintiffs' mother, to represent Plaintiffs in this action. (Doc. Nos. 23 at 2; 24 at 2.) Attorney Galipo states that he and the attorneys at his firm did not become involved in this action at the instance of any party against whom Plaintiffs' claims are brought, and they are not employed by nor associated with Defendants or any insurance carriers in connection with Defendants. (Doc. Nos. 23 at 2–3; 24 at 2–3.) In addition, Attorney Galipo states he and the lawyers at his law firm have no prior relationship with the minor Plaintiffs.

     Accordingly:

1. The amended applications for the appointment of Corrine Kistler as guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B. (Doc. Nos. 23, 24) are GRANTED; and

2. Corrine Kistler is appointed guardian *ad litem* for minor Plaintiffs H.D.B. and F.J.B. and is authorized to prosecute the action on their behalf.

     IT IS SO ORDERED.

Dated:   **May 16, 2025**

Dena Coggins
United States District Judge

3