ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7515
  Fax: (916) 322-8288
  E-mail: LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants State of California by and through the California Highway Patrol and Michael Bolan*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIANNE BRAFFORD; H.D.B.; and F.J.B.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; MICHAEL BOLAN; and DOES 2-10, inclusive,**<br><br>Defendants. | Case No.: 2:24-cv-03405-DC-SCB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY PARTIAL SUMMARY JUDGMENT**<br><br>Date:        May 15, 2026<br>Time:        1:30 p.m.<br>Courtroom:  10<br>Judge:       Hon. Dena Coggins<br><br>Action Filed:  September 13, 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 15, 2026, at 1:30 p.m. or as soon as the matter may be heard in Courtroom 10 of the above entitled court located at 501 I Street, Sacramento, California, before the Honorable Dena Coggins pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 78-230 and 56-260, Defendants, State of California, by and through

1

the California Highway Patrol (CHP) and Michael Bolan (Officer Bolan) move this court for summary judgment as follows:

1. For summary judgment on the grounds that Plaintiff's 42 U.S.C. § 1983 and state-law claims fail because Officer Bolan used permissible and reasonable force stop the immediate threat of great bodily injury or death the decedent posed to Officer Bolan and others and Officer Bolan is immune from all claims. Because there is no liability for Bolan's conduct, Plaintiffs' claims for vicarious liability against CHP also fail.

2. If for any reason, summary judgment cannot be had, for partial judgment as to the following claims and issues:

A. Officer Bolan is entitled to judgment in his favor as to the Plaintiffs' First Claim for Relief pursuant to  pursuant to 42 U.S.C. § 1983 based on unreasonable use of force because the uncontroverted facts show that Officer Bolan's use of force was objectively reasonable.

B. Officer Bolan is entitled to judgment in his favor as to Plaintiffs' First claim for Relief pursuant to 42 U.S.C. § 1983 based on unreasonable use of force because there is no evidence showing that Officer Bolan violated any rights that were "clearly established" at the time of the alleged violation, and Officer Bolan is therefore entitled to qualified immunity.

C. Officer Bolan is entitled to judgment in his favor as to Plaintiffs' Second Claim for Relief pursuant to 42 U.S.C. § 1983 based on Fourteenth Amendment because Officer Bolan's use of force was reasonable.

D. Officer Bolan is entitled to judgment in his favor to Plaintiffs' Second Claim for Relief pursuant to 42 U.S.C. § 1983 based on Plaintiff's substantive due process rights because there is no evidence that Officer Bolan violated any rights that were "clearly established" at the time of the alleged violation, and Officer Bolan, is therefore entitled to qualified immunity.

E. Officer Bolan is entitled to judgment in his favor as to Plaintiffs' Third Claim for relief for battery because the uncontroverted evidence shows that Officer Bolan's use of force was reasonable.

2

F. Defendants are entitled to judgment in their favor as to Plaintiffs' Fourth Claim for Relief because the uncontroverted facts establish that Officer Bolan's use of force was objectively reasonable under the circumstances.

G. Officer Bolan is entitled to judgment in his favor as to the Fifth Claim for Relief for violation of the Bane Act because Officer Bolan's use of force was reasonable.

H. Defendants are entitled to judgment in their favor as to Plaintiffs' Third, Fourth and Fifth causes of action because Officer Bolan is immune from liability pursuant to California Government Code section 820.2, and his conduct is privileged pursuant to Penal Code sections 196 and 835a.

The motion is based on this notice, the memorandum of points and authorities, statement of undisputed facts, declaration of LeeAnn Whitmore and exhibits attached thereto and such matters as may properly come before this court.

As required under the Court's Standing Order in Civil Actions, the parties met and conferred prior to the filing of this motion. The undersigned outlined the factual and legal basis for the motion in several e-mails to Plaintiffs' counsel Marcel Sincich including reiterating the salient facts disclosed in discovery that support the basis for summary judgment. The undersigned and Plaintiffs' counsel also met and conferred telephonically on March 27, 2026. Plaintiffs' counsel agreed to dismiss the failure to provide medical care and failure to intervene allegations in the negligence cause of action but were unable to reach agreement on any other issue.

Dated: April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ *LeeAnn E, Whitmore*
LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendants State of*
*California by and through the California*
*Highway Patrol and Michael Bolan*

SA202430531

4