ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7515
  Fax: (916) 322-8288
  E-mail: LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants State of California by and through the California Highway Patrol and Michael Bolan*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIANNE BRAFFORD; H.D.B.; and F.J.B.,** | Case No.: 2:24-cv-03405-DC-SCB |
| Plaintiffs, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; MICHAEL BOLAN; and DOES 2-10, inclusive,** | Date:         May 15, 2026<br>Time:         1:30 p.m.<br>Courtroom:  10<br>Judge:        Hon. Dena Coggins |
| Defendants. | Action Filed:  9/13/2024 |

# TABLE OF CONTENTS

**Page**

Introduction.............................................................................................................. 1

Statement of Facts.................................................................................................... 2

Argument .................................................................................................................. 4

I.     Standard of review for Summary Judgment.................................................. 4

II.    Officer Bolan is Entitled to Judgment As to Plaintiffs' First Cause of Action Based on Unreasonable Use of Force ............................................... 5

    A.    The Uncontroverted Facts Establish That Officer Bolan's Use of Force Was Objectively Reasonable. ............................................... 5

    B.    Officer Bolan Did Not Violate Clearly Established Law ........................... 8

III.    Officer Bolan is Entitled to Judgement as to Plaintiffs' Second Cause of Action for Violation of Substantive Due Process Rights..................................... 11

    A.    There is no Evidence that Officer Bolan Acted With a Purpose to Harm Unrelated to a Legitimate Law Enforcement Objective. ................. 11

    B.    Officer Bolan Did Not Violate Clearly Established Law. ........................ 12

IV.    Officer Bolan is Entitled to Judgment in His Favor as to Plaintiffs' Third Claim for Relief For Battery Because the Uncontroverted Facts Establish that His Use of Force Was Objectively Reasonable ............................................. 12

    A.    Officer Bolan is Entitled to Judgment as to Plaintiffs' Fourth Claim for Relief for Negligence Because the Uncontroverted Facts Establish that His Use of Force was Reasonable Under the Totality of the Circumstances. ................................................................... 13

V.    Officer Bolan is Entitled to Judgment as to Plaintiff's Fifth Claim For Relief Pursuant to Civil Code section 52.1 Because There is No Evidence That He Violated Decedent's Constitutional Rights Or Acted With A Specific Intent to Violate Decedent's Right to Freedom From Unreasonable Seizure............................................................................ 14

VI.    Officer Bolan is Immune from Liability For Plaintiffs' State Law Claims Pursuant to California Government Code Section 820.2, And His Conduct is Privileged Pursuant to California Penal Code Section 835a ............................ 15

VII.    CHP is Entitled to Judgment in Its Favor as to Plaintiff's' Third, Fourth and Fifth Causes of Action Because Officer Bolan is Not liable.......................... 16

Conclusion ................................................................................................................ 16

i

# TABLE OF AUTHORITIES

**Page**

CASES

*A.D. v. Markgraf.*
    712 F.3d 446 (9th Cir. 2012)..................................................................................................... 11

*Abramson v. American Pac. Corp.*
    114 F.3d 898 (9th Cir. 1997)..................................................................................................... 5

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242..................................................................................................... 4

*Ashcroft v. a-Kidd*
    563 U.S. 731 (2011)..................................................................................................... 10

*Brousseau v. Haugen*
    543 U.S. 194 (2004)..................................................................................................... 9

*Brown v. Ransweiler*
    171 Cal. App. 4th 516 (2011.)..................................................................................................... 12

*Camarillo v. McCarthy*
    998 F.2d 638 (9th Cir. 1993)..................................................................................................... 9

*Carmen v. San Francisco Unified Sch. Dist.*
    237 F.3d 1026 (9th Cir. 2001)..................................................................................................... 5

*Carroll v. Carman*
    135 S.Ct. 348 (2014)..................................................................................................... 9

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986)..................................................................................................... 4, 5

*City & City. of San Francisco v. Sheehan*
    135 S.Ct. 1765 (2015)..................................................................................................... 8

*City & County of San Francisco v. Sheehan*
    575 U.S. 600 (2015)..................................................................................................... 6, 10

*Elliott v. Leavitt*
    99 F.3d 640 (4th Cir. 1996)..................................................................................................... 6

*Escondido v. Emmons*
    586 U.S. 38 (2019)..................................................................................................... 9

ii

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Estate of Ford v. Ramirez-Palmer*
301 F.3d 1043 (9th Cir. 2001)..................................................................... 10

*Gonzalez v. City of Anaheim*
747 F.3d 78 (9th Cir. 2014)................................................................. 11, 12

*Graham v. Connor*
490 U.S. 386 (1989)......................................................................... 5, 7, 8

*Hart v. City of Redwood City*
99 F.4th 543. (9th Cir. 2024.)...................................................... 6, 7, 8, 10

*Hayes v. County of San Diego*
57 Cal.4th 622 (2013) ..................................................................... 13, 14

*Hernandez v. City of Pomona*
46 Cal.4th 501 (2009) ..................................................................... 13, 15

*Jean-Baptiste v. Gutierrez*
627 F.3d 816 (11th Cir. 2010)............................................................... 5

*Keenan v. Allan*
91 F.3d 1275 (9th Cir. 1996).............................................................. 5

*Kisela v. Hughes*
584 U.S. 100 (2018)..................................................................... 9, 10

*Koussaya v. City of Stockton*
54 Cal. App. 4th 935 ........................................................................ 14

*KRL v. Estate of Moore*
512 F.3d 1184 (9th Cir. 2008)............................................................... 9

*Lujan v. Nat'l Wildlife Fed'n*
497 U.S. 871 (1990)......................................................................... 4

*Martinez v. County of Los Angeles*
47 Cal. App. 4th 334 (1996).............................................................. 15

*Mathsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574 (1986)....................................................................... 4, 5

*Mullenix v. Luna*
136 S. Ct. 305 (2015)....................................................................... 8

iii

**TABLE OF AUTHORITIES**
(continued)

Page

*Munoz v. City of Union City*
   120 Cal. App. 4th 1077 (2004) ................................................................ 12, 13

*Munoz v. Olin*
   24 Cal.3d 629 (1979) ........................................................................................ 13

*Napouk v. Las Vegas Metropolitan Police Department*
   123 F.4th 906 (9th Cir. 2024) .................................................................... *passim*

*Pearson v. Callahan*
   555 U.S. 223 (2009) ............................................................................................ 8

*Porter v. Osborn*
   546 F.3d 1131 ................................................................................................... 11

*Reese v. County of Sacramento*
   858 F.3d 1030 (2018) ........................................................................................ 10

*Reese v. Cty. Of Sacramento*
   888 F.3d at 1043 ......................................................................................... 14, 15

*Reichle v. Howards*
   566 U.S. 658 (2012) ............................................................................................ 9

*Reynolds v. County of San Diego*
   858 F.Supp. 1064 (S.D. Cal. 1994) ................................................................... 15

*S. B. v. County of San Diego*
   864 F.3d 1010 (9th Cir. 2017) ............................................................................ 6

*Sandoval v. County of Sonoma*
   912 F.3d 509 (9th Cir. 2018) ............................................................................ 14

*Saucier v. Katz*
   533 U.S. 194 (2001) ............................................................................................ 8

*Scott v. Henrich*
   39 F.3d 912 (9th Cir. 1994) ................................................................................ 5

*Shafer v. County of Santa Barbara*
   868 F.3d 1110 (9th Cir. 2017) ............................................................................ 9

*Sharp v. County of Orange*
   871 F.3d 901 (9th Cir. 2017) ............................................................................ 10

iv

## TABLE OF AUTHORITIES
### (continued)

Page

*Smith v. City of Hemet*
   394 F.3de 689, 704 (9th Cir. 2005.).................................................................. 6

*Tennessee v. Garner*
   471 U.S. 1 (1985).................................................................................. 10

*Wilkinson v. Torres*
   610 F.3d 546 (9th Cir. 2010)................................................................. 5, 10

**STATUTES**

Bane Act................................................................................................. 1, 14

Cal. Gov. Code § 815.2............................................................................ 16

Cal. Gov. Code § 820.2............................................................................ 15

Cal. Penal Code § 148(a) ....................................................................... 8, 16

Cal. Penal Code § 217.1 ......................................................................... 8, 15

Cal. Penal Code § 240 ............................................................................ 8, 15

Cal. Penal Code § 417.8 ......................................................................... 8, 16

Cal. Penal Code § 835A .......................................................................... 15

California Civil Code 52.1 ....................................................................... 16

California Civil Code § 52.1 .............................................................. 1, 2, 14, 15

**CONSTITUTIONAL PROVISIONS**

Fourth Amendment .................................................................................... 2

Fourteenth Amendment.......................................................................... 2, 11, 12

**COURT RULES**

Fed. R. Civ. P. Rule 56 ........................................................................... 4, 5

Fed. R. Civ. P. 56(c)................................................................................. 4

Fed. R. Civ. P. 56(e)................................................................................. 4

Defs. MPA in Support of MSJ or in the Alternative Partial Summary Judgment 2 (2:24-cv-03405-DC-SCB)

**INTRODUCTION**

Plaintiffs filed the instant lawsuit alleging that California Highway Patrol (CHP) Officer Michael Bolan (Officer Bolan) used "excessive force" against Travis Brafford (Decedent) during a law enforcement encounter on September 17, 2022, in a shopping center parking lot located at 2700 Bell Road in Auburn, California. Officer Bolan initially investigated a hit and run accident on Interstate 80 near the Bell Road exit in Auburn. He learned from the victim and witnesses that a white Jeep had rear-ended the vehicle and then left the scene.

In response to a dispatch call about a white Jeep driving recklessly on Bell Road and stopping at the shopping center, Officer Bolan went to the parking lot. Officer Bolan attempted to contact Decedent who was standing near the driver's side of the Jeep. Officer Bolan requested Decedent provide identification, instead Decedent armed himself with a knife and advanced toward Officer Bolan. Officer Bolan backed away from Decedent with his gun drawn, gave multiple commands to drop the knife and stated he did not want to shoot Decedent. Despite these commands and warning, Decedent continued to advance toward Officer Bolan. Decedent closed the distance between himself and Officer Bolan, Officer Bolan had no choice but to use deadly force to prevent his own death or serious bodily injury at the hands of Decedent. Officer Bolan fired two shots. Decedent died from his injuries.

Plaintiffs allege causes of action under federal law for unreasonable use of force and violation of substantive due process rights, and under state law for battery, negligence and violation of California Civil Code section 52.1 (the Bane Act).

The central issue in this motion is whether Officer Bolan was justified in using deadly force when Decedent advanced toward him while armed with a knife. The uncontroverted facts establish that Officer Bolan's use of force was objectively reasonable under the totality of the circumstances because he had probable cause to believe Decedent posed an imminent threat of serious bodily injury or death. Accordingly, Officer Bolan is entitled to judgment as to Plaintiffs' First Claim For Relief based on Excessive Force. For the same reasons, Plaintiffs' battery and negligence claims fail. Officer Bolan is entitled to judgment as to Plaintiffs' substantive due process claim because there is no evidence that his use of force was for a purpose to harm

1

unrelated to the legitimate law enforcement objective of self-defense. Plaintiffs' claims for violation of the Fourth and Fourteenth Amendments are also barred by qualified immunity, as Officer Bolan did not violate any "clearly established" law. There is no evidence Officer Bolan violated any constitutional rights or acted with a specific intent to violate any such right; therefore, Plaintiffs' California Civil Code section 52.1 claim fails. Defendant State of California by and through the California Highway Patrol (CHP) is entitled to judgment in its favor because Officer Bolan is not liable under any of Plaintiffs' state law claims. Accordingly, Defendants respectfully request that the court enter summary judgment, or in the alternative, partial summary judgment in their favor.

## STATEMENT OF FACTS

On September 17, 2022, CHP Officer Bolan was on duty in his CHP uniform. (Joint Undisputed Material Facts (JAMF) No. 1) At approximately 12:40 p.m., a white Jeep rear-ended a vehicle while driven by Cherie Smith on Interstate 80 eastbound near the Bell Road exit in Auburn.. Statement of Undisputed Facts in Support of Motion for Summary Judgment (UMF 1.) After the impact, the Jeep stopped in the center divider and drove off. (UMF 2) Officer Bolan initially met where Ms. Smith and witnesses were located on Interstate 80 eastbound. (JAMF 3). Ms. Smith told Officer Bolan that she believed a white Jeep was speeding when it hit her. (JAMF 4) The description of the Jeep Officer Bolan had was that it was white and had front end damage. (JAMF 5) At approximately 1:00 p.m., Officer Bolan acknowledged a broadcast from CHP dispatch about a white Jeep driving recklessly on Bell Road that had pulled into a parking lot at 2700 Bell Road, Auburn, California. (JAMF 6)

Officer Bolan arrived at the parking lot at approximately 1:11 p.m. He advised dispatch that he had located the Jeep and would be contacting the driver. (JAMF 7) He parked his patrol vehicle in the opposing stall of the Jeep to prevent it from moving forward. (JAMF 8) A truck with a dumpster trailer were parked in the stall next to the Jeep. (JAMF 9) Officer Bolan observed Decedent standing next to the driver's side door of the Jeep. (JAMF 10) Officer Bolan suspected Decedent of being the driver of the vehicle that reportedly rear-ended Ms. Smith. (JAMF 2) Officer Bolan was investigating Decedent's level of involvement in the earlier crash. (JAMF 12)

2

Decedent attempted to walk away from him and Officer Bolan put his hand on the shoulder to prevent him from walking away. (UMF 3) Officer Bolan believed Decedent was likely intoxicated. (UMF 4) Officer Bolan told Decedent that he was investigating a crash and Decedent's vehicle was involved. (JAMF 13) He told Decedent to get his license and insurance. (JAMF 13) Decedent appeared to comply with the instruction and went back to the Jeep. (JAMF 13) Officer Bolan moved back to the left rear of the Jeep so that he was not between the Jeep and trailer. (JAMF 14)

Officer Bolan saw Decedent reach into his vehicle and then saw him that him pull out a knife in his right hand. (JAMF 15) The knife had an approximately three inch blade. (JAMF 16) Officer Bolan was about eight to ten feet from Decedent when he first observed him with a knife. (UMF 5) Officer Bolan drew his weapon and backed up in the parking lot as Decedent walked toward him with the knife. (JAMF 17) The knife remained in Decedent's right hand and moved as Decedent walked toward Officer Bolan. (JAMF 19, UMF 6) He gave repeated commands for Decedent to drop his knife. (JAMF 18) Decedent continued to advance toward Officer Bolan with the knife in right hand. (UMF 7) He was about eight to ten feet from Officer Bolan walking forward toward Officer Bolan. (UMF 8) Officer Bolan continued to walk backwards. (UMF 8) It appeared to Officer Bolan, that Decedent was closing the distance between them. (UMF 9) Officer Bolan was aware there was a building behind him and at some point he would be in the thoroughfare where vehicles travel through the parking lot. (UMF 10) A bystander who was about twenty feet away also told Decedent to drop the knife. (UMF 11)

The knife remained in Decedent's right hand during the entire incident. (JAMF 19) Officer Bolan also told Decedent "I don't want to shoot you" as a verbal warning. (JAMF 20, UMF 12) Officer Bolan backed into a parking stall and stumbled on a curb of a planter area. (JAMF 21) Officer Bolan regained his balance and stood in the planter area. (UMF 13) Decedent continued to advance toward Officer Bolan with the knife in his right hand, blade extended outwards, closing the distance between them. (UMF 14) Officer Bolan believed that Decedent posed an imminent threat to him because he was getting closer to him with the weapon. (UMF 15) Because Officer Bolan feared for his safety/life, he shot Decedent twice. (UMF 16). Officer

3

Bolan shot Decedent shot twice in the Torso area.  (JAMF 25)  Decedent was approximately 6 feet away from Officer Bolan when he fired.  (UMF 17)

<strong>ARGUMENT</strong>

## I.    STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure states that the summary judgment shall be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  The moving party bears the initial burden of pleadings facts through its motion which show that there are no genuine issues of material fact; which showing can be made on the pleadings, depositions, affidavits and other discovery documents.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  Material issues are those that might affect the outcome of the suit under the governing law.  *Id.*

If the moving party has sustained its burden, the opposing party must then identify specific facts, drawn from the materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contended.  Fed. R. Civ. P. 56(c).  When the opponent bears the burden of proof at trial, the opponent must present affirmative evidence sufficiently probative such that a jury reasonably could decide the issue in favor of the opponent. *Mathsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  *(Id.)*  Also, in attempting to establish the existence of a factual dispute, the opposing party may not reply upon its pleadings, but is required to tender evidence of specific facts in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus.. Co.,* 475 U.S. at 586, n.11.  The nonmoving party must do more than make "conclusory allegations [in] an affidavit." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *Celotex Corp.,* 477 U.S. at 324.

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and upon which

4

that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322, *Abramson v. American Pac. Corp.,* 114 F.3d 898, 902 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the opposing party on the claims at issue. *Matsushita v. Elec. Indus. Co.,* 475 U.S. at 587. The Court need not "scour the record in search of a genuine issue of triable fact," *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996), but "may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1030-1031 (9th Cir. 2001).

Rule 56 also allows a court to grant partial summary judgment, and the standard for partial summary judgment is the same as for complete summary judgment.

**II. OFFICER BOLAN IS ENTITLED TO JUDGMENT AS TO PLAINTIFFS' FIRST CAUSE OF ACTION BASED ON UNREASONABLE USE OF FORCE**

**A. The Uncontroverted Facts Establish That Officer Bolan's Use of Force Was Objectively Reasonable.**

An excessive force claim against a police officer is considered a seizure and is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 397 (1989). Courts should analyze reasonableness from the perspective of the officer on the scene and a totality of the circumstances analysis with then-existing facts and circumstances rather than with the benefit of 20/20 hindsight. *Id.* at 396-397. In addition, a court must make "allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving." *Id.* at 397. A reasonable use of deadly force encompasses a range of conduct, and the availability of a less-intrusive alternative will not render conduct unreasonable." *Wilkinson v. Torres,* 610 F.3d 546, 551 (9th Cir. 2010). Requiring police officers to find and choose the least intrusive alternative would require them to exercise superhuman judgment. Officers therefore need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct identified as reasonable. *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994).

The Fourth Amendment "does not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect." *Jean-Baptiste v.*

5

*Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010); *Elliott v. Leavitt*, 99 F.3d 640, 644 (4th Cir. 1996) ("[T]he Fourth Amendment does not require omniscience . . . [o]fficers need not be absolutely sure, however, of the nature of the threat or the suspect's intent to cause them harm—the Constitution does not require that certitude precede the act of self-protection.")

The Ninth Circuit has repeatedly emphasized that the most important factor in analyzing an officer's use of force is whether the suspect posed an immediate threat to the safety of officers or others. *Napouk v. Las Vegas Metropolitan Police Department*, 123 F.4th 906, 915 (9th Cir. 2024); *S. B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). The Ninth Circuit has also recognized a non-responsive individual approaching while holding out a knife is unarguably an immediate threat. *Hart v. City of Redwood City*, 99 F.4th 543, 552. (9th Cir. 2024.) Where a suspect threatens an officer with a weapon such as a gun or knife, the officer is justified in using deadly force. *Smith v. City of Hemet*, 394 F.3de 689, 704 (9th Cir. 2005.) Officers are not required to indefinitely retreat when faced with an immediate threat. *Napouk*, 123 F.4th at 918.

Officer Bolan had compelling justification for his use of deadly force. Officer Bolan perceived an individual who was advancing towards him with a knife in a parking lot where traffic and others were present. Officer Bolan had attempted to create distance by walking backward, but Decedent continued to advance toward him in the parking lot, refused to drop the knife and they were getting closer to traffic and the businesses. Decedent ignored multiple commands to drop the knife and Officer Bolan only had seconds to react as Decedent closed the distance between them, had a knife with the blade facing outward in his right hand, and came within six feet of Officer Bolan, who believed that decedent posed an immediate threat to his safety.

In these types of fact patterns, courts have consistently found that an officer's use of deadly force is reasonable. *See e.g. City & County of San Francisco v. Sheehan*, 575 U.S. 600, 612-613 (2015) (holding officers were justified in using deadly force against a mentally ill person who was advancing on officers with a knife.); *Hart*, 99 F.4th at 548-549 (use of deadly force was objectively reasonable when decedent advanced at officers with a knife and ignored repeated

commands to drop the weapon).; *Napouk*, 123 F.4th at 916-918 (use of deadly force was objectively reasonable when decedent advanced on officers with a knife.)

Also weighing in favor of the reasonableness of the officer's use of force was the close proximity of Decedent when force was applied. In *Napouk*, the Court found it was reasonable to fire when the decedent was within ten feet of them, had ignored their commands and had moved at them. *Id.* In *Hart*, the Court found the shooting was reasonable because the decedent was at close range with the knife. *Hart, supra,* 99 F.4th at 548-549.

Decedent was six feet away from Officer Bolan, with a knife in his right hand, blade extended outward and continuing to advance toward Officer Bolan he fired. (JAMF 19, UMFs 14-17) Thus, Officer Bolan had probable cause to believe that Decedent posed an immediate threat of serious injury or death when Decedent advanced toward him while armed with a knife and had ignored multiple commands to drop the knife.

When evaluating force, courts should consider the amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared necessary. Ninth Cir. Model Jury Instr. 9.22.4. In this case, Officer Bolan was initially investigating Decedent for his involvement in a hit and run accident. Decedent suddenly escalated the situation when he began advancing toward Officer Bolan with a knife rather than produce his driver's license and insurance as requested. (JAMF 2, 12, 13, 19) Officer Bolan attempted to back away to create distance, while issuing multiple commands for Decedent to drop the knife. (UMFs 17, 18) Officer Bolan also said "I don't want to shoot you."(JAMF 20, UMF 12) Decedent did not drop the knife. (JAMF 19) A bystander also told Decedent to drop the knife. (UMF 11) Officer Bolan backed into a curb of a planter, Decedent closed the distance to approximately six feet and continued to advance, at which time Officer Bolan fired. The time from when Decedent rapidly escalated the situation to when shots were fired was mere seconds, giving Officer Bolan very little time to address the threat posed by Decedent.

Even though the immediacy of the threat at the issue is dispositive, the other *Graham* factors also support the reasonableness of Officer Bolan's conduct. The second factor is severity of crimes at issue. After encountering Officer Bolan, Decedent approached Officer Bolan while

7

holding a knife and refusing commands to drop it. Decedent's approach while carrying a deadly weapon may have constituted an assault on Officer Bolan. Cal. Penal Code §§ 217.1, 240 (defining "assault" as "an unlawful attempt, coupled, with a present ability to commit a violent injury on another.). He also willfully resisted Officer Bolan's repeated commands to "drop the knife," a form of resisting arrest, and did so while exhibiting a deadly weapon, both of which are also crimes in California. Cal. Penal Code §§ 148(a) 417.8.

The final *Graham* factor is whether Decedent was actively resisting or attempted to evade arrest by flight. As discussed above, Decedent failed to comply with orders to drop the knife he carried and continued to advance toward officers. This constitutes active resistance and satisfies the *Graham's* final factor. See e.g., *Hart*, 99 F.4th at 548-549 (holding decedent approaching officers with the knife while failing to comply with the officer's demands constitutes active resistance.)

Based on the totality of the circumstances, Officer Bolan's use of force was reasonable, and he is entitled to judgment as to Plaintiffs' First Cause of Action.

**B.    Officer Bolan Did Not Violate Clearly Established Law**

Assuming *arguendo* there is a triable issue of fact as to whether Officer Bolan's actions were reasonable, Officer Bolan is entitled to qualified immunity from Plaintiffs' claims because Plaintiffs cannot show any constitutional right may have been violated that was clearly established in law. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Public officials are immune from suit under 42 U.SC. § 1983, unless they have 'violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'" *City & City. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1775 (2015) (quoting *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (2014). An official "'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it,'. . .., meaning that 'existing precedent . . . placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011)); *Mullenix v. Luna*, 136 S. Ct. 305 (2015). Courts have discretion to decide which prong of the analysis to address first under the circumstances of a particular case. *Pearson v.*

8

*Callahan,* 555 U.S. 223, 236 (2009). A decision in defendant's favor on either prong establishes qualified immunity, even without consideration of the other prong. *See Shafer v. County of Santa Barbara,* 868 F.3d 1110, 1115 (9th Cir. 2017), *cert. denied sub nom. Shafer v. Padilla,* 138 S. Ct. 2582 (2018), citing *Pearson,* 555 U.S. at 236.

Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,'" and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Carroll v. Carman,* 135 S.Ct. 348, 350 (2014) (quoting *Ashcroft v. al-Kidd,* 131 S.Ct. 2083 (quoting *Malley v. Briggs,* 475 U. S. 335, 341 (1986)). If reasonable minds could differ, under the circumstances, as to whether the behavior was constitutionally permissible, then qualified immunity is appropriate. *KRL v. Estate of Moore,* 512 F.3d 1184, 1191 (9th Cir. 2008). In a Section 1983 action, the plaintiff "bears the burden of proving that the right allegedly violated was clearly established at the time of the official's allegedly impermissible conduct." *Camarillo v. McCarthy,* 998 F.2d 638, 640 (9th Cir. 1993). To surmount the "clearly established" threshold, "a right must be sufficiently clear that every reasonable official would have understood that what he is doing, violates that right. *Reichle v. Howards,* 566 U.S. 658, 664 (2012).

The inquiry must be undertaken in light of a specific case not as a broad general proposition. *Brousseau v. Haugen,* 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz,* 533 U.S. 194, 201). The Supreme Court has emphasized, specificity is especially in important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, such as excessive force, will apply to the factual situation the officer confronts. Use of excessive force is an area of law in which the result depends very much on the facts of the case. *Escondido v. Emmons,* 586 U.S. 38, 42 (2019) (quoting *Kisela v. Hughes,* 584 U.S. 100, 104 (2018)). This specificity is necessary because "[p]recedent involving similar facts can help move a case beyond the otherwise hazy border between excessive and acceptable force and thereby provide an officer notice that a specific use of force is unlawful." *Kisela,* 548 U.S. at 105. The Court in *Kisela* held that officers are entitled to qualified immunity where there is no existing precedent that governs the specific facts at issue. *Id.* The Ninth Circuit also recognized that plaintiffs must point to prior case law that articulates a

9

constitutional rule specific enough to alert the officers in a particular case that their conduct was unlawful. *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017).

After framing the right at the appropriate level of specificity, a court must analyze whether "controlling authority" or "a robust 'consensus of cases of persuasive authority'" establish that the official's conduct was unconstitutional. *Ashcroft v. a-Kidd*, 563 U.S. 731, 741-742 (2011). This standard is particularly important for peace officers who are required to make constitutional rights decisions in the midst of rapidly-developing dangerous circumstances using imperfect information. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2001).

It is well established that where a suspect threatens an officer with a weapon, or where the officer has probable cause to believe that the suspect poses a threat of death or serious physical harm to the officer or others, the officer is justified in using deadly force. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010). It is *not* clearly established that using deadly force in the situation faced by Officer Bolan would constitute excessive force under the Fourth Amendment. Neither Supreme Court nor Ninth Circuit precedent would have put a reasonable officer in Officer Bolan's position on notice that using force in the particular circumstances he faced would violate the Fourth Amendment.

The use of force was reasonable and case law would not have put Officer Bolan on notice that using force in this situation would violate the Fourth Amendment. *See e.g. City & County of San Francisco v. Sheehan*, 575 U.S. at 612-613 (holding officers were justified in using deadly force against a mentally ill person who was advancing on officers with a knife.); *Hart*, 99 F.4th at 548-549 (use of deadly force was objectively reasonable when decedent advanced at officers with a knife and ignored repeated commands to drop the weapon).; *Napouk*, 123 F.4th at 916-918 (use of deadly force was objectively reasonable when decedent advanced on officers with a knife.) In April 2018, the Supreme Court held that qualified immunity barred liability where officers shot a woman holding a knife, believing she was a threat to the woman standing near her. *Kisela*, 548 U.S. at 104. The same month, the Ninth Circuit held in *Reese v. County of Sacramento*, 858 F.3d 1030, 1038 (2018), that qualified immunity barred liability where an officer shot a suspect who came to the door wielding a knife, backed away when fired upon and

10

then stood in a position where the officer could not see his hands. The remaining cases cited were decided after the incident, which demonstrate there was not clearly established precedent that an officer could not fire when Officer Bolan perceived the threat of Decedent advancing toward him with a knife.

As such Officer Bolan is entitled to judgment in his favor as to Plaintiff's First Cause of action.

## III. OFFICER BOLAN IS ENTITLED TO JUDGEMENT AS TO PLAINTIFFS' SECOND CAUSE OF ACTION FOR VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS

### A. There is no Evidence that Officer Bolan Acted With a Purpose to Harm Unrelated to a Legitimate Law Enforcement Objective.

A claim against a police officer for substantive due process rights under the Fourteenth Amendment considers the subjective intent of the officer. *A.D. v. Markgraf*. 712 F.3d 446, 453 (9th Cir. 2012). Only official conduct which shock the conscience in depriving a person of the interest in familial relations is cognizable as a violation in due process. *Napouk*, 123 F.4th at 923. Where a law enforcement officer, makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives. *Id.; Porter v. Osborn*, 546 F.3d 1131, 1139-1141. Legitimate law enforcement objectives include arrest, self-defense or the defense of others. *A.D. v. California Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013). Summary judgment for the officer is appropriate when there is no evidence of an ulterior motive. *Gonzalez v. City of Anaheim*, 747 F.3d 78, 798-799 (9th Cir. 2014); *Napouk, supra*, 123 F.4th at 923.

The facts unearthed in discovery to date do not evidence any motivation for Officer Bolan's use of force other than self-preservation and protection of the public. *See Gonzalez*, 747 F.3d at 798 (summary judgment affirmed on Fourteenth Amendment claim where plaintiff did not have of officer's ulterior motive for use of force); *Napouk*, 123 F.4th at 923 (finding Fourteenth Amendment claim failed because there was no evidence the officers acted with anything other than legitimate law enforcement objectives of self-defense and defense of each other.) Officer Bolan made the decision to use force after Decedent advanced toward him with a knife in his hand, failed to follow commands to drop the knife, ignored his statement that he did not want to

11

shoot Decedent, continued to advance toward him and closed the distance between them in a rapidly evolving dangerous circumstance where he was under threat. Under these circumstances, the "purpose to harm" standard is not met, and Officer Bolan did not commit a substantive due process violation. Thus, Officer Bolan is entitled to summary judgment as to Plaintiffs' Second Cause of Action based on the Fourteenth Amendment.

### B. Officer Bolan Did Not Violate Clearly Established Law.

Officer Bolan did not violate clearly established law concerning Plaintiffs' substantive due process rights. The established law shows that the facts do not support a Fourteenth Amendment violation. *See Gonzalez,* 747 F.3d at 798 (summary judgment affirmed on Fourteenth Amendment claim where plaintiff did not have of officer's ulterior motive for use of force); *Napouk,* 123 F.4th at 923 (finding Fourteenth Amendment claim failed because there was no evidence the officers acted with anything other than legitimate law enforcement objectives of self-defense and defense of each other.)  Plaintiffs cannot show that there existed clearly established law such that every reasonable officer would have understood that his use of force in the circumstances Officer Bolan faced was unlawful under the Fourteenth Amendment. Thus, Officer Bolan is entitled to summary judgment on Plaintiffs' Second Cause of Action based on qualified immunity.

### IV. OFFICER BOLAN IS ENTITLED TO JUDGMENT IN HIS FAVOR AS TO PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR BATTERY BECAUSE THE UNCONTROVERTED FACTS ESTABLISH THAT HIS USE OF FORCE WAS OBJECTIVELY REASONABLE

Under California law, state battery cause of action, similar to the federal excessive force claim discussed in section II above, requires proof of unreasonable force. *Brown v. Ransweiler,* 171 Cal. App. 4th 516, 527 (2011.) Police are not treated as ordinary defendants as they are charged with protected public peace and order and use force as part of their duties. *Id.* Police are therefore "entitled to the even greater use of force than might be in the same circumstances required for self-defense." *Id.* An officer's use of force is reasonable if the officer "has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.* at 528 (quoting *Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1103 (2004)). The reasonableness analysis is "highly deferential to the police officer's need to protect himself and others." *Munoz v. City of Union City,* 120 Cal. App. 4th at 1103.

12

Officer Bolan had probable cause to believe that Decedent posed an immediate and significant threat of death or serious physical injury because Decedent was advancing toward him with a knife and refused to follow commands to drop the knife. Officer Bolan was forced to make quick decisions in the field, when confronted with a person who was advancing toward him with a knife in his right hand and acted in self-defense. *Id.* As such, Officer Bolan's actions were reasonable and did not constitute a battery. Accordingly, Officer Bolan is entitled to summary judgment on Plaintiffs' Third Claim for Relief based on battery.

A.    **Officer Bolan is Entitled to Judgment as to Plaintiffs' Fourth Claim for Relief for Negligence Because the Uncontroverted Facts Establish that His Use of Force was Reasonable Under the Totality of the Circumstances.**

Under California law, officers have a duty to use deadly force in a reasonable manner. *Munoz v. Olin*, 24 Cal.3d 629, 634 (1979). A claim for negligence under state law is broader than federal Fourth Amendment law, which tends to focus more narrowly on the moment when deadly force was used. *Id.* at 639. A state negligence claim, on the other hand, considers an officer's pre-shooting conduct as well. *Id.* at 629. When deciding negligence solely for the shooting itself, the same standard of reasonableness is used for negligence and Section 1983. See *Hernandez v. City of Pomona*, 46 Cal.4th 501, 512-12 (2009) (holding that the Court of Appeal correctly concluded that with respect to the actual shooting, the negligence issue in plaintiff's wrongful death claim – whether the offices acted with reasonable care in shooting plaintiff's decedent – is precisely the issue resolved against plaintiff by the federal jury in deciding their section 1983 claim). Where the pre-shooting conduct did not cause the plaintiff any injury independent of injury resulting from the shooting, the reasonableness of the officers pre-shooting conduct should not be considered in isolation. Rather, it should be considered in relation to the question whether the officers' ultimate use of force was reasonable. *Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013).

An officer will not be liable for negligence as long as his conduct falls within the range of conduct that is reasonable under the circumstances, there no requirement that he or she choose the 'most reasonable' action. *Hayes,* 57 Cal.4th at 632 (quoting *Brown*, 171 Cal.App.4th at 537-538.) Courts must analyze the reasonableness of the officer's conduct using the totality of the

13

circumstances and from the perspective of the reasonable officer on the scene, rather than with the vision of 20/20 hindsight. (*Id.; Koussaya v. City of Stockton*, 54 Cal. App. 4th 935.) Officers are not required to retreat or desist from his efforts to apprehend a suspect on account of their violent resistance. *Id.* at 942.

Officer Bolan's conduct and use of force was objectively reasonable and falls within a range of conduct and permitted discretion given the circumstances. Officer Bolan was attempting to investigate a hit and run accident. (JAMF 12) As part of that investigation, he requested the suspect's driver's license and registration. (JAMF 13)  Decedent appeared to comply with the request by returning to his vehicle and appearing to reach for items in the Jeep. Officer Bolan could not have anticipated that the suspect would instead produce a knife, advance on the officer and refuse to follow commands to drop the weapon. Officer Bolan had to act quickly while under threat of attack with a knife by Decedent who continued to advance toward him and ignored his commands to drop the weapon or his warning that he did not want to shoot him. Accordingly, Officer Bolan is entitled to summary judgment based on Plaintiff's Fourth claim for relief based on negligence.

**V.  OFFICER BOLAN IS ENTITLED TO JUDGMENT AS TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF PURSUANT TO CIVIL CODE SECTION 52.1 BECAUSE THERE IS NO EVIDENCE THAT HE VIOLATED DECEDENT'S CONSTITUTIONAL RIGHTS OR ACTED WITH A SPECIFIC INTENT TO VIOLATE DECEDENT'S RIGHT TO FREEDOM FROM UNREASONABLE SEIZURE**

Civil Code section 52.1 (the Bane Act) creates liability on persons who interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. Cal. Civ. Code § 52.1. For the reasons discussed above, Officer Bolan did not violate any constitutional rights; therefore the Bane Act claim fails.

In addition, to prove a Bane Act claim based on excessive force, a plaintiff must prove not only a constitutional violation, but also a "specific intent to violate the arrestee's right to freedom from unreasonable seizure. *Reese v. Cty. Of Sacramento*, 888 F.3d at 1043 (quoting *Cornell v. City and County of San Francisco*, 17 Cal. App. 4th 766, 801-802 (2017)); *see also, Sandoval v. County of Sonoma*, 912 F.3d 509, 519-520 (9th Cir. 2018). A mere intention to use force that a

14

jury may ultimately find unreasonable is insufficient. *Id.* at 1045 (quoting *United States v. Reese,* 2 F.3d 870, 885 (9th Cir. 1993)). Rather, a plaintiff must prove that the defendants "intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances." *Id.*

Plaintiff can provide no evidence of any specific intent by Officer Bolan to violate Decedent's constitutional rights. Accordingly, Officer Bolan is entitled to summary judgment on Plaintiffs' Fifth Claim for Relief pursuant to California Civil Code section 52.1.

## VI. OFFICER BOLAN IS IMMUNE FROM LIABILITY FOR PLAINTIFFS' STATE LAW CLAIMS PURSUANT TO CALIFORNIA GOVERNMENT CODE SECTION 820.2, AND HIS CONDUCT IS PRIVILEGED PURSUANT TO CALIFORNIA PENAL CODE SECTION 835A

California Government Code section 820.2 provides immunity to public employees for their discretionary acts, including when a police officer is required to make split-second judgment about whether force is called for, and how much force is appropriate, in dealing with a threat from a suspect. *Martinez v. County of Los Angeles,* 47 Cal. App. 4th 334, 349 (1996). In actions involving claims under state law, an officer's use of deadly force is privileged as a matter of law if he reasonably fears for his safety or that of others in the area. *Reynolds v. County of San Diego,* 858 F.Supp. 1064, 1074 (S.D. Cal. 1994), modified on other grounds, 84 F.3d 1162 (9th Cir. 1996) (recognizing an officer's split second decision to use force is exactly the kind of action which section 820.2 was enacted to shield from liability).

Additionally, peace officers are privileged under state law to use reasonable force to make an arrest, prevent an escape or overcome resistance. Cal. Penal Code § 835a, *Hernandez v. City of Pomona,* 46 Cal.4th 501 (2009). California Penal Code section 835a provides that an officer may use reasonable force to effect the arrest, to prevent escape or overcome resistance. As noted in Section II, after encountering Officer Bolan, Decedent advanced toward Officer Bolan while holding a knife and refusing commands to drop it. Decedent continued to advance toward Officer Bolan who was backing away while issuing the command to drop the knife. Decedent's approach while carrying a deadly weapon may have constituted an assault on Officer Bolan. Cal. Penal Code §§ 217.1, 240 (defining "assault" as "an unlawful attempt, coupled, with a present ability to commit a violent injury on another.). He also willfully resisted Officer Bolan's repeated

15

commands to "drop the knife," a form of resisting arrest, and did so while exhibiting a deadly weapon, both of which are also crimes in California. Cal. Penal Code §§ 148(a) 417.8.

Reasonable (privileged) force further bars liability against Officer Bolan who was forced to make a split-second decision in response to Decedent's credible threat of imminent serious harm. Accordingly, Defendants are entitled to summary judgment as to all of Plaintiffs' state law claims.

## VII. CHP IS ENTITLED TO JUDGMENT IN ITS FAVOR AS TO PLAINTIFF'S' THIRD, FOURTH AND FIFTH CAUSES OF ACTION BECAUSE OFFICER BOLAN IS NOT LIABLE

Plaintiff's state-law claims against CHP are premised on the public entity's vicarious liability for Officer Bolan's actions. Given that Officer Bolan is not liable for battery, negligence or violation of California Civil Code 52.1, CHP is also not liable. Cal. Gov. Code §815.2. Accordingly, CHP is entitled to Judgement as to Plaintiffs' Third, Fourth and Fifth claims for relief.

## CONCLUSION

Officer Bolan's use of force was reasonable and justified because Decedent advanced toward Officer Bolan with a knife and came within approximately six feet before Officer Bolan fired his gun. Decedent posed an obvious and immediate threat of serious bodily injury or death to Officer Bolan. For this reason and those discussed above, the Court should grant Defendants' motion and enter judgment in their favor.

16

Dated: April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendants State of
California by and through the California
Highway Patrol and Michael Bolan*

SA2024305317
39669842

17