**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:     (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANN BRAFFORD; H.D.B.; and F.J.B., | Case No. 2:24-cv-03405-DC-SCRx |
| Plaintiffs, | [*Honorable Dena M. Coggins*]<br>Mag. Judge Hon. Sean C. Riordan |
| vs. | **PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS** |
| STATE OF CALIFORNIA (by and through California Highway Patrol); MICHAEL BOLAN; and DOES 2-10, inclusive, | [*Filed concurrently with* Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiff's Additional Undisputed Facts; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Richard S. Bryce] |
| Defendants. | |
| | Hearing:   May 15, 2026<br>Time:       01:30 p.m.<br>Crtrm:      10 |

T        PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

**PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 260, and this Court's Initial Pretrial Scheduling Order, Plaintiffs respectfully submit this Response to Defendants' Statement of Undisputed Facts.

Respectfully submitted,

DATED:  April 16, 2026                                **LAW OFFICES OF DALE K. GALIPO**


By:   _/s/       Marcel F. Sincich_
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiffs*

## PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **1.**    At approximately 12:40 p.m., a white Jeep rear-ended a vehicle driven by Cherie Smith on Interstate 80 eastbound near the Bell Road exit in Auburn, California.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 2, Cherie Smith Depo at 10:10-17, 25-11:4, 12:12-20. | **Disputed** to the extent that it is information unknown given that the source of this fact is provided by the driver of the vehicle. What is relevant is the information known to Defendant Barto, not the testimony of Ms. Smith.<br><br>**Undisputed** that at approximately 12:40 p.m., Cherie Smith reported that a white Jeep rear-ended the vehicle she drove eastbound on Interstate 80 near the Bell Road exit in Auburn, California.<br><br>**Objections**:<br>**Rule 401/402/403**: Information Unknown. |
| **2.**    After the impact, the Jeep stopped in the center divider and drove off.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 2, Smith Depo at 13:9-10, 14:18-20. | **Disputed** to the extent that it is information unknown given that the source of this fact is provided by the driver of the vehicle. What is relevant is the information known to Defendant Barto, not the testimony of Ms. Smith.<br><br>**Undisputed** that Ms. Smith testified to that the Jeep stopped in the center divider and drove off.<br><br>**Objections**:<br>**Rule 401/402/403**: Information Unknown. |
| **3.**    Decedent attempted to walk away from Officer Bolan but Officer Bolan put his hand on his shoulder to prevent him from walking away.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Michael Bolan Depo at 25:13-14. | **Disputed**. Decedent was merely walking towards the front of Officer Bolan's vehicle, at a time when Officer Bolan did not have reasonable suspicion to detain Decedent, then Officer Bolan grabbed Decedent's shirt sleeve and pulled Decedent around to face him, then Decedent took a few steps backwards as Officer Bolan approached him and Decedent put his hands up with palms out in submission until Officer Bolan continued to move closer to Decedent and put his hands in Decedent's chest, according to Officer Bolan's dash-camera video. (**Exh. C, Bolan Video 1** at 00:15-00:42.)<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |

T    PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **4.** Officer Bolan believed Decedent was likely intoxicated.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 27:15-16. | **Disputed**. Officer Bolan never asked if Decedent had anything to drink. (**Exh. A, Bolan Depo** at 34:14-16.) Further, Bolan recognized Brafford as displaying behavior that was consistent with a person suffering from a mental health crisis. (**Exh. B, Bolan Statement** at 71:22-72:23.)<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Speculation, Lacks Foundation. |
| **5.** Officer Bolan was about 8 to 10 feet from Decedent when he first observed him with the knife.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 35:15-20. | **Undisputed** that Officer Bolan testified to this statement for the purpose of this motion.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Speculation. Lacks Foundation. |
| **6.** The knife was moving with the swing of his arm as Decedent was walking.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 41:18-25, 42:13-18, 54:5-15. | **Disputed**. Officer Bolan also affirmed that Decedent had the knife down at his side as he was in a natural walking motion. Officer Bolan also stated that the knife was "somewhere close to his side" immediately before Officer Bolan fired. Decedent never raised the knife up to his chest or shoulder or ear or over his head; never attempted to throw the knife; and never made a stabbing motion with the knife. The videos show the knife stayed down by his side. (**Exh. A, Bolan Depo** at 41:18-25, 42:9-11, 42:19-21, 54:5-9, 54:16-25.)<br><br>**Exh. D, Bolan Video 2** at 00:14-00:31.<br><br>**Exh. E, Cell Video** at 00:00-00:12.<br><br>**Exh. F, CAC Video** at 00:25-00:37.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Vague and Ambiguous. |
| **7.** Decedent continued to advance toward Officer Bolan with the knife. | **Undisputed** that Decedent walked towards Officer Bolan with the knife down by his side. |

4                    Case No. 2:24-cv-03405-DC-SCRx

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence:<br>Ex. 3, Cheryl Cunnigham Depo at 21:3-20.<br><br>Ex. 4, Cunnigham Cell Phone Video at 0:01-0:08. | **Disputed** as argumentative regarding the term "advance."<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial. |
| **8.**     Decedent was about 8 to 10 feet from Officer Bolan walking toward Officer Bolan who continued to walk backwards.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 36:8-18; 53:10-17. | **Disputed**. Officer Bolan's approximate range of distance is not accurate. Officer Bolan testified that he maintained distance between himself and Decedent and Decedent was over 10 feet away from Officer Bolan at the time the shots were fired, therefore Decedent was over 10 feet away from Officer Bolan during the walking sequence. A jury could find that Decedent was well over 10 feet away from Officer Bolan during the initial walking sequence as Decedent walked at a steady slow pace. (**Exh. D, Bolan Video 2** at 00:14-00:32.) A jury could find that Decedent was well over 10 feet away from Officer Bolan during the remainder of the walking sequence up to the time the shots were fired as Decedent walked at a steady slow pace. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) A jury could find that Decedent was over 10 feet away from Officer Bolan at the time the shots were fired. (**Bryce Decl ¶**9) (**PAUF** 53.)<br><br>**Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Rule 702**: Improper Expert Opinion. |
| **9.**     It appeared that Decedent was closing the distance between them.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 47:21-48:2. | **Disputed**. Decedent did not close the distance between them, instead Officer Bolan chose to maintain the distance between him and Decedent instead of increasing the distance. Officer Bolan testified that he maintained distance between himself and Decedent and Decedent was approximately over 10 feet away from Officer Bolan at the time the shots were fired, therefore Decedent was over 10 feet away from Officer Bolan during the walking sequence. A jury could find that Decedent was well over 10 feet away from Officer Bolan |

T       PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | during the initial walking sequence as Decedent walked at a steady slow pace. (**Exh. D, Bolan Video 2** at 00:14-00:32.) A jury could find that Decedent was well over 10 feet away from Officer Bolan during the remainder of the walking sequence up to the time the shots were fired as Decedent walked at a steady slow pace. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) A jury could find that Decedent was over 10 feet away from Officer Bolan at the time the shots were fired. (**Bryce Decl** ¶9.) A jury could find that Decedent slowed down when he saw Officer Bolan about to stumble and as he stumbled on the curb. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) (**PAUF** 53.)<br><br>**Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Rule 702**: Improper Expert Opinion. |
| 10.      Officer Bolan was aware that there was a building somewhere behind him and that at some point he would be in the thoroughfare where vehicles travel through the parking lot.<br><br>Defendants' Evidence:<br>Ex. 1, Bolan Depo at 37:23-38:5. | **Undisputed** that Officer Bolan continued walking backwards towards a building behind him that he was aware of instead of leading the encounter away from the building.<br><br>**Disputed** as unintelligible regarding "at some point he would be in the thoroughfare where vehicles travel through the parking lot." The entire walking sequence, up to the point that Officer Bolan chose to change directions and walk into a parking stall and then into a planter, was in a "thoroughfare where vehicles travel through the parking lot." The incident occurred in a parking lot. (**Exh. C, Bolan Video 1** at 00:15-00:42; **Exh. D, Bolan Video 2** at 00:14-00:32; **Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.)<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Confuses the Issues, Misleading. |

T       PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **11.** A bystander who was twenty feet away also told Decedent to listen to Officer Bolan and drop the knife.<br><br>Defendants' Evidence:<br>Ex. 1, Bolan Depo at 52:5-10. | **Undisputed** for the purposes of this motion.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 801/802**: Hearsay. |
| **12.** Officer Bolan told Decedent "I don't want to shoot you" as a verbal warning.<br><br>Defendants' Evidence:<br>Ex. 1, Bolan Depo at 50:5-6, 64:1-8. | **Undisputed** that Officer Bolan stated "I don't want to shoot you."<br><br>**Disputed** that officers gave a verbal warning that deadly force would be used if Decedent did not stop and/or drop the knife. (**PAUF** 26.)<br><br>Q. Did you ever give him a verbal warning that you were going to shoot him?<br><br>A. No. (**Exh. A, Bolan Depo** at 50:7-9.)<br><br>**Objections**:<br>**Rule 403**: Argumentative, Misstates Evidence, Misleading, Misstates Testimony.<br>**Rule 801/802**: Hearsay. |
| **13.** Officer Bolan regained his balance and stood in the planter area.<br><br>Defendants' Evidence:<br>Ex. 1, Bolan Depo at 40:14-15. | **Disputed** as phrased to the extent that it is inferring that Officer Bolan lost his balance and fell on the ground as opposed to a temporary stumble. Further disputed to the extent that it is inferring that Officer Bolan stopped moving backwards once he was in the planter. The videos show that Officer Bolan stumbled and he continued to move backwards and then fired his weapon at Decedent. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.)<br><br>**Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading, Incomplete.<br>**Rule 403/602**: Compound. |
| **14.** Decedent continued to advance toward Officer Bolan with the knife in his right hand, blade extended outward, closing the distance between them.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 42: 1-4, 50:10-13, 65:12-17. | **Disputed**. Decedent did not close the distance between them, instead Officer Bolan chose to maintain the distance between him and Decedent instead of increasing the distance. Officer Bolan testified that he maintained distance between himself and Decedent and Decedent was over 10 feet away from Officer Bolan at the time the shots were fired, therefore Decedent was over 10 feet away from |

Case No. 2:24-cv-03405-DC-SCRx

T    PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 5, CAC Fitness Gym Video at 0:00:20-0:00:24. | Officer Bolan during the walking sequence. A jury could find that Decedent was well over 10 feet away from Officer Bolan during the initial walking sequence as Decedent walked at a steady slow pace. (**Exh. D, Bolan Video 2** at 00:14-00:32.) A jury could find that Decedent was well over 10 feet away from Officer Bolan during the remainder of the walking sequence up to the time the shots were fired as Decedent walked at a steady slow pace. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) A jury could find that Decedent was over 10 feet away from Officer Bolan at the time the shots were fired. (**Bryce Decl** ¶9.) A jury could find that Decedent slowed down when he saw Officer Bolan about to stumble and as he stumbled on the curb. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) (**PAUF** 53.)<br><br>**Disputed** that Decedent had the blade extended outward.<br><br>**Undisputed**, that Decedent kept the knife down in a nonthreatening manner by his side in his right hand.<br><br>**Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Rule 702**: Improper Expert Opinion. |
| **15.**   Officer Bolan believed that Decedent posed an imminent threat to his safety because he was getting closer to him with the knife, with the blade extended.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1, Bolan Depo at 50:14-17, 65:5-6. | **Disputed**. Decedent was not an immediate threat of death or serious bodily injury. Officer Bolan had never seen Decedent before and knew nothing about his background; Officer Bolan understood the Jeep had no wants or warrants; Officer Bolan knew Decedent had a head injury; Decedent never verbally threatened anyone; Decedent never attempted to punch, kick, or tackle anyone; Decedent never attempted to attack Officer Bolan with the knife; Decedent never raised the knife up in threatening or furtive manner; Decedent kept the small 3" blade knife down by his side; Officer Bolan never attempted to take cover; |

Case No. 2:24-cv-03405-DC-SCRx

T   PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | Decedent did not close the distance; Decedent never ran, lunged, charged or moved fast towards anyone; and Decedent was over 10 feet away at the time of Officer Bolan's shots. (**PAUF** 41-54.)<br><br>**Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Facts, Confuses the Issues, Misleading, Legal Conclusion, Improper Ultimate Issue Opinion.<br>**Rule 403/602/611**: Speculation, Lacks Foundation.<br>**Rule 702**: Improper Expert Opinion. |
| **16.** Because Officer Bolan feared for his safety/life because he believed that Decedent posed an imminent threat to his safety because he was getting closer to him with the knife, with the blade extended.<br><br>Defendants/Moving Party's Evidence: Ex. 1, Bolan Depo at 50:14-17, 65:5-6. | **Disputed**. Decedent was not an immediate threat of death or serious bodily injury. Officer Bolan had never seen Decedent before and knew nothing about his background; Officer Bolan understood the Jeep had no wants or warrants; Officer Bolan knew Decedent had a head injury; Decedent never verbally threatened anyone; Decedent never attempted to punch, kick, or tackle anyone; Decedent never attempted to attack Officer Bolan with the knife; Decedent never raised the knife up in threatening or furtive manner; Decedent kept the small 3" blade knife down by his side; Officer Bolan never attempted to take cover; Decedent did not close the distance; Decedent never ran, lunged, charged or moved fast towards anyone; and Decedent was over 10 feet away at the time of Officer Bolan's shots. (**PAUF** 41-54.)<br><br>**Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Facts, Confuses the Issues, Misleading, Legal Conclusion, Improper Ultimate Issue Opinion.<br>**Rule 403/602/611**: Speculation, Lacks Foundation.<br>**Rule 702**: Improper Expert Opinion. |
| **17.** Decedent was approximately 6 feet away from Officer Bolan when Officer Bolan fired.<br><br>Defendants/Moving Party's Evidence: | **Disputed**. Officer Bolan testified that he maintained distance between himself and Decedent, and Decedent was over 10 feet away from Officer Bolan at the time the shots were fired, therefore Decedent was over 10 feet |

T

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 1, Bolan Depo at 48:3-17. | away from Officer Bolan during the walking sequence. A jury could find that Decedent was well over 10 feet away from Officer Bolan during the initial walking sequence as Decedent walked at a steady slow pace. (**Exh. D, Bolan Video 2** at 00:14-00:32.) A jury could find that Decedent was well over 10 feet away from Officer Bolan during the remainder of the walking sequence up to the time the shots were fired as Decedent walked at a steady slow pace. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) A jury could find that Decedent was over 10 feet away from Officer Bolan at the time the shots were fired. (**Bryce Decl ¶9.**) A jury could find that Decedent slowed down when he saw Officer Bolan about to stumble and as he stumbled on the curb. (**Exh. E, Cell Video** at 00:00-00:12; **Exh. F, CAC Video** at 00:24-00:37.) (**PAUF 53.**) <br><br> **Objections**: <br> **Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading. <br> **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. <br> **Rule 702**: Improper Expert Opinion. |

T

PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS