**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANN BRAFFORD; H.D.B.; and F.J.B., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA (by and through California Highway Patrol); MICHAEL BOLAN; and DOES 2-10, inclusive, <br><br> Defendants. | Case No. 2:24-cv-03405-DC-SCRx <br><br> [*Honorable Dena M. Coggins*] <br> Mag. Judge Hon. Sean C. Riordan <br><br> **PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS** <br><br> [*Filed concurrently with* Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiff's Responses to Defendants' Statement of Undisputed Facts; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Richard S. Bryce] <br><br> Hearing:    May 15, 2026 <br> Time:        01:30 p.m. <br> Crtrm:      10 |

1                                          Case No. 2:24-cv-03405-DC-SCRx
PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

**PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS**

Pursuant to Local Rule 260, and this Court's Initial Pretrial Scheduling Order, Plaintiffs respectfully submit this Response to Defendants' Statement of Additional Undisputed Facts.

Respectfully submitted,

DATED:  April 16, 2026                    **LAW OFFICES OF DALE K. GALIPO**


By:          /s/     Marcel F. Sincich
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiffs*

PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

## PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

| Plaintiffs' Undisputed Facts | Plaintiffs' Supporting Evidence |
|---|---|
| **Nature of the Crime at Issue** | |
| 1.      After observing the rear end of Ms. Smith's vehicle, Officer Bolan did not see any damage that really stood out in his mind, only that she could not "close her hatch" but the car was still drivable. | **Exh. A, Bolan Depo** at 18:11-19. |
| 2.      Officer Bolan classified the incident as a misdemeanor hit-and-run with property damage only. | **Exh. A, Bolan Depo** at 16:18-21.  **Exh. B, Bolan Statement** at 37:2-12. |
| 3.      Ms. Smith declined medical assistance from Officer Bolan after he asked if she needed it and Officer Bolan did not see any injuries to Ms. Smith. | **Exh. A, Bolan Depo** at 18:6-10.  **Exh. B, Bolan Statement** at 37:2-12 (property damage only) |
| 4.      Officer Bolon only knew that the Jeep was white and had front end damage, and neither the victim nor the witness was able to provide a license plate. | **Exh. B, Bolan Statement** at 40:9-10.  **Joint Statement of Undisputed Facts** ("JSUF") ¶5. |
| 5.      However, Officer Bolan located a Jeep at Applebee's. | **Exh. A, Bolan Depo** at 19:5-7.  **JSUF** ¶7. |
| 6.      Officer Bolan did not have reasonable suspicion to detain Brafford. | **Exh. A, Bolan Depo** at 27:9-12. |
| 7.      The victim and the witness also said that the vehicle was smoking when it fled, but the Jeep did not have any smoke coming from it. | **Exh. B, Bolan Statement** at 43:21-23. |
| 8.      Officer Bolan did not know what the victim saw and what the witness saw and believed that their stories "probably got diluted because one was talking to the other." | **Exh. B, Bolan Statement** at 39:1-4. |
| 9.      The only information Officer Bolan had regarding the driver was that it was a male and maybe bald and that there may be two occupants in the Jeep. | **Exh. A, Bolan Depo** at 17:2-5. |
| 10.      When Officer Bolan made contact with Brafford, Bolan observed that Brafford did not fit the description of the driver because Brafford was not bald, and Officer Bolan did not know if Brafford was the passenger of the Jeep. | **Exh. A, Bolan Depo** at 26:24-27:12.  **JSUF** ¶10 (Mr. Brafford standing outside vehicle upon approach). |

PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

| Plaintiffs' Undisputed Facts | Plaintiffs' Supporting Evidence |
|---|---|
| 11. Officer Bolan never asked Brafford if he had anything to drink. | **Exh. A, Bolan Depo** at 34:14-16. |
| 12. Even though Officer Bolan did not have reasonable suspicion to stop Brafford, when Brafford attempted to walk away, Officer Bolan escalated the situation by putting his hand on Brafford's chest and stopping him. | **Exh. B, Bolan Statement** at 45:4-5. |
| 13. Brafford did not swipe Officer Bolan's hands away when Officer Bolan put his hand on Brafford's chest, instead Brafford put his hands up and stepped back. | **Exh. A, Bolan Depo** at 43:24-44:8. <br><br> **Exh. B, Bolan Statement** at 61:22-62:2. |
| 14. Brafford never attempted to flee. | **Exh. C, Bolan Video 1** at 00:15-00:42. <br><br> **Exh. D, Bolan Video 2** at 00:14-00:32. <br><br> **Exh. E, Cell Video** at 00:00-00:12. <br><br> **Exh. F, CAC Video** at 00:24-00:37. |
| **Officer Bolan' Pre-Shooting Tactics** | |
| 15. In determining if deadly force reasonably appears necessary, officers are trained that they shall evaluate each situation and if reasonably safe and feasible to do so, officers shall use other available resources and techniques. | **Bryce Decl** ¶5. |
| 16. Here there were reasonable and available resources and techniques that Officer Bolan could have utilized rather than escalating the situation and using deadly force but failed to do so, including calling for backup, using cover and distance, using and creating time, tactical communication and de-escalation, appropriate warnings, and use of less lethal force. | **Bryce Decl** ¶5. |
| 17. Officer Bolan failed to formulate a plan. | **Exh. B, Bolan Statement** at 40:25-41:3. |
| 18. Officer Bolan failed to request assistance when he felt Mr. Brafford would not comply with his directives. | **Bryce Decl** ¶5. <br><br> **Exh. A, Bolan Depo** at 23:16-19. When Officer Bolan first learned that there was a Jeep at Applebee's, he did not consider requesting another unit. <br><br> **Exh. A, Bolan Depo** at 23:20-23. When Officer Bolan initially contacted Brafford, he considered calling for another unit but did not. |

4                    Case No. 2:24-cv-03405-DC-SCRx

PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

| Plaintiffs' Undisputed Facts | Plaintiffs' Supporting Evidence |
|---|---|
| 19. Officer Bolan was armed with a Taser during the incident (but did not use it). | **Exh. A, Bolan Depo** at 14:17-18. |
| 20. When Mr. Brafford was walking towards Officer Bolan with a knife in his hand, and refusing to drop the knife, Officer Bolan could have used his Taser to cause Mr. Brafford to drop the knife and follow Officer Bolan's commands, or otherwise subdue Mr. Brafford, rather than waiting until he subjectively felt the necessity to use deadly force. | **Bryce Decl** ¶5. |
| 21. Officer Bolan could have de-escalated the situation, below the level of using deadly force, including by using his Taser to cause Mr. Brafford to stop walking towards him with a knife in his hand. | **Bryce Decl** ¶5. |
| 22. The Taser is a less-lethal use of force and could be used as a deescalation tool to overcome resistance. The Taser is designed to cause neuromuscular incapacitation. Officer Bolan had the opportunity to use the Taser and failed to do so. | **Bryce Decl** ¶5. |
| 23. According to the training, the Taser can be used effectively up to 25 feet away from the subject designed to cause neuromuscular incapacitation. | **Exh. A, Bolan Depo** at 21:21-22:13, 22:22-23:7. |
| 24. Officer Bolan never considered tactically handcuffing Brafford and waiting for backup to arrive. | **Exh. A, Bolan Depo** at 28:25-29:3. |
| 25. Officer Bolan stated that he walked backwards for approximately 75 feet in an encounter that lasted approximately 30 seconds. | **Exh. B, Bolan Statement** at 55:11, 63:13-14. |
| 26. Officer Bolan never gave a verbal warning and did not even give a command between hitting the curb and firing his shots. | **Exh. A, Bolan Depo** at 41:12-14, 50:7-9. |
| 27. Officer Bolan had room to maneuver but chose not to and had cover available but chose not to use it. | **Exh. C, Bolan Video 1** at 00:15-00:42. <br> **Exh. D, Bolan Video 2** at 00:14-00:32. <br> **Exh. E, Cell Video** at 00:00-00:12. <br> **Exh. F, CAC Video** at 00:24-00:37. <br> **Bryce Decl** ¶5. |

5                                    Case No. 2:24-cv-03405-DC-SCRx

PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

| Plaintiffs' Undisputed Facts | Plaintiffs' Supporting Evidence |
|---|---|
| **Officer Bolan Intentionally Used Deadly Force** ||
| **28.** Officers are trained that deadly force can only be used if there is an imminent or immediate threat of death or serious bodily injury. | **Exh. A, Bolan Depo** at 62:15-19.<br>**Bryce Decl ¶¶**6, 8; Penal Code Section 835a. |
| **29.** "Imminent threat" means that the person must have the ability, opportunity, and apparent intent to immediately cause death or serious bodily injury. | **Exh. A, Bolan Depo** at 62:20-24.<br>**Bryce Decl ¶¶**6, 8; Penal Code Section 835a. |
| **30.** Fear of future harm, no matter how great the fear and no matter how likely the harm, is insufficient to use deadly force, it must be instantly confronted. | **Exh. A, Bolan Depo** at 63:17-22.<br>**Bryce Decl ¶**6; Penal Code Section 835a. |
| **31.** "Totality of the Circumstances" as taught to police officers, means all facts known to the peace officer at the time, including the conduct of the officer and the subject leading up to the use of deadly force. | **Bryce Decl ¶**6; Penal Code Section 835a. |
| **32.** Officers must justify every shot. | **Exh. A, Bolan Depo** at 63:23-25. |
| **33.** In his attempt, Officer Bolan states that he fired his weapon because he believed Brafford "closed the distance, and [] was an immediate threat to [his] safety." | **Exh. A, Bolan Depo** at 65:5-7. |
| **34.** Officer Bolan "tried to be" situationally aware but failed to be aware that he walked backwards into a curb. | **Exh. A, Bolan Depo** at 37:23-25, 38:6-9. |
| **35.** When Officer Bolan stepped into the planter, he lost balance and stumbled. | **Exh. A, Bolan Depo** at 39:16-25.<br>**Exh. E, Cell Video** at 00:00-00:12.<br>**Exh. F, CAC Video** at 00:24-00:37.<br>**JSUF ¶**21. |
| **36.** Only then did Officer Bolan fire two shots from his .40 caliber semi-automatic handgun striking Brafford twice in the chest. | **Exh. A, Bolan Depo** at 21:7-12, 41:15-17, 51:15-17, 56:24-57:3.<br>**JSUF ¶¶**23-25. |
| **37.** Brafford fell on the parking lot surface, not in the planter. | **Exh. A, Bolan Depo** at 55:22-56:2. |
| **38.** Brafford fell forward to his knees and then to his side and Officer Bolan pulled Brafford to lay him flat. | **Exh. A, Bolan Depo** at 62:10-14.<br>**Exh. E, Cell Video** at 00:00-00:30.<br>**Exh. F, CAC Video** at 00:24-01:00. |

Case No. 2:24-cv-03405-DC-SCRx

PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS

| Plaintiffs' Undisputed Facts | Plaintiffs' Supporting Evidence |
|---|---|
| 39.    Officer Bolan had no physical injuries related to this incident and no rips or tears in his uniform. | **Exh. A, Bolan Depo** at 20:24-21:3. |
| **Brafford Was Not An Immediate Threat of Death of Serious Bodily Injury** ||
| 40.    Officer Bolan was 6 foot and 190 pounds with 15 years of experience as a CHP officer. | **Exh. A, Bolan Depo** at 7:17-20, 8:11-15. **JSUF** ¶22. |
| 41.    Officer Bolan had never seen Brafford before and knew nothing about his background. | **Exh. A, Bolan Depo** at 30:3-6. |
| 42.    However, Officer Bolan understood that the Jeep was clear of wants and warrants. | **Exh. A, Bolan Depo** at 19:16-20:2. |
| 43.    Officer Bolan knew Brafford had a head injury with a welt and dried blood on Brafford's head. | **Exh. A, Bolan Depo** at 29:18-22. **Exh. B, Bolan Statement** at 45:10-11. |
| 44.    Brafford never verbally threatened to harm Officer Bolan. | **Exh. A, Bolan Depo** at 34:20-21. |
| 45.    Brafford never attempted to punch, kick, or tackle Officer Bolan. | **Exh. A, Bolan Depo** at 34:22-35:2. |
| 46.    Brafford never attempted to attack Officer Bolan with the knife, never charged Officer Bolan, never raised the knife up, and never tried to stab Officer Bolan with the knife. | **Exh. A, Bolan Depo** at 35:21-36:1. |
| 47.    Brafford never raised the knife up to his chest or shoulder or over his head, never attempted to throw the knife, and never made a stabbing motion towards Officer Bolan. | **Exh. A, Bolan Depo** at 42:19-21, 54:20-25. |
| 48.    The 3.5" blade knife was down by Brafford's side in a natural walking motion, including when the shots were fired. | **Exh. A, Bolan Depo** at 41:18-20, 42:9-11, 54:5-9, 54:16-19. **JSUF** ¶16. |
| 49.    Officer Bolan never attempted to take cover, despite cover being available. | **Exh. A, Bolan Depo** at 36:2-7. |
| 50.    Brafford did not close the distance on Officer Bolan, instead Officer Bolan chose to maintain the distance between him and Brafford instead of increasing the distance. | **Exh. A, Bolan Depo** at 35:15-20. Officer Bolan estimates that Brafford was 8-10 feet away when he first grabbed the knife. **Exh. A, Bolan Depo** at 36:13-18, 52:18-22. Officer Bolan estimates that he maintained 8-10 feet distance from Brafford as he backed away. |

7                    Case No. 2:24-cv-03405-DC-SCRx

| Plaintiffs' Undisputed Facts | Plaintiffs' Supporting Evidence |
|---|---|
| | **Exh. A, Bolan Depo** at 60:7-23. Brafford paused while walking when he turned to look at bystanders and instead of maintaining his pace when Brafford slowed down, which would increase the distance, Officer Bolan would wait for Brafford to step forward before continuing to maintain the distance backwards. **Exh. B, Bolan Statement** at 68:18-21. |
| **51.** Brafford never ran, lunged, charged, lunged, or moved fast towards Officer Bolan but instead was moving slowly and appeared to slow down in the moments prior to the use of deadly force. | **Exh. C, Bolan Video 1** at 00:15-00:42. **Exh. D, Bolan Video 2** at 00:14-00:32. **Exh. E, Cell Video** at 00:00-00:12. **Exh. F, CAC Video** at 00:24-00:37. **Bryce Decl ¶6.** |
| **52.** Still, Officer Bolan continued backwards as he stumbled into the planter. | **Exh. A, Bolan Depo** at 40:22-41:3. |
| **53.** Additionally, it appears from the investigation record and videos that there was over 10 feet between Officer Boland to Brafford when Officer Bolan used deadly force. | **Exh. A, Bolan Depo** at 36:13-18 (parking stall is 8-10 feet wide). **Exh. C, Bolan Video 1** at 00:15-00:42 (appearing to be over 10 feet and Bolan stated that he maintained that distance). **Exh. D, Bolan Video 2** at 00:14-00:32 (appearing to be over 10 feet and Bolan stated that he maintained that distance). **Exh. E, Cell Video** at 00:00-00:12 (appearing to be over 10 feet and Bolan stated that he maintained that distance); at 00:09 – Brafford is last seen in video prior to the shots, not in the parking stall approximately 17 or more feet away from where Bolan was at the time of the shots); at 00:12 – Bolan fired shots appearing to be further north and west of the light pole in the planter). **Exh. F, CAC Video** at 00:24-00:37. **Bryce Decl ¶9.** |
| **54.** Officer Bolan recognized Brafford as displaying behavior that was consistent with a person suffering from a mental health crisis. | **Exh. B, Bolan Statement** at 71:22-72:23. |

PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS