ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7515
  Fax: (916) 322-8288
  E-mail: LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants State of California by and through the California Highway Patrol and Michael Bolan*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNE BRAFFORD; H.D.B.; and F.J.B., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; MICHAEL BOLAN; and DOES 2-10, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-03405-DC-SCB <br><br> **DEPENDENTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT** <br><br> Date:　　　　May 15, 2026 <br> Time:　　　　1:30 p.m. <br> Dept:　　　　10 <br> Judge:　　　　Hon. Dena Coggins <br> Action Filed: 9/13/2024 |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 1

I.    Plaintiffs Failed to Demonstrate a Genuine Dispute of Material Fact ................... 1

    A.    Plaintiffs' Purported Factual Disputes and Additional Facts Do Not Create a Genuine Dispute of Material Fact .............................................. 1

    B.    Plaintiff's Expert Declaration Does Not Create a Genuine Dispute of Material Fact ........................................................................................ 2

II.   Officer Bolan is Entitled to Summary Judgment on Plaintiffs' Fourth Amendment Claim ................................................................................................. 3

    A.    Officer Bolan's Use of Force Was Reasonable ......................................... 3

    B.    Plaintiffs' Criticism of Officer Bolan's Tactics is Unavailing .................. 5

    C.    Officer Bolan is Entitled Summary Judgment on Plaintiff's Fourth Amendment Claim based on Qualified Immunity ..................................... 6

III.  Officer Bolan is Entitled to Summary Judgment on Plaintiff's Fourteenth Amendment Claim ................................................................................................. 9

    A.    The Purpose to Harm Standard Applies .................................................... 9

    B.    There is No Evidence That Officer Bolan Acted with A Purpose to Harm Unrelated to A Legitimate Law Enforcement Objective ................ 10

    C.    Officer Bolan is Entitled to Summary Judgment on Plaintiff's Fourteenth Amendment Claim Based on Qualified Immunity. ................ 10

IV.   Defendants are Entitled to Summary Judgment on Plaintiff's State Law Claims. ................................................................................................................ 11

    A.    Defendants are Entitled to Summary Judgment on Plaintiffs' Battery Claims because Officer Bolan's Use of Forse Was Reasonable. ......................................................................................... 11

    B.    Defendants are entitled to Summary Judgment on Plaintiff's Negligence Claims Because Officer Bolan's Pre-Shotting Tactics Were Reasonable. .............................................................................. 11

    C.    Defendants are Entitled to Summary Judgment on Plaintiffs' Bane Act Claim Because There is No Constitutional Violation and No Evidence of Specific intent to violate the Constitution. ........................... 12

    D.    Officer Bolan is Immune From Liability for Plaintiff's State Law Claims Pursuant to California Government Code section 820.2 and His Conduct is Privileged Pursuant to Penal Code Section 835a ............. 12

Conclusion ......................................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page**

CASES

Acri v. Varian Assocs.
114 F.3d 999 (9th Cir. 1997)...........................................................................................2

Aguilar v. Int'l Longshoremen's Union Local No. 10
966 F.2d 443 (9th Cir. 1992)...........................................................................................3

Anderson v. Liberty Lobby, Inc.
477 U.S. 242 (1986).........................................................................................................2

Arpin v. Santa Clara Valley Transp. Agency
261 F.3d 912 (9th Cir. 2001)...........................................................................................2

Billington v. Smith
292 F.3d 1177 (9th Cir. 2002)......................................................................................2, 5

Brooks v. Clark County
828 F.3d 910 (9th Cir 2016).............................................................................................6

County of Sacramento v. Lewis
523 U.S. 833 (1998).........................................................................................................9

Curnow By & Through Curnow v. Ridgecrest Police
952 F.2d 321 (9th Cir. 1991)...........................................................................................8

District of Columbia v. Wesby
583 U.S. 48 (2018)...........................................................................................................6

Estate of Lopez by & through Lopez v. Gelhaus
871 F.3d 998 (9th Cir. 2017)...........................................................................................7

Forrett v. Richardson
112 F.3d 416 (9th Cir. 1997)...........................................................................................6

George v. Morris
736 F.3d 829 (9th Cir. 2013)........................................................................................4, 7

Glenn v. Washington County
673 F.3d 864 (9th Cir. 2011)...........................................................................................8

Gonzalez v. City of Anaheim
747 F.3d 789 (9th Cir. 2014).........................................................................................10

ii

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Graham v. Connor*
  490 U.S. 386 (1992)............................................................................................. 1, 3, 4

*Harper v. Wallingford*
  877 F.2d 728 (9th Cir. 1989).................................................................................. 2

*Hayes v. County of San Diego*
  57 Cal.4th 622 (2013) ........................................................................................... 11

*Hayes v. County of San Diego*
  736 F.3d 1223 (9th Cir. 2013)............................................................................ 9, 11

*Hernandez v. City of Pomona*
  46 Cal.4th 501 (2009) ........................................................................................... 12

*Hughes v. Kisela*
  841 F.3d 1081 (9th Cir. 2016)............................................................................... 6

*Hunter v. Bryant*
  203 U.S. 224 (1991) .............................................................................................. 2

*Hygh v. Jacobs*
  961 F.2d 359 (2nd Cir. 1992.)................................................................................ 3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
  475 U.S. 574 (1986)............................................................................................... 2

*Mullinex v. Luna*
  577 U.S. 7 (2015) .................................................................................................. 6

*N.E.M. v. City of Salinas*
  761 F. App'x 698 (9th Cir. 2019) .......................................................................... 7

*Napouk v. Las Vegas Metropolitan Police Department*
  123 F.4th 906 (9th Cir. 2024)................................................................................ 10

*Nationwide Transp. Fin. v. Cass Info. Sys.*
  523 F.3d 1051 (9th Cir. 2008)............................................................................... 3

*O'Doan v. Sanford*
  991 F.3d 1027 (2021).............................................................................................. 6

*Porter v. Osborn*
  546 F.3d 1131 (9th Cir. 2008)................................................................................ 10

iii

## TABLE OF AUTHORITIES
### (continued)

Page

*Reynolds v. County of San Diego*
84 F.3d 1162 (9th Cir. 1996)..................................................................................2

*Reynolds v. County of San Diego*
858 F. Supp. 1064 (S.D. Cal. 1994)........................................................................4

*S. B. v, County of San Diego*
864 F.3d 1010 (9th Cir. 2017)...........................................................................8, 9

*Scott v. Harris*
550 U.S.372 (2007) ................................................................................................5

*Scott v. Henrich*
39 F.3d at 912 (9th Cir. 1994) ...............................................................................6

*Sharp v. Cnty. of Orange*
871 F.3d 901 (9th Cir. 2017)..................................................................................6

*Singh v. City of Phoenix*
124 F.4th 746 (9th Cir. 2024)................................................................................9

*Smith v. City of Hemet*
394 F.3d 689 (9th Cir. 2005)..................................................................................7

*Smith v. Freland*
954 F.2d 343 (6th Cir. 1992).............................................................................1, 3

*Vos v. City of Newport Beach*
892 F.3d 1024 (9th Cir. 2018)................................................................................8

*Wilkinson v. Torres*
610 F.3d 546 (9th Cir. 2010)..........................................................................*passim*

*Williamson v. City of National City*
23 F.4th 1146 (9th Cir. 2022).................................................................................6

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................3

Bane Act...........................................................................................................................12

California Government Code § 820.2 ..............................................................................12

California Penal Code § 835 ............................................................................................12

iv

# TABLE OF AUTHORITIES
### (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

FOURTH AMENDMENT.................................................................................................*passim*

FOURTEENTH AMENDMENT................................................................................... 9, 10, 11

Reply MPA in Support of MSJ or Partial MSJ  (2:24-cv-03405-DC-SCB)

**INTRODUCTION**

Plaintiffs' opposition to Defendants' motion for summary judgment, misconstrues the facts, mischaracterizes testimony, relies on the sham declaration of their police practices expert, contains unsubstantiated distance and pace measurements from the videos, and refers to inapposite cases in an attempt to save their federal and state law claims against Defendants. But the material facts remain undisputed. Travis Brafford (Brafford) advanced toward Officer Bolan with a knife, ignored repeated multiple commands to drop the knife, ignored Officer Bolan's warning that he did not want to shoot Brafford, and was within approximately 6 feet of Officer Bolan when Officer Bolan fired when Officer Bolan had backed into a planter area. Courts caution against viewing the issue of whether an officer used excessive force "with the 20/20 vision of hindsight" and from the "theoretical, sanitized world of our imagination" rather than from the perception of the officer on the scene. *Graham v. Connor*, 490 U.S. 386, 396 (1992); *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010). Viewing this evidence in the light most favorable to Plaintiffs, no jury could reasonably conclude that Brafford did not pose an immediate threat of great bodily injury or death to Officer Bolan. Further, none of the cases Plaintiffs cite in their opposition would have made it clear to Officer Bolan that shooting Brafford under these circumstances was unlawful, such that Officer Bolan is entitled to qualified immunity. For these reasons, the Court should grant this motion and enter judgment in Defendants' favor.

**ARGUMENT**

I.    **PLAINTIFFS FAILED TO DEMONSTRATE A GENUINE DISPUTE OF MATERIAL FACT**

A.    **Plaintiffs' Purported Factual Disputes and Additional Facts Do Not Create a Genuine Dispute of Material Fact**

Defendants' material facts remain undisputed. While Plaintiffs' purport to dispute the distance that Brafford was from Officer Bolan, they do not have evidence to support it. Plaintiffs' arguments that the video evidence shows a different distance than Officer Bolan's perception of the distance is not substantiated and is nothing more than an argument of counsel. Similarly, plaintiffs' counsel's perception that the video shows Bolan walking slowly is not evidence and

1

cannot be used to demonstrate a genuine dispute of material fact. Arguments and statements by counsel are not evidence. Manual of Model Jury Instr. 9th Cir., 1.10.

Additionally, Plaintiffs' additional facts do not create a genuine dispute of material fact to avoid summary judgment. It is well established that "[f]actual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-248 (emphasis in original). An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *Id.* at 250-51. In addition, a party opposing a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

**B.     Plaintiff's Expert Declaration Does Not Create a Genuine Dispute of Material Fact**

In support of their opposition, Plaintiffs rely heavily on a declaration by their police practices expert Richard Bryce. Bryce's opinions are unhelpful, improper, and inadmissible for several reasons. Bryce claims that Officer Bolan should have taken different actions. The fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable. *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) overruled on other grounds by *Acri v. Varian Assocs.*, 114 F.3d 999 (9th Cir. 1997); see also *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002). The inquiry is not whether another reasonable or more reasonable interpretation of events can be constructed after the fact. *Hunter v. Bryant*, 203 U.S. 224, 228 (1991). Rather, the issue is whether a reasonable officer could have believed that his conduct was justified "judged from the perspective of a reasonable officer on the scene, rather than with 20/20

2

vision of hindsight." *Graham*, 490 U.S. at 396. The critical inquiry is what the officer perceived. *Wilkinson*, 610 F.3d at 551. Courts must avoid substituting their own personal notions of proper police procedure for the instantaneous decision of the officer at the scene and must never allow the theoretical, sanitized, world of our imagination to replace the dangerous and complex world that policemen face every day. *Smith v. Freland*, 954 F.2d, 347 (6th Cir. 1992)

Mr. Bryce's opinion is an improper attempt to attempt to view the incident in this case through "20/20 hindsight." *Graham*, 490 U.S. at 396. Mr. Bryce argues that Officer Bolan should have sought additional law enforcement and gone for cover prior to firing. However, there is no evidence that this was required or practical at the time the events were occurring. Mr. Bryce cannot point to any factual evidence showing that additional law enforcement were available at the time force was used. Additionally, he does not point to any available cover, nor is any shown while Officer Bolan is in the planter and Brafford is advancing toward him with the knife which is the critical inquiry for analyzing whether the force was used was reasonable.

Additionally, Mr. Bryce's opinion that Brafford did not pose an imminent threat to Officer Bolan at the time Officer Bolan shot him is an improper legal conclusion. An expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an "ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions in expert's declaration). Accordingly, a purported expert's opinion in a 42 U.S.C. § 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs*, 961 F.2d 359, 365 (2nd Cir. 1992.)

## II. OFFICER BOLAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FOURTH AMENDMENT CLAIM

### A. Officer Bolan's Use of Force Was Reasonable

Reasonableness is an objective inquiry, examined in light of the facts and circumstances confronting the officer. *Graham*, 490 U.S. at 396. "[T]he critical inquiry is what [the officer]

3

perceived." *Wilkinson*, 610 F.3d at 551. Supreme Court precedent is unequivocal that the officer's perceptions – and the reasonable interpretations, inferences, and actions based on those perceptions – must be viewed from the perspective of a reasonable officer on the scene and not with "20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Plaintiffs argue that the *Graham* factors weigh against Officer Bolan because Officer Bolan was not responding to a serious crime, Brafford did not pose an immediate threat to Officer Bolan and other non-lethal options were available. Additionally, Plaintiffs claim that Brafford was not attempting to flee based on the video evidence. Defendants agree that the video evidence shows that he never ran or fled from Officer Bolan. The video evidence shows he relentlessly advanced toward Officer Bolan with a knife in his right hand, posing an imminent threat to Officer Bolan.

Plaintiffs encourage the court to erroneously analyze the facts in this case from Brafford's perspective rather than from the perspective of a reasonable officer in Officer Bolan's position on the scene. Plaintiffs contend that Brafford was not a threat because he was walking with the knife in his right hand at his side, never attempted to attack Officer Bolan with the knife, never charged Officer Bolan, never raised the knife up and never made a stabbing motion. Such an analysis would be contrary to the above-cited authority that requires the analysis to be from the perspective of the officers, judging only the moments immediately before the use of force. *Graham*, 490 U.S. at 396. Moreover, the Fourth Amendment does not require an officer faced with an armed suspect "to hold fire in order to ascertain whether the suspect will, in fact, injure or murder the officer." *Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1073 (S.D. Cal. 1994), aff'd in part, remanded in part, 84 F.3d 1162 (9th Cir. 1996). "If the person is armed . . . a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat." *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013). "It is reasonable for police to move quickly if delay 'would gravely endanger their lives or the lives of others.' This is true even when, judged with the benefit of hindsight, the officers may have made 'some mistakes.'" *Sheehan*, 575 U.S. at 612 (internal citations omitted).

Officer Bolan acted reasonably in the face of the threat posed by Brafford. Officer Bolan was initially investigating plaintiff for his involvement in a hit and run accident. Officer Bolan

4

requested Brafford provide his license and registration. Instead of complying, Brafford produced a knife and advanced toward Officer Bolan. Officer Bolan backed up in response and Brafford continued to follow him walking forward toward him with the knife in his right hand. He also refused multiple commands to drop the knife. Brafford's actions changed the circumstances that Officer Bolan was facing from investigating a hit and run accident to facing an armed suspect who posed an imminent threat to his safety.

The Fourth Amendment does not require officers to do nothing and hope for the best when confronted with an armed suspect. *See Scott v. Harris*, 550 U.S. 372, 385 (2007) ("We think the police need not have taken that chance and hoped for the best."); *Billington, supra*, 292 F.3d at 1185 (2002) ("Maybe [the officer] could have hoped that [the decedent who had grabbed the officer's gun and tried to pry it away] simply wanted to disarm him, not shoot him, but that would have been a gamble.") In addition, the Fourth Amendment does not require a suspect to wield a weapon in any particular manner or lunge toward the officer before an officer is entitled to protect himself.

Plaintiffs present no evidence that Brafford was mentally disturbed or intoxicated or that Officer Bolan should have taken alternate action when confronted with the armed suspect who was advancing toward him with his knife. While Officer Bolan suspected that Brafford was likely intoxicated, there is nothing on the video evidence which indicates that Brafford had any difficulty walking or understanding Officer Bolan's repeated commands to drop the knife or Officer Bolan's statement that he did not want to shoot him. Therefore, plaintiffs cannot use speculation about Brafford's mental disturbance or intoxication as a factor for Officer Bolan's use of force as there is no evidence to support the allegation.

### B. Plaintiffs' Criticism of Officer Bolan's Tactics is Unavailing

Plaintiffs' contention that Officer Bolan should have used alternative tactics such as calling for back-up, going for cover behind a vehicle or using his Taser is contrary to law. The proper inquiry for purposes of the Fourth Amendment standard of objective reasonableness is whether the officers acted "reasonably, not whether other less intrusive alternatives were available" because "[r]equiring officers to find and choose the least intrusive alternative would require them

5

to exercise superhuman [as opposed to reasonable] judgment." *Scott v. Henrich*, 39 F.3d 912. 915 (1994). "[T]he availability of a less-intrusive alternative will not render conduct unreasonable." *Wilkinson*, 610 F.3d at 551. The Fourth Amendment "does not require law enforcement officers to exhaust every alternative before using justifiable deadly force," especially where the exigency of the circumstances at the time do not allow for contemplation or consultation. *Forrett v. Richardson*, 112 F.3d 416, 420 (9th Cir. 1997). Although officers must consider the availability of other, less intrusive means, officers "need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable." *Hughes v. Kisela*, 841 F.3d 1081, 1087 (9th Cir. 2016) (quoting *Scott, supra*, 39 F.3d at 915); *see also Williamson v. City of National City*, 23 F.4th 1146, 1151 (9th Cir. 2022) (quoting *Lowry v. City of San Diego*, 858 F.3d 1248, 1259 (9th Cir. 2017) ("It is . . . well-established that police officers 'are not required to use the least intrusive degree of force possible.'");*see also O'Doan v. Sanford*, 991 F.3d 1027, 1037 (2021) (listing factors).

Officer Bolan's use of force was reasonable based on the perspective of the reasonable officer on the scene and summary judgment is proper.

### C. Officer Bolan is Entitled Summary Judgment on Plaintiff's Fourth Amendment Claim based on Qualified Immunity

Even if Plaintiffs could establish the use of force was unreasonable Officer Bolan is entitled to qualified immunity. It cannot be said that his use of force was indisputably unconstitutional i.e., that the constitutional question is beyond debate – which is the standard Plaintiff must meet for their claim to survive a qualified immunity defense. *Brooks v. Clark County*, 828 F.3d 910, 920-921 (9th Cir 2016). For a right to be "clearly established," the precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). This inquiry must be undertaken in light of the specific context of the particular case, rather than as a broad general proposition. *Mullinex v. Luna*, 577 U.S. 7, 12 (2015). Plaintiff must point to prior case law that articulates a constitutional rule specific enough to alert the defendants in this particular case that their particular conduct was unlawful. *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir.

6

2017). Plaintiffs do not cite one case – from any jurisdiction – providing that an officer is prohibited from using lethal force when confronted with an armed subject presenting an threat similar to the imminent threat Brafford presented. On the other hand, courts in the Ninth Circuit have repeatedly found that "where a suspect threatens an officer with a weapon . . ., the officer is justified in using deadly force." *Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005)

There are no genuine, material factual disputes that prevent summary judgment. Plaintiff does not dispute that Brafford advanced toward Officer Bolan with a knife and refused to drop the knife. The fact he was walking toward Officer Bolan with the knife rather than lunging or striking does not change the fact that Brafford posed an imminent threat and the use of force was reasonable. Therefore, the cases cited by Plaintiffs in which summary judgment based on qualified immunity was denied due to material factual disputes do not apply.

The other cases relied on by plaintiff are distinguishable. Plaintiff's reliance on *N.E.M. v. City of Salinas*, 761 F. App'x 698, 700 (9th Cir. 2019) is misplaced. In *N.E.M.*, officers encountered a suspect who had pulled gardening shears from his backpack and reportedly swung at them at officers who shot him. *Id.* The *N. E. M.* case is not even remotely close to the facts of this case where Brafford advanced toward Officer Bolan with a 3 to approximately 3.5 inch knife.

Plaintiffs also rely on *Estate of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998 (9th Cir. 2017). In *Estate of Lopez*, the decedent was holding an obvious toy gun that he never pointed at the officers, was described by the officers as non-threatening, had not committed any crime, was not evading arrest, and was not even aware that the person who shouted "Drop the gun!" moments before shooting him was a police officer. *Estate of Lopez*, 871 F.3d at 1009-1011. In addition, the defendant in *Estate of Lopez* gave inconsistent testimony about the incident and, unlike this case, there was no video depicting the incident. *Id.* at 1009.

*George v. Morris*, 736 F.3d at 829, did not hold that the officer violated the decedent's Fourth Amendment rights or that the law was clearly established that the conduct of the officer was a Fourth Amendment violation. *George*, at 829, 837. Rather, the court merely dismissed defendants' interlocutory appeal from the denial of defendants' motion for summary judgment based on qualified immunity because there were disputed facts regarding the threat posed by the

7

suspect. *Id.* at 839-840. Under plaintiff's version of the facts, the elderly suspect, who was using a walker, had his gun "trained on the ground" when the officers fired their weapons. *Id.* at 839.

*Curnow By & Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 324 (9th Cir. 1991), was an interlocutory appeal from the denial of defendants' motion for summary judgment based on qualified immunity. *Curnow,* 952 F.2d at 322. The court affirmed on the grounds that there were disputed issues of fact regarding the threat posed by the decedent. *Id.* at 325. Under plaintiff's version of the facts, decedent was holding a gun by the muzzle and was facing away from the officers when they fired. *Id.* Similarly, in *Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011), the court merely reversed a grant of summary judgment in favor of defendants based on disputed facts because, under plaintiffs' version of the facts, the decedent was threatening only self-harm with a pocket knife. *Id.* at 873.

Likewise, *Vos v. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018), has no resemblance to the situation Officer Bolan encountered with Brafford. In *Vos*, the decedent entered a 7-Eleven and caused a disruption that included grabbing a pair of scissors from the clerk. When officers ordered him to exit the store, the decedent ran around the front check-out counter and towards the open doors. As he ran, the decedent held an object over his head in his hand. The distance between him and the officers at the point he started running was approximately 30 feet. One officer shouted that the decedent had scissors. Over the public address system, Officer Preasmyer twice told decedent to "drop the weapon," but the decedent did not drop the object and instead kept charging towards the officers. Officer Preasmyer then shouted "shoot him," which he intended for a specific officer using less-lethal weaponry. However, within seconds, two other officers fired their AR-15 rifles, killing the decedent. The two officers were standing next to their patrol vehicles, using the doors as shields, such that they were protected.

*S. B. v, County of San Diego,* 864 F.3d 1010, 1014 (9th Cir. 2017) also does not support plaintiff's argument as it is factually dissimilar and the Court in that case found the officer was entitled to qualified immunity. In *S. B.,* multiple officers were responding to a suspect in a home and the suspect was on his knees when shot. *Id.* at 1014. The Ninth Circuit found the officer was entitled to qualified immunity and reversed the lower court's denial of summary judgment

8

because it found that the use of force in the situation the officer faced was not clearly established that it would constitute excessive force under the Fourth Amendment. *Id.* at 1017. Finally, plaintiffs' citation to *Hayes v. County of San Diego*, 736 F.3d 1223 (9th Cir. 2013) is unavailing because the referenced portion of the opinion discusses a claim for negligence – not a Fourth Amendment claim. *Id.* at 1233-1234. Given the different standards applicable to a negligence claim, *Hayes* does not clearly establish Fourth Amendment law.

*Singh v. City of Phoenix*, 124 F.4th 746 (9th Cir. 2024) is also not similar as the plaintiff only held the knife to his own throat. At no point did he suggest that he intended to harm the officer or anyone else. (*Id.* at 749,) Here, Brafford advanced toward Officer Bolan with a knife and continued to advance toward him despite repeated commands to drop the knife. Further, this case was decided two years after the incident and could not have put Officer Bolan on notice that shooting a person armed with a deadly weapon who posed an imminent threat to him was not reasonable.

At most, the cases cited by Plaintiffs demonstrate that there is not clearly established precedent that an officer could not use excessive force when a person is advancing toward him with a knife. Therefore, Officer Bolan is entitled to judgment in his favor in the first cause of action based on qualified immunity.

## III.    OFFICER BOLAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM

### A.    The Purpose to Harm Standard Applies

The deliberate indifference standard applies "only when actual deliberation is practical." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). "On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson*, 610 F.3d at 554.

The purpose to harm standard governs here. Officer Bolan had only seconds to react when he regained his balance on the curb and Brafford closed the distance, advancing toward him with the knife. He had little time to react to the threat posed by Brafford. This is precisely the situation

9

for which officers are trained to make a split second judgments to protect their own safety and the safety of others – mere seconds does not provide time to contemplate alternative tactics. *See Zion, supra*, 874 F.3d at 1077 (applying the purpose to harm standard when "the two volleys [of shots] came in rapid succession"). Therefore, the purpose to harm standard applies to this case.

**B.    There is No Evidence That Officer Bolan Acted with A Purpose to Harm Unrelated to A Legitimate Law Enforcement Objective**

There is no evidence that Officer Bolan acted with "a purpose to harm unrelated to legitimate law enforcement objectives." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008); *see also, Wilkinson*, 610 F.3d at 554. In *Porter*, the court described that Fourteenth Amendment liability applies only in the "rare situations where the nature of an officer's deliberate physical contact is such that a reasonable factfinder would conclude the officer intended to harm, terrorize or kill." *Porter*, 546 F.3d at 1140 1141 (citations omitted). An officer who uses force against a suspect to "teach him a lesson" or "get even" is acting with a "purpose to harm." *Id.* at 1140; *Wilkinson*, 610 F.3d at 554 ("[A] purpose to harm might be found where an officer uses force to bully a suspect or 'get even.'"); *see also, Zion*, 874 F.3d at 1075-77 (holding that there was no Fourteenth Amendment violation when an officer fired a second round of shots at an individual who had already been shot "nine times at relatively close range," had already "dropped to the ground," and was "making no threatening gestures"). Plaintiffs do not cite any evidence to support their Fourteenth Amendment claim.

**C.    Officer Bolan is Entitled to Summary Judgment on Plaintiff's Fourteenth Amendment Claim Based on Qualified Immunity.**

The established law shows that the facts do not support a Fourteenth Amendment violation. *See Gonzalez v. City of Anaheim*, 747 F.3d 789, 798 (9th Cir. 2014) (summary judgment affirmed on Fourteenth Amendment claim where plaintiff did not have of officer's ulterior motive for use of force); *Napouk v. Las Vegas Metropolitan Police Department*, 123 F.4th 906, 923 (9th Cir. 2024) (finding Fourteenth Amendment claim failed because there was no evidence the officers acted with anything other than legitimate law enforcement objectives of self-defense and defense of each other.) Plaintiffs cite no cases that squarely govern the facts of this case. In fact, Plaintiffs cite no cases to meet their burden of demonstrating clearly established Fourteenth Amendment

10

law. Plaintiffs cannot show that there existed clearly established law such that every reasonable officer would have understood that his use of force in the circumstances Officer Bolan faced was unlawful under the Fourteenth Amendment.

### IV. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS.

#### A. Defendants are Entitled to Summary Judgment on Plaintiffs' Battery Claims because Officer Bolan's Use of Forse Was Reasonable.

Officer Bolan had probable cause to believe that Brafford posed an imminent threat of serious physical injury or death because he was advancing toward him with knife and appeared to close the distance prior to the shot. There is no requirement that an officer wait until a suspect raises the knife up or makes a striking movement before the officer uses a weapon. Therefore, his action was reasonable and not a battery.

#### B. Defendants are entitled to Summary Judgment on Plaintiff's Negligence Claims Because Officer Bolan's Pre-Shotting Tactics Were Reasonable.

Plaintiff's negligence claim is based on pre-shooting conduct. Plaintiffs correctly point out that the California Supreme Court clarified that pre-shooting tactical conduct and decisions are among the factors that can be considered in the "totality of circumstances" in evaluating a negligence claim involving deadly force. *Hayes v. County of San Diego*, 57 Cal.4th 622 (2013). Furthermore, the court in *Hayes* cautioned that the officers' pre-shooting conduct should not be considered in isolation, and officers are not required to choose "the most reasonable" action under the circumstances. *Id.* at 632. Thus, plaintiff's expert Ruchard Bryce's opinion regarding ither tactics Officer Bolan could have done are availing given that Officer Bolan's response based on split-second decision making fell within the range of conduct that is reasonable under the circumstances. *Id.* Additionally, it was Brafford not Officer Bolan who escalated the situation when Brafford pulled out a knife and advanced toward Officer Bolan instead of providing his license and registration. That sudden unexpected change of circumstances necessitated Officer Bolan attempting to back away to create distance. He gave repeated commands for Brafford to drop the knife which were ignored. Officer Bolan used force only when the threat became

imminent. Therefore, Officer Bolan is entitled to summary judgment on plaintiffs' negligence claim.

### C. Defendants are Entitled to Summary Judgment on Plaintiffs' Bane Act Claim Because There is No Constitutional Violation and No Evidence of Specific intent to violate the Constitution.

Officer Bolan did not violate any constitutional rights, therefore, Plaintiffs' Bane Act claim fails. Officer Bolan's use of force was reasonable because he faced an imminent threat of an individual advancing toward him with a knife, who ignored repeated commands to drop the knife and was closing the distance between them, thereby leaving Officer Bolan no choice but to use deadly force to stop the threat. The undisputed facts in particular the videos show that Brafford advanced toward Officer Bolan who was backing away in an attempt to create distance. Thus, defendants are entitled to summary judgment for the Bane Act claim,

### D. Officer Bolan is Immune From Liability for Plaintiff's State Law Claims Pursuant to California Government Code section 820.2 and His Conduct is Privileged Pursuant to Penal Code Section 835a

Plaintiff's counsel's opinion that the video shows that Brafford was walking slowly is not evidence and does not create any triable issue of material fact to show that Officer Bolan's conduct was not privileged under California Penal Code §835a. The undisputed evidence shows that while he was walking, not running he was advancing toward Officer Bolan with a knife in his right hand, blade facing outward, closing the distance, and ignored repeated commands to drop the knife. Under California law, Officer Bolan did not have a duty to retreat. Cal. Pen. Code. §§ 835a and 196, *Hernandez v. City of Pomona*, 46 Cal.4th 501, 520-521 (2009). His use of force was reasonable.

Plaintiffs provide no evidence to support his assertion that Brafford did not have the present ability, opportunity and apparent intent to utilize the knife. Officer Bolan's use of force was reasonable and privileged under California Penal Code § 835. Further, Government Code section 820.2 provides immunity for Officer Bolan who was forced to make a split second decision when confronted by an armed suspect.

12

**CONCLUSION**

Based on the foregoing, as well as the arguments and evidence cited in the moving papers, defendants respectfully request that the Court enter summary judgment, or, in the alternative, partial summary judgment, in their favor.

Dated: April 22, 2026                                          Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


*/s/ LeeAnn E. Whitmore*
LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendants State of California
by and through the California Highway
Patrol and Michael Bolan*

SA2024305317
39792325

13