ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7515
  Fax: (916) 322-8288
  E-mail: LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants State of California by and
through the California Highway Patrol and Michael
Bolan*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIANNE BRAFFORD; H.D.B.; and F.J.B.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, by and through, CALIFORNIA HIGHWAY PATROL; MICHAEL BOLAN; and DOES 2-10, inclusive,**<br><br>Defendants. | Case No. 2:24-cv-03405-DC-SCB<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' ADDITIONAL UNDISPUTED FACTS**<br><br>Date: May 15, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Hon. Dena Coggins<br><br>Action Filed: September 13, 2024 |

Defendants State of California by and through the California Highway Patrol (CHP) and Michael Bolan (Officer Bolan) submit the following reply to Plaintiff's Separate Statement of Additional Material Facts. Any facts identified as undisputed are deemed undisputed by Defendants for purpose of this Motion for Summary Judgment, or in the alternative, Partial Summary Judgment only.

1

| ADDITIONAL UNDISPUTED FACTS | |
|---|---|
| **PLAINTIFFS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE** | **DEFENDANTS' RESPONSE TO PLAINTIFFS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE** |
| **Nature of the Crime** | |
| 1. After observing the rear end of Ms. Smith's vehicle, Officer Bolan did not see any damage that really stood out in his mind, only that she could not "close her hatch" but the car was still drivable.<br><br>**Exh. A, Bolan Depo** at 18:11-19. | 1. Objection. Irrelevant Fed. R. Evid. 401, 401 Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986) |
| 2. Officer Bolan classified the incident as a misdemeanor hit-and-run with property damage only.<br><br>**Exh. A, Bolan Depo** at 16:18-21.<br><br>**Exh. B, Bolan Statement** at 37:2-12. | 2. Objection. Vague as to time. irrelevant Fed. R. Evid. 401, 402. Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); Anderson *v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986) |
| 3. Ms. Smith declined medical assistance from Officer Bolan after he asked if she needed it and Officer Bolan did not see any injuries to Ms. Smith.<br><br>**Exh. A, Bolan Depo** at 18:6-10.<br><br>**Exh. B, Bolan Statement** at 37:2-12 (property damage only) | 3. Objection. Irrelevant. Fed. R. Evid. 401, 402; Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986)<br><br>Further, Bolan's Statement references the dispatch call was misdemeanor hit and run, property damage only, not his classification of the crash or assessment of injury. Dkt. 36-2 p. 6 (Bolan Statenent p. 37:2-12. |
| 4. Officer Bolon only knew that the Jeep was white and had front end damage, and neither the victim nor the witness was able to provide a license plate.<br><br>**Exh. B, Bolan Statement** at 40:9-10.<br><br>**Joint Statement of Undisputed Facts** ("JSUF") ¶5. | 4. Undisputed. |
| 5. However, Officer Bolan located a Jeep at Applebee's. | 5. Undisputed that is Officer Bolan's testimony. The joint agreed facts show the Jeep |

2

| | |
|---|---|
| **Exh. A, Bolan Depo** at 19:5-7.<br><br>**JSUF** ¶7. | was located in the shopping center parking lot at 2700 Bell Road, Auburn. Joint Agreed Facts 6 and 7. |
| 6. Officer Bolan did not have reasonable suspicion to detain Brafford.<br><br>**Exh. A, Bolan Depo** at 27:9-12 | 6. Objection. Calls for a legal conclusion.<br><br>Undisputed, Officer Bolan testified he did not have reasonable suspicion to detain Brafford at the point he initially located him. |
| 7. The victim and the witness also said that the vehicle was smoking when it fled, but the Jeep did not have any smoke coming from it.<br><br>**Exh. B, Bolan Statement** at 43:21-23. | 7. Objection. Irrelevant. Fed. R. Evid. 401, 402; Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986). |
| 8. Officer Bolan did not know what the victim saw and what the witness saw and believed that their stories "probably got diluted because one was talking to the other".<br><br>**Exh. B, Bolan Statement** at 39:1-4. | 8. Objection. Irrelevant. Fed. R. Evid. 401, 402.; Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986). |
| 9. The only information Officer Bolan had regarding the driver was that it was a male and maybe bald and that there may be two occupants in the Jeep.<br><br>**Exh. A, Bolan Depo** at 17:2-5. | 9. Objection, vague as to time. Irrelevant. Fed. R. Evid. 401, 402.; Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986). |
| 10. When Officer Bolan made contact with Brafford, Bolan observed that Brafford did not fit the description of the driver because Brafford was not bald, and Officer Bolan did not know if Brafford was the passenger of the Jeep.<br><br>**Exh. A, Bolan Depo** at 26:24-27:12.<br><br>**JSUF** ¶10 (Mr. Brafford standing outside vehicle upon approach). | 10. Undisputed. |
| 11. Officer Bolan never asked Brafford if he had anything to drink.<br><br>**Exh. A, Bolan Depo** at 34:14-16. | 11. Undisputed. |

3

| | |
|---|---|
| 12. Even though Officer Bolan did not have reasonable suspicion to stop Brafford, when Brafford attempted to walk away, Officer Bolan escalated the situation by putting his hand on Brafford's chest and stopping him.<br><br>**Exh. B, Bolan Statement** at 45:4-5 | 12. Objection, argumentative, calls for a legal conclusion and is not a fact. |
| 13. Brafford did not swipe Officer Bolan's hands away when Officer Bolan put his hand on Brafford's chest, instead Brafford put his hands up and stepped back<br><br>**Exh. A, Bolan Depo** at 43:24-44:8.<br><br>**Exh. B, Bolan Statement** at 61:22-62:2. | 13. Undisputed. |
| 14. Brafford never attempted to flee.<br><br>**Exh. C, Bolan Video 1** at 00:15-00:42.<br><br>**Exh. D, Bolan Video 2** at 00:14-00:32.<br><br>**Exh. E, Cell Video** at 00:00-00:12.<br><br>**Exh. F, CAC Video** at 00:24-00:37. | 14. Undisputed. |
| **Officer Bolan's Pre-Shooting Tactics** | |
| 15. In determining if deadly force reasonably appears necessary, officers are trained that they shall evaluate each situation and if reasonably safe and feasible to do so, officers shall use other available resources and techniques<br><br>**Bryce Decl ¶5.** | 15. Objection. Improper expert opinion. Fed. R. Evid. 702, 703. |

4

| | |
|---|---|
| 16. Here there were reasonable and available resources and techniques that Officer Bolan could have utilized rather than escalating the situation and using deadly force but failed to do so, including calling for backup, using cover and distance, using and creating time, tactical communication and de-escalation, appropriate warnings, and use of less lethal force.<br><br>**Bryce Decl ¶5.** | 16. Objection. Improper expert opinion. Improper legal conclusion. Fed. R. Evid. 702, 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10,* 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); *Burkhart v. Washington Metropolitan Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs,* 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.,* 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.,* 254 F.3d 825, 829 (9th Cir. 2001) (declaring that "unsupported speculation and subjective beliefs" cannot be a basis for expert testimony). |

5

| | |
|---|---|
| | Mr. Bryce provides no factual support to support his opinion that there was available back-up for Officer Bolan or that any would have come in time to change the circumstances when Brafford confronted him with a knife. |
| 17. Officer Bolan failed to formulate a plan.<br><br>**Exh. B, Bolan Statement** at 40:25-41:3. | 17. Objection. Argumentative, vague as to time. |
| 18. Officer Bolan failed to request assistance when he felt Mr. Brafford would not comply with his directives.<br><br>**Bryce Decl ¶5.**<br><br>**Exh. A, Bolan Depo** at 23:16-19. When Officer Bolan first learned that there was a Jeep at Applebee's, he did not consider requesting another unit.<br><br>**Exh. A, Bolan Depo** at 23:20-23. When Officer Bolan initially contacted Brafford, he considered calling for another unit but did not. | 18. Objection. Argumentative. Vague as to time. Improper expert opinion. Fed. R. Evd. 702. Expert's opinion lacks any foundation that back-up was available or required. It is the trial judge's responsibility to ensure that an expert's testimony both rests on a reliable foundation and are relevant to the tasks at hand. *Boyd v. City & County of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009), (quoting *Daubert v. Merrel Dow. Pharms.*, 509 U.S. 579, 597 (1993)).Expert testimony is properly excluded where it relies on assumptions that are not properly sufficiently founded on facts. *Guidrez-Brault v. Mp. Pac. R.R. Co.*, 254 F.3d 825, 830-831 (9th Cir. 2001).<br><br>Mr. Bryce provides no factual support to support his opinion that there was available back-up for Officer Bolan or that any would have come in time to change the circumstances when Brafford confronted him with a knife.<br><br>Objection, Misstates Officer Bolan's testimony Dkt. 36-1 Pl. Ex. A, **Bolan Depo** at 23:20-23, "I did at one point" Officer Bolan did not testify it was when first contacted Brafford. |
| 19. Officer Bolan was armed with a Taser during the incident (but did not use it).<br><br>**Exh. A, Bolan Depo** at 14:17-18. | 19. Undisputed. |
| 20. When Mr. Brafford was walking towards Officer Bolan with a knife in his | 20. Objection. Improper expert opinion. Improper legal conclusion.  Fed. R. Evid. 702, |

6

| | |
|---|---|
| hand, and refusing to drop the knife, Officer Bolan could have used his Taser to cause Mr. Brafford to drop the knife and follow Officer Bolan's commands, or otherwise subdue Mr. Brafford, rather than waiting until he subjectively felt the necessity to use deadly force.<br><br>**Bryce Decl ¶5.** | 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10,* 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); *Burkhart v. Washington Metropolitan Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs,* 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.,* 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.,* 254 F.3d 825, 829 (9th Cir. 2001) (declaring that "unsupported speculation and subjective beliefs" cannot be a basis for expert testimony).<br><br>Mr. Bryce provides no factual support for his support for his opinion that Officer Bolan could have used his Taser or that would have been |

7

| | |
|---|---|
| | effective. Further, the opinion calls for a legal conclusion. |
| 21. Officer Bolan could have de-escalated the situation, below the level of using deadly force, including by using his Taser to cause Mr. Brafford to stop walking towards him with a knife in his hand.<br><br>**Bryce Decl ¶5.** | 21. Objection Improper expert opinion. Improper legal conclusion. Fed. R. Evid. 702, 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); *Burkhart v. Washington Metropolitan Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs*, 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (declaring that "unsupported |

8

| | |
|---|---|
| | speculation and subjective beliefs" cannot be a basis for expert testimony). |
| 22. The Taser is a less-lethal use of force and could be used as a deescalation tool to overcome resistance. The Taser is designed to cause neuromuscular incapacitation. Officer Bolan had the opportunity to use the Taser and failed to do so.<br><br>**Bryce Decl ¶5.** | 22. Objection. Improper expert opinion. Improper legal conclusion. Fed. R. Evid. 702, 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10,* 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); *Burkhart v. Washington Metropolitan Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs,* 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.,* 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.,* 254 F.3d 825, 829 (9th Cir. 2001) (declaring that "unsupported |

9

|  | speculation and subjective beliefs" cannot be a basis for expert testimony). |
|---|---|
| 23. According to the training, the Taser can be used effectively up to 25 feet away from the subject designed to cause neuromuscular incapacitation.<br><br>**Exh. A, Bolan Depo** at 21:21-22:13, 22:22-23:7. | 23. Undisputed. |
| 24. Officer Bolan never considered tactically handcuffing Brafford and waiting for backup to arrive.<br><br>**Exh. A, Bolan Depo** at 28:25-29:3. | 24. Undisputed. |
| 25. Officer Bolan stated that he walked backwards for approximately 75 feet in an encounter that lasted approximately 30 seconds.<br><br>**Exh. B, Bolan Statement** at 55:11, 63:13-14. | 25. Objection. Vague and mischaracterizes the statement in the document. Fed. R. Evid. 403.<br><br>In the document, Officer Bolan said he was 75 feet away but does not say he walked backward for 75 feet. The statement reads, "I'm probably 75 feet away or so." Dkt. 36-2, Plaintiff's Ex. 2, P. 12, Bolan Statement p. 55:11.)<br><br>Additionally, Officer Bolan does not say the entire encounter lasted 30 seconds. The statement is vague as to what time period the thirty seconds is referring to, however, it is the time period before plaintiff produced the knife.<br><br>The statement reads:<br><br>"I don't know long this occurred begore. Maye 20, 30 seconds or so. Contacted him before he produced the knife" Dkt. 36-2, Plaintiff's Ex. 2, p. 15, Bolan Statement p. 63:12-15. |
| 26. Officer Bolan never gave a verbal warning and did not even give a command | 26. Undisputed. |

10

| | |
|---|---|
| between hitting the curb and firing his shots.<br><br>**Exh. A, Bolan Depo** at 41:12-14, 50:7-9. | |
| 27. Officer Bolan had room to maneuver but chose not to and had cover available but chose not to use it.<br><br>**Exh. C, Bolan Video 1** at 00:15-00:42.<br><br>**Exh. D, Bolan Video 2** at 00:14-00:32.<br><br>**Exh. E, Cell Video** at 00:00-00:12.<br><br>**Exh. F, CAC Video** at 00:24-00:37.<br><br>**Bryce Decl ¶5** | 27. Objection. Lack foundation. Fed. R. Evid. 602. Improper expert opinion. Improper legal conclusion. Fed. R. Evid. 702, 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10,* 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); *Burkhart v. Washington Metropolitan Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs,* 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.,* 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.,* 254 F.3d 825, 829 |

| | |
|---|---|
| | (9th Cir. 2001) (declaring that "unsupported speculation and subjective beliefs" cannot be a basis for expert testimony).<br><br>Mr. Bryce provides no factual support for his opinion that Officer Bolan had available cover from a vehicle for the person advancing toward him with a knife. Further, to the extent he is simply viewing the videos, such opinion is not helpful to the trier of fact. |
| **Officer Bolan Intentionally Used Deadly Force** | |
| 28. Officers are trained that deadly force can only be used if there is an imminent or immediate threat of death or serious bodily injury.<br><br>**Exh. A, Bolan Depo** at 62:15-19.<br><br>**Bryce Decl** ¶¶6, 8; Penal Code Section 835a | 28. Undisputed |
| 29. "Imminent threat" means that the person must have the ability, opportunity, and apparent intent to immediately cause death or serious bodily injury.<br><br>**Exh. A, Bolan Depo** at 62:20-24.<br><br>**Bryce Decl** ¶¶6, 8; Penal Code Section 835a | 29. Objection. Calls for a legal conclusion. This is also not a genuine or material fact in dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986)<br><br>**Bryce Decl** ¶¶6, 8; Penal Code Section 835a Objection Improper Expert Opinion and Call for a Legal Conclusion<br><br>Expert testimony that usurps the role of the trial judge in constructing the jury as to the applicable law or applying the role of the facts to the case before it does not aid the jury because it attempts to substitute the expert's testimony for the jury. *Nimley v. City of New York,* 414 F.3d 381, 397 (2d. Cir. 2005). Expert witnesses are prohibited from drawing legal conclusions because to do so would interfere with the province of the trier of fact. *Nationwide Transp. Fin. v. Cass Info. Sys. Inc.,* 525 F.3d 1051, 1060 (9th Cir. 2008.) |
| 30. Fear of future harm, no matter how great the fear and no matter how likely the | 30. Objection. Calls for a legal conclusion. This is also not a genuine or material fact in |

12

| | |
|---|---|
| harm, is insufficient to use deadly force, it must be instantly confronted.<br><br>**Exh. A, Bolan Depo** at 63:17-22.<br><br>**Bryce Decl** ¶6; Penal Code Section 835a. | dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986)<br><br>**Bryce Decl** ¶¶6, 8; Penal Code Section 835a  Objection Improper Expert Opinion and Call for a Legal Conclusion<br><br>Expert testimony that usurps the role of the trial judge in constructing the jury as to the applicable law or applying the role of the facts to the case before it  does not aid the jury because it attempts to substitute the expert's testimony for the jury. *Nimley v. City of New York,* 414 F.3d 381, 397 (2d. Cir. 2005). Expert witnesses are prohibited from drawing legal conclusions because to do so would interfere with the province of the trier of fact. *Nationwide Transp. Fin. V. Cass Info. Sys. Inc.,* 525 F.3d 1051, 1060 (9th Cir. 2008.) |
| 31. "Totality of the Circumstances" as taught to police officers, means all facts known to the peace officer at the time, including the conduct of the officer and the subject leading up to the use of deadly force.<br><br>**Bryce Decl** ¶6; Penal Code Section 835a | 31. Objection calls for a legal conclusion. This is also not a genuine or material fact in dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986)<br><br>**Bryce Decl** ¶¶6 Penal Code Section 835a Objection Improper Expert Opinion and Call for a Legal Conclusion<br><br>Expert testimony that usurps the role of the trial judge in constructing the jury as to the applicable law or applying the role of the facts to the case before it  does not aid the jury because it attempts to substitute's the expert's testimony for the jury. *Nimley v. City of New York,* 414 F.3d 381, 397 (2d. Cir. 2005). Expert witnesses are prohibited from drawing legal conclusions because to do so would interfere with the province of the trier of fact. *Nationwide Transp. Fin. V. Cass Info. Sys. Inc.,* 525 F.3d 1051, 1060 (9th Cir. 2008.) |
| 32. Officers must justify every shot. | 32. Undisputed. |

13

| | |
|---|---|
| **Exh. A, Bolan Depo** at 63:23-25. | |
| 33. In his attempt, Officer Bolan states that he fired his weapon because he believed Brafford "closed the distance, and [] was an immediate threat to [his] safety."<br><br>**Exh. A, Bolan Depo** at 65:5-7. | 33. Undisputed, this is also included in Defendants' Undisputed Facts Numbers 14, 15 and 16. Joint Agreed fact 24 acknowledges Officer Bolan fired two weapons. |
| 34. Officer Bolan "tried to be" situationally aware but failed to be aware that he walked backwards into a curb.<br><br>**Exh. A, Bolan Depo** at 37:23-25, 38:6-9. | 34. Objection. Argumentative. Undisputed as to Officer Bolan's testimony. |
| 35. When Officer Bolan stepped into the planter, he lost balance and stumbled.<br><br>**Exh. A, Bolan Depo** at 39:16-25.<br><br>**Exh. E, Cell Video** at 00:00-00:12.<br><br>**Exh. F, CAC Video** at 00:24-00:37.<br><br>**JSUF ¶21.** | 35. This is duplicative of joint agreed statement 21. |
| 36. Only then did Officer Bolan fire two shots from his .40 caliber semi-automatic handgun striking Brafford twice in the chest.<br><br>**Exh. A, Bolan Depo** at 21:7-12, 41:15-17, 51:15-17, 56:24-57:3.<br><br>**JSUF ¶¶23-25.** | 36. Objection. Misstates testimony.<br><br>Joint agreed fact 25 states that Mr. Brafford was shot in the Torso. ECF 31-2, p.3.;<br><br>Dkt. 36-1, Plaintiff's Exhibit A, Bolan Depo. "Q: Did you notice any injuries on him after you shot him?<br>A: Yeah. Yes.<br>Q: Can you describe what you observed and where?<br>A: There were two bullet holes in his torso." Plaintiff's Exhibit A, Dkt. 36-1, p. 40-41, Bolan Depo., 56:24-57:3 |
| 37. Brafford fell on the parking lot surface, not in the planter.<br><br>**Exh. A, Bolan Depo** at 55:22-56:2. | 37. Undisputed. |

14

| | |
|---|---|
| 38. Brafford fell forward to his knees and then to his side and Officer Bolan pulled Brafford to lay him flat.<br><br>**Exh. A, Bolan Depo** at 62:10-14.<br><br>**Exh. E, Cell Video** at 00:00-00:30.<br><br>**Exh. F, CAC Video** at 00:24-01:00. | 38. Undisputed. |
| 39. Officer Bolan had no physical injuries related to this incident and no rips or tears in his uniform.<br><br>**Exh. A, Bolan Depo** at 20:24-21:3. | 39. Undisputed. |
| **Brafford Was Not An Immediate Threat of Death of Serious Bodily Injury** | |
| 40. Officer Bolan was 6 foot and 190 pounds with 15 years of experience as a CHP officer.<br><br>**Exh. A, Bolan Depo** at 7:17-20, 8:11-15.<br><br>**JSUF ¶22.** | 40. Undisputed. |
| 41. Officer Bolan had never seen Brafford before and knew nothing about his background.<br><br>**Exh. A, Bolan Depo** at 30:3-6. | 41. Undisputed. |
| 42. However, Officer Bolan understood that the Jeep was clear of wants and warrants.<br><br>**Exh. A, Bolan Depo** at 19:16-20:2. | 42. Objection, misstates document, calls for speculation. Irrelevant. Fed. R. Evid. 401, 402, 403, 602. Not a genuine or material factual dispute. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001); *Anderson v. Liberty Lobby Inc,* 477 U.S. 242, 247-251 (1986) |
| 43. Officer Bolan knew Brafford had a head injury with a welt and dried blood on Brafford's head.<br><br>**Exh. A, Bolan Depo** at 29:18-22. | 43. Objection, vague and ambiguous as to the term head injury and to the extent it calls for a medical opinion it lacks foundation and calls for an expert opinion. Fed. R. Evid. 602, 701, 702. |

15

| | |
|---|---|
| **Exh. B, Bolan Statement** at 45:10-11. | Undisputed Officer Bolan observed a welt and dried blood. |
| 44. Brafford never verbally threatened to harm Officer Bolan.<br><br>**Exh. A, Bolan Depo** at 34:20-21. | 44. Undisputed. |
| 45. Brafford never attempted to punch, kick, or tackle Officer Bolan.<br><br>**Exh. A, Bolan Depo** at 34:22-35:2. | 45. Undisputed. |
| 46. Brafford never attempted to attack Officer Bolan with the knife, never charged Officer Bolan, never raised the knife up, and never tried to stab Officer Bolan with the knife.<br><br>**Exh. A, Bolan Depo** at 35:21-36:1. | 46. Undisputed. |
| 47. Brafford never raised the knife up to his chest or shoulder or over his head, never attempted to throw the knife, and never made a stabbing motion towards Officer Bolan.<br><br>**Exh. A, Bolan Depo** at 42:19-21, 54:20-25. | 47. Undisputed. |
| 48. The 3.5" blade knife was down by Brafford's side in a natural walking motion, including when the shots were fired.<br><br>**Exh. A, Bolan Depo** at 41:18-20, 42:9-11, 54:5-9, 54:16-19<br><br>**JSUF** ¶16. | 48. Objection vague and ambiguous, mischaracterizes testimony.<br><br>It is undisputed that the blade was in Brafford's right hand with the blade outstretched near his side and he was walking toward Officer Bolan. However, the testimony does not support plaintiff's factual assertion.<br><br>ECF 36-1, P. 36 Plaintiff's Ex. A, Bolan Depo. p. 31:1-18: |

16

| | |
|---|---|
| | "Q: When you fired your shots, was the right – the knife still in his right hand, down by his side?<br>A: I'm not sure. I know the blade is extended outwards, you know. So if he wants to reach and touch me the blade is going to be there.<br>Q: Do you know specifically where the knife was when you fired your shots?<br>A: I'd have to see the video.<br>Q: Do you have a specific recollection of where the knife was immediately before you fired?<br>A: I want to say somewhere close to his side. But again, I'm not sure exactly where it would have been.<br>Q: Do you recall ever seeing the knife when he was walking towards you, anywhere other than down by his right side.<br>A: It's moving as he's walking. So, I mean, it's you know, in your normal, swing of your arms. So I'm not sure how to answer that." |
| 49. Officer Bolan never attempted to take cover, despite cover being available.<br><br>**Exh. A, Bolan Depo** at 36:2-7. | 49. Objective, argumentative lacks foundation that there was cover availability. |
| 50. Brafford did not close the distance on Officer Bolan, instead Officer Bolan chose to maintain the distance between him and Brafford instead of increasing the distance.<br><br>**Exh. A, Bolan Depo** at 35:15-20. Officer Bolan estimates that Brafford was 8-10 feet away when he first grabbed the knife.<br><br>**Exh. A, Bolan Depo** at 36:13-18, 52:18-22. Officer Bolan estimates that he maintained 8-10 feet distance from Brafford as he backed away.<br><br>**Exh. A, Bolan Depo** at 60:7-23. Brafford paused while walking when he turned to look at bystanders and instead of maintaining his pace when Brafford slowed down, which would increase the distance, Officer Bolan would wait | 50. Objection, vague as to time. |

17

| | |
|---|---|
| for Brafford to step forward before continuing to maintain the distance backwards.<br><br>**Exh. B, Bolan Statement** at 68:18-21. | |
| 51. Brafford never ran, lunged, charged, lunged, or moved fast towards Officer Bolan but instead was moving slowly and appeared to slow down in the moments prior to the use of deadly force.<br><br>**Exh. C, Bolan Video 1** at 00:15-00:42.<br><br>**Exh. D, Bolan Video 2** at 00:14-00:32.<br><br>**Exh. E, Cell Video** at 00:00-00:12.<br><br>**Exh. F, CAC Video** at 00:24-00:37.<br><br>**Bryce Decl** ¶6. | 51. Objection. Lack of foundation, Improper expert opinion. Fed. R. Evid. 602.<br><br>Improper expert opinion, Improper legal conclusion. Fed. R. Evid. 702, 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); *Burkhart v. Washington Metropolitan Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs*, 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 |

18

| | |
|---|---|
| | U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (declaring that "unsupported speculation and subjective beliefs" cannot be a basis for expert testimony). |
| 52. Still, Officer Bolan continued backwards as he stumbled into the planter. **Exh. A, Bolan Depo** at 40:22-41:3. | 52. Undisputed that Officer Bolan was walking backward when he stumbled into the planter. |
| 53. Additionally, it appears from the investigation record and videos that there was over 10 feet between Officer Boland to Brafford when Officer Bolan used deadly force. **Exh. A, Bolan Depo** at 36:13-18 (parking stall is 8-10 feet wide). **Exh. C, Bolan Video 1** at 00:15-00:42 (appearing to be over 10 feet and Bolan stated that he maintained that distance). **Exh. D, Bolan Video 2** at 00:14-00:32 (appearing to be over 10 feet and Bolan stated that he maintained that distance). **Exh. E, Cell Video** at 00:00-00:12 (appearing to be over 10 feet and Bolan stated that he maintained that distance); at 00:09 – Brafford is last seen in video prior to the shots, not in the parking stall approximately 17 or more feet away from where Bolan was at the time of the shots; at 00:12 – Bolan fired shots appearing to be further north and west of the light pole in the planter). **Exh. F, CAC Video** at 00:24-00:37. | 53 Objection. Calls for speculation, lacks foundation improper expert opinion. Fed. R. Evid. 602. Plaintiffs provide no evidence to support their measurements from the video. Expert Bryce is not qualified to provide such measurements and there is no basis for the measurements. . **Objection: Bryce Decl. Paragraph 9** . Improper expert opinion. Improper legal conclusion. Fed. R. Evid. 702, 703. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059-1060 (9th Cir. 2008) (excluding expert opinion that party's conduct was "wrongful"); *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of legal opinions by expert in declaration); |

19

| | |
|---|---|
| **Bryce Decl** ¶9. | *Burkhart v. Washington Metropolitan Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert' called a judge . . . ."). Accordingly, a purported expert's opinion in a 42 U.S.C. section 1983 case that a police officer's conduct was unreasonable, not "justified under the circumstances," not "warranted under the circumstances," and "totally improper" is inadmissible. *Hygh v. Jacobs,* 961 F.2d 359, 365 (2nd Cir. 1992); explanation or analysis. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "'An expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial and are 'inappropriate material for consideration on a motion for summary judgment.'" *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181, n. 4 (9th Cir. 2010) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2nd Cir. 2008)); *see also Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (declaring that "unsupported speculation and subjective beliefs" cannot be a basis for expert testimony). |
| 54. Officer Bolan recognized Brafford as displaying behavior that was consistent with a person suffering from a mental health crisis.<br><br>**Exh. B, Bolan Statement** at 71:22-72:23. | 54. Objection misstates statement. |

20

Dated: April 23, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendants State of California
by and through California Highway Patrol
and Michael Bolan*

SA2024305317
39792333.docx

21